IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ***In re Ezra Ishmael Young*****,** | § | |
| | § | **Case No. 26-10436** |
| **Appellant.** | § | |

## MR. YOUNG'S CORRECTED UNOPPOSED MOTION TO VIEW AND OBTAIN SEALED RECORDS, SUPPLEMENT THE RECORD ON APPEAL, AND EXTEND TIME TO FILE A SUFFICIENT BREIF

The undersigned respectfully moves this Circuit supplement the record on appeal by granting him electronic access to documents sealed in the Northern District of Texas and adding materials stricken by the District Court as further described in this motion. Lastly, Young asks for scheduling relief to file a sufficient brief with citations keyed to the supplemented record.

## BACKGROUND

This interlocutory appeal is a spin-off of Professor Cheryl Butler's suit challenging denial of tenure by SMU Law. At this time, there are live claims against individuals whom Butler alleges defamed her. This branch of Butler's case seeks to redress abuses of power and discretion

committed by the Honorable Judge Ada Brown of the Northern District of Texas.

To fairly apprise this Circuit of those issues, the undersigned requires appellate relief to supplement the record on appeal. To explain what is missing and why, a copy of the Northern District's docket sheet as pulled from the undersigned's Pacer account is appended as **Exhibit 1**. For matters that already appear in the record on appeal as presently constituted, references are made in the standard ROA.X format.

***Prior Appeals***

To refresh, in June 2025, this Circuit overruled the Northern District's dismissal of Professor Butler's tort claims. *Butler v. Collins et al.*, No. 23-10072, 2025 WL 1753612 (5th Cir. June 25, 2025). This Circuit declined to order reassignment, but its mandate directs Judge Ada Brown to consider whether her recusal is necessary. *Id.* at *4.

In November 2025, Judge Brown show caused the undersigned threatening to revoke his admission pro hac vice because he filed a Rule 56(d) motion in March 2022 seeking production of Professor Butler's tenure box—key proof to her discrimination as well as tort claims. ROA.3203–16. On November 26, 2025, before briefing on the show cause

order was complete, and on the evening Butler's recusal motion was due, Judge Brown summarily revoked the undersigned's admission. Exhibit 1 at 333 (ECF No. 211).

In early December 2025, the undersigned filed a writ of mandamus to this Circuit styled as *In re Cheryl Butler*, No. 25-11324 (5th Cir. filed Dec. 4, 2025). That matter grieved improprieties by Judge Brown and alerted this Circuit to likely retaliation against the undersigned because he vindicated Butler's rights on appeals, the suspicion that the undersigned's admission was revoked to torpedo Butler's motion to recuse, and pointed out that the presiding judge had sua sponte moved to seal judicial records in what appeared to be a calculated effort to hide grounds requiring recusal from the public. This Circuit invited Judge Brown to respond to the writ, which she declined. However, Judge Brown issued a notice below while the writ was pending which provides post hoc justifications for revoking the undersigned's admission (Young Notice). *See generally* ROA.3237–3243. On February 4, 2026, this Circuit summarily denied the writ. *In re Cheryl Butler*, No. 25-11324, ECF No. 66 (5th Cir. Feb. 4, 2026).

***Events Giving Rise to this Appeal***

In early March 2026, Judge Brown sua sponte struck Butler's motion to recuse and the accompanying appendix citing the Young Notice. The materials struck appeared below as ECF Nos. 212 and 214. *See* Exhibit 1 at 33 (ECF Nos. 212 and 214). The summary order striking them appeared below as ECF No. 225. *Id.* at 35 (ECF No. 225).

In late April 2026, Judge Brown sua sponte issued a show cause order against the undersigned, this time charging that Young's personal website, www.ezrayoung.com, which hosts copies of the writ of mandamus and its supporting appendix, violated Judge Brown's November 2025 sealing orders. (ROA.3295–96). No legal explanation of that violation was posited. And, inexplicably, the show cause order attached partial trial transcripts from a November 2017 jury trial Young handled in the Western District of Oklahoma. ROA.3309–22. Again, Judge Brown ordered Young to file all responses under seal. ROA.3296.

Later that day on April 22, 2026, Young filed a letter informing the Northern District of other obligations that made it difficult for Young to travel to Dallas for an in person hearing which included his own health problem and caregiving responsibilities for a mentor with dementia who

is living with him. Exhibit 1 at 35 (ECF No. 230). On April 23, 2026, Young filed a formal response to the show cause order. *Id.* at 35–36 (ECF No. 232).

On April 24, 2026, a nearly three hour in person show cause hearing was held by Judge Brown in Dallas, Texas. A redacted version of the transcript appears below at ECF No. 257 (Exhibit 1 at 38).

In late April and early May 2026, the undersigned filed letters and notices under seal, as directed by Judge Brown, pertaining to the show cause hearing. They appear at Exhibit 1 at 35–37 (ECF Nos. 230, 232, 235, 238).

In late April, Judge Brown filed two sets of papers which are incomplete and which appear to have been modified. The first is a "witness declaration" made by Judge Brown which appeared below as ECF No. 236 at and appended a five-page exhibit of an email described as a threat from Judge Brown's former veterinarian which purportedly relates to an unrelated case presided over by Judge Brown which is

presently on appeal to this Circuit.[1] The second is a set of partial court exhibits presented to the undersigned during the show cause hearing docketed at ECF No. 237. Both appear at Exhibit 1 at 36.

Both were repeatedly modified at Judge Brown's direction as reflected on the docket sheet provided. The declaration was modified on April 28, May 1, and May 29, 2026. Exhibit 1 at 36 (ECF No. 236). In pertinent part, Judge Brown removed the veterinarian's email which supposedly was the premise of the presiding judge fearing harassment of herself and her staff, which was the primary justification for Judge Brown altering some but not all hearing exhibits.[2] The show cause

---

[1] The email criticizes the criminal sentence imposed by Judge Brown in *United States v. Dolly Patterson*, 2:24-cv-70-E-1 (N.D. Tex.). That matter is presently on appeal to this Circuit, styled as *United States v. Patterson*, No. 25-11125 (5th Cir.).

[2] The last modified version of the hearing exhibits appear at ROA.3337–89. No version of those exhibits is complete to the undersigned's recollection. Some exhibits were hundreds of pages long at the hearing, but only a couple pages were docketed. Some exhibits appear to have been marked up by Judge Brown *after the hearing*. The Court did not allow Young to keep copies of the exhibits presented at the hearing. And the court reporter, Ms. Barr, indicated via email that she does not have any copies of the exhibits from the hearing.

hearing exhibits were modified on April 28, June 18, June 19, June 22, and June 24, 2026. Exhibit 1 at 35, 38 (ECF Nos. 237, 256, 258).

On May 4, 2026, Judge Brown sua sponte sealed the entirety of the hearing transcript on the pretense that it contained identifying information of a victim of sexual assault and otherwise posed national security concerns (ROA.3390–93).

On May 6, 2026, the undersigned noticed this appeal (ROA.3394). Later that month the undersigned filed a misconduct complaint against Judge Brown. On July 14, 2026, the Northern District dispatched the record on appeal, but the version available to the undersigned is missing several entries.

***Relevant Previous Rulings from this Circuit***

In June 2026, the undersigned moved to have the hearing transcript unsealed for the purposes of citing to it on appeal. That motion was summarily denied on June 25, 2026 at Doc. 26.

In early August 2026, in advance of filing a merits brief and record excerpts, Young called the Clerk's office and was advised that if he

needed to cite materials that do not appear in the record on appeal to cite them using the ECF Nos. on Northern District's docket sheet.

On August 18, 2026, Young filed his brief and record excerpts. The brief was deemed deficient because it used ECF Nos. rather than ROA citations for missing materials. Separately, the record excerpts were deemed deficient because the undersigned miscalculated the number of pages permitted of nonrequired materials—specifically the partial exhibits presented at the show cause hearing.

Upon conferral with Case Management Clerk Ms. Rebecca Jeanfreau, the undersigned is aware of the following omissions from the electronic record on appeal:

| ECF No. | Accessible to this Circuit | Accessible to Young |
| --- | --- | --- |
| 207 | Y | N |
| 212[3] | N | N |
| 214[4] | Y | N |
| 230 | Y | N |
| 232 | Y | N |
| 235 | Y | N |
| 238 | Y | N |
| 241 | N[5] | N |
| 257 | N | N[6] |

Presently, Youngs sufficient brief is due September 3, 2026. It is his understanding that if he timely files the instant sufficient motion, a new deadline for filing a sufficient brief is triggered.

[3] Struck by Judge Brown in March 2026.

[4] Struck by Judge Brown in March 2026.

[5] As per Ms. Jeanfreau, this Circuit only has a paper copy of this transcript.

[6] Young has a copy of this redacted transcript from Pacer, but this Circuit apparently only has a hard unredacted copy as filed below at ECF No. 241.

## ARGUMENT

### I. PERMISSION TO VIEW THE FULL RECORD ON APPEAL.

The undersigned respectfully requests access to view portions of the electronic record sealed by the Northern District below. Specifically, he asks for access to documents marked below as ECF Nos. 207, 230, 232, 235, 238, and 241.

Young's proposed brief was rejected because, for documents Young could not view electronically in the record on appeal, it cited to files by ECF Nos. as they appeared on the district court's docket. To cure that default, Young asks that the Circuit give him electronic access to view the portions of the record on appeal that include ECF Nos. 207, 230, 232, 235, 238, and 241.

If possible, Young also asks for clarification as to whether matters sealed below are supposed to be sealed on appeal. To Young's understanding, this Circuit presumes that all judicial records are public, even those sealed by a district court, once appeal is taken. *See, e.g.*, *BP Exploration & Production, Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (Costa, J.) ("Our court has a strong presumption of

public access to our court's records, and the court scrutinizes any request by a party to seal . . . Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appeal.").

## II. PERMISSION TO SUPPLEMENT THE RECORD ON APPEAL.

The undersigned also seeks leave to supplement the record on appeal with Butler's motion to recuse and accompanying appendix, both of which were stricken by Judge Brown but are pertinent to this interlocutory appeal.

After this case was remanded, Judge Brown struck Butler's motion to recuse, then purported to show cause Young for hosting a copy of his and Butler's mandamus filings on his personal website which contained the struck filings in appendices. Young's brief necessarily contained references to these materials. But this Circuit does not have copies of the struck filings in this branch of the case's record.

With respect to the stricken motion to recuse and accompanying appendix filed below, those materials already appear on this Circuit's public docket for the mandamus action and remain to this day accessible on the undersigned's personal website at https://www.ezrayoung.com/legal-work. The motion appears in Appendix 1 at 126–59 and appendix appear in Appendix 2 at pages 1–211.

Young respectfully suggests that this Circuit supplement the record on appeal with the stricken documents attached as Exhibit 2 (ECF No. 212) and Exhibit 3 (ECF No. 214). As well as the redacted hearing transcript attached as Exhibit 4 (ECF No. 257).

## III. EXTENSION OF TIME TO COMPLY

Lastly, the undersigned seeks scheduling relief to comply with whatever relief this Circuit deems fit to grant him pursuant to this motion. The sufficient brief deadline was last scheduled as September 3, 2026. However, the clerk's office instructed Young to comply with the insufficient motion notice, which upon curing, would trigger a new sufficient brief deadline.

The undersigned anticipates that at most he would change the record citations within it and correct the table of contents as necessary. He does not anticipate any change in law that would require modifications of anything of substance. (All issues appear to him to be well-settled, and Young is aware of no pending case in this Circuit or at the Supreme Court that would touch them.) Separately, he already made corrections for which no relief is necessary (e.g., correcting spelling and the case caption and correcting the table of authorities). If all the relief sought in this motion is granted, the undersigned estimates a few hours' time will be necessary to input the new references to the electronic record and modify the table of contents.

Under the unique circumstances of this case, Young believes this Circuit should choose an appropriate period for him to comply with whatever relief is granted. Judge Brown has stayed the matter below sua sponte pending resolution of this appeal. While Young has an interest resolving this matter promptly, he understands that given the unique circumstances of this matter this Circuit and its staff may well desire time to consider appropriate options.

Dated: September 14, 2026

Respectfully submitted,

/s/ Ezra Young
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, New York 14850
Telephone: (949) 291-3185

*On His Own Behalf*

## CERTIFICATE OF SERVICE

I certify that on September 14, 2026, I electronically filed the foregoing Motion using the Court's CM/ECF system, which constitutes service under the Court's rules.

/s/ Ezra Young
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG

*On His Own Behalf*

## CERTIFICATE OF COMPLIANCE

This Motion complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding parts exempted by Fed. R. App. P. 32(f), this document contains 2230 words. This Motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in proportionally spaced serif typeface using Microsoft Word 365 in 14-point Century front. This document was scanned for viruses. Additionally, all required privacy redactions have been made in accordance with Fed. R. App. P. 25(a)(5) and 5th Cir. R. 25.2.13.

/s/ Ezra Young____________
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG

*On His Own Behalf*

# Exhibit 1

ADR,APPEAL,EXH-ADM,JURY

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:18-cv-00037-E

Butler v. Collins et al
Assigned to: Judge Ada Brown
Case in other court: USCA5, 23-10072
USCA5, 26-10436
193rd Judicial District Dallas County TX, DC-17-10420
Cause: 42:1981 Civil Rights

Date Filed: 01/05/2018
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment
Jurisdiction: Federal Question

**Plaintiff**

**Cheryl Butler** represented by

**Brian P Sanford**
Brian P Sanford PC
2711 Hibernia Street
Dallas, TX 75204
469-361-9111
Fax: 214-919-0113
Email: bsanford@sanfordfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Alfonso Kennard**
Kennard Law PC
5120 Woodway Drive, Suite 10010
Houston, TX 77056
713-742-0900
Email: Filings@kennardlaw.com
*TERMINATED: 08/13/2018*
*Bar Status: Admitted/In Good Standing*

**Andrew A Dunlap**
Andrew Dunlap Attorneys PLLC
6565 North McArthur Blvd Ste 140
Irving, TX 75039-2478
972-807-6257
Fax: 214-614-5160
Email: aadunlapesq@gmail.com
*TERMINATED: 11/17/2025*
*Bar Status: Admitted/In Good Standing**

**Elizabeth Jane Sanford**
The Sanford Firm
2711 Hibernia Street

Dallas, TX 75204
469-361-9122
Email: esanford@sanfordfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Ezra Ishmael Young**
Law Office of Ezra Young
210 North Sunset Drive
Ithaca, NY 14850
949-291-3185
Email: ezra@ezrayoung.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Gabrielle Ogechukwu Ilochi**
The Ilochi Law Firm
11601 Shadow Creek Pkwy, #111-325
Pearland, TX 77584
713-487-9072
Email: gabrielle@ilochilaw.com
*TERMINATED: 11/19/2019*
*Bar Status: Admitted/In Good Standing*

**John L Green**
John L Green, Attorney at Law
4888 Loop Central Dr
Suite 445
Houston, TX 77081
713-660-7400
Fax: 713-660-9921
Email: jlgreen488@aol.com
*TERMINATED: 06/23/2026*
*Bar Status: Admitted/In Good Standing*

**Kenneth Royce Barrett**
KRB Law
3740 Greenbriar #541873
Houston, TX 77254
281-433-0837
Fax: 346-980-4615
Email:
KennethRoyceBarrettLaw@Yahoo.com
*TERMINATED: 10/10/2018*
*Bar Status: Admitted/In Good Standing*

**Laura Araceli Hernandez**
Seyfarth Shaw LLP
700 Milam St
Houston, TX 77002-2812

713-238-1803
Fax: 713-821-0705
Email: lahernandez@seyfarth.com
*TERMINATED: 11/19/2019*
*Bar Status: Admitted/In Good Standing*

**Sean M Miller**
TB Robinson Law Group PLLC
7500 Felipe, Suite 800
Houston, TX 77063
713-568-1723
Fax: 713-965-4288
*TERMINATED: 11/19/2019*
*Bar Status: Not Admitted*

**Terrence Bouvier Robinson**
TB Robinson Law Group PLLC
7500 San Felipe Street
Suite 800
Houston, TX 77063
713-568-1723
Fax: 713-965-4288
Email: trobinson@tbrobinsonlaw.com
*TERMINATED: 11/19/2019*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Jennifer M Collins** represented by

**Aaron S Nava**
Troutman Pepper Locke LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
214-740-8370
Fax: 214-756-8370
Email: aaron.nava@troutman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
Maynard Nexsen PC
4141 Parklake Avenue
Suite 200
Raleigh, NC 27612
919-678-7593
Email: bblinn-
spears@maynardnexsen.com

*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
K&L Gates LLP
2828 N Harwood Street
Suite 1800
Dallas, TX 75201
214-939-5688
Email: chris.brown@klgates.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
DLA Piper LLP (US)
1900 North Pearl Street
Suite 2200
Dallas, TX 75201
214-743-4500
Fax: 214-743-4545
Email: cristina.torres@dlapiper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**
Arcadi Jackson LLP
2911 Turtle Creek Blvd
Suite 800
Dallas, TX 75219
214-865-6458
Fax: 214-865-6522
Email: john.farrell@arcadijackson.com
*TERMINATED: 05/01/2018*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
DLA Piper, LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
214-743-4506
Fax: 214-665-5990
Email: kim.askew@dlapiper.com
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
DLA Piper LLP (US)
1900 N. Pearl Street
Suite 220
Dallas, TX 75201

214-743-4500
Fax: 214-743-4545
Email: mallory.biblo@us.dlapiper.com
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
Vartabedian Katz Hester & Haynes LLP
2200 Ross Avenue
Ste 5000
Dallas, TX 75201
214-420-6647
Email: maria.garrett@vkhh.com
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
Troutman Pepper Locke
2200 Ross Avenue
Ste 2800
Dallas, TX 75201
214-740-8629
Email: robin.shaughnessy@troutman.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Steven C. Currall** represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**

(See above for address)
*TERMINATED: 05/01/2018*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Roy P. Anderson** represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**
(See above for address)
*TERMINATED: 05/01/2018*

*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Anthony Colangelo**
*TERMINATED: 11/21/2018*

**Defendant**

**Mary Spector**
*TERMINATED: 11/21/2018*

**Defendant**

**Julie P. Forrester** represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Linda Eads**
*TERMINATED: 11/21/2018*

**Defendant**

**C. Paul Rogers**
*TERMINATED: 11/21/2018*

**Defendant**

**Elizabeth G. Thornburg**
*TERMINATED: 11/21/2018*

**Defendant**

**Jessica Dixon Weaver**
*TERMINATED: 11/21/2018*

**Defendant**

**George A. Martinez**
*TERMINATED: 11/21/2018*

**Defendant**

**Ndiva Kofele-Kale**
*TERMINATED: 11/21/2018*

**Defendant**

**John Lowe**
*TERMINATED: 11/21/2018*

**Defendant**

**Samantha Thomas**
*TERMINATED: 11/21/2018*

**Defendant**

**Rhonda Ice Adams**
*TERMINATED: 11/21/2018*

**Defendant**

**Carolyn Hernandez**
*TERMINATED: 11/21/2018*

**Defendant**

**Harold Stanley** represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**
(See above for address)
*TERMINATED: 05/01/2018*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
(See above for address)

*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Paul Ward** represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**
(See above for address)
*TERMINATED: 05/01/2018*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**R. Gerald Turner**
*TERMINATED: 11/21/2018*

**Defendant**

**Southern Methodist University**
*TERMINATED: 03/19/2026*

represented by **Aaron S Nava**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bridget A Blinn-Spears**
(See above for address)
*TERMINATED: 01/08/2019*
*Bar Status: Admitted/In Good Standing*

**Christopher A Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cristina Iliana Torres**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John M Farrell**
(See above for address)
*TERMINATED: 05/01/2018*
*Bar Status: Admitted/In Good Standing*

**Kim J Askew**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Mallory T. Biblo**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Maria Garrett**
(See above for address)
*TERMINATED: 12/01/2025*
*Bar Status: Admitted/In Good Standing*

**Robin G Shaughnessy**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Defendant**

**Gerald L Turner**
*TERMINATED: 11/21/2018*

V.

**Respondent**

**Mr. Ezra Ishmael Young**
210 North Sunset Drive
Ithaca, NY 14850
9492913185

represented by **Ezra Ishmael Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Mediator**

**ADR Provider**

represented by **Deborah G Hankinson**
Hankinson PLLC
3838 Oak Lawn Ave., Suite 1000
Dallas, TX 75219
United Sta
214-754-9185
Fax: 214-754-9140
Email: deborah@dhankinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2018 | 1 | NOTICE OF REMOVAL WITH JURY DEMAND from 193rd Judicial District Court Dallas County, case number DC-17-10420 filed by Roy P. Anderson, Steven C. Currall, Paul Ward, Jennifer M Collins, Southern Methodist University. (Filing fee $400; receipt number 0539-8902095) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) A-1, # 3 Exhibit(s) A-2, # 4 Exhibit(s) A-3, # 5 Exhibit(s) A-4, # 6 Exhibit(s) A-5, # 7 Exhibit(s) A-6, # 8 Exhibit(s) A-7, # 9 Exhibit(s) A-8, # 10 Exhibit(s) A-9, # 11 Exhibit(s) A-10, # 12 Exhibit(s) A-11, # 13 Exhibit(s) A-12, # 14 Exhibit(s) A-13, # 15 Exhibit(s) A-14, # 16 Exhibit(s) A-15, # 17 Exhibit(s) A-16, # 18 Exhibit(s) A-17, # 19 Exhibit(s) A-18, # 20 Exhibit(s) A-19, # 21 Exhibit(s) A-20, # 22 Exhibit(s) A-21, # 23 Exhibit(s) A-22, # 24 Exhibit(s) A-23, # 25 Exhibit(s) A-24, # 26 Exhibit(s) A-25, # 27 |

| | | |
|---|---|---|
| | | Exhibit(s) A-26, # 28 Exhibit(s) A-27, # 29 Exhibit(s) A-28, # 30 Exhibit(s) A-29, # 31 Exhibit(s) A-30, # 32 Exhibit(s) A-31, # 33 Exhibit(s) A-32, # 34 Exhibit(s) A-33, # 35 Exhibit(s) A-34, # 36 Exhibit(s) A-35, # 37 Exhibit(s) A-36, # 38 Exhibit(s) A-37, # 39 Exhibit(s) A-38, # 40 Exhibit(s) A-39, # 41 Exhibit(s) A-40, # 42 Exhibit(s) A-41, # 43 Exhibit(s) A-42, # 44 Exhibit(s) A-43, # 45 Exhibit(s) A-44, # 46 Exhibit(s) A-45, # 47 Exhibit(s) A-46, # 48 Exhibit(s) A-47, # 49 Exhibit(s) A-48, # 50 Exhibit(s) A-49, # 51 Exhibit(s) A-50, # 52 Exhibit(s) A-51, # 53 Exhibit(s) A-52, # 54 Exhibit(s) A-53, # 55 Exhibit(s) A-54, # 56 Exhibit(s) A-55, # 57 Exhibit(s) A-56, # 58 Exhibit(s) A-57, # 59 Exhibit(s) A-58, # 60 Exhibit(s) A-59, # 61 Exhibit(s) A-60, # 62 Exhibit(s) A-61, # 63 Exhibit(s) A-62, # 64 Exhibit(s) A-63, # 65 Exhibit(s) B, # 66 Exhibit(s) C, # 67 Exhibit(s) D, # 68 Exhibit(s) E, # 69 Cover Sheet, # 70 Cover Sheet Supplement) (Askew, Kim) (Entered: 01/05/2018) |
| 01/05/2018 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Paul Ward. (Askew, Kim) (Entered: 01/05/2018) |
| 01/05/2018 | 3 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Stickney). Clerk to provide copy to plaintiff if not received electronically. (ndt) (Entered: 01/05/2018) |
| 01/08/2018 | 4 | This case was identified for conflict checking, and Chief Judge Barbara M.G. Lynn confirms recusal is requested. Pursuant to instruction in Special Order 3-249, the Clerk has randomly reassigned the case to Judge Sam A Lindsay for all further proceedings. Future filings should indicate the case number as: 3:18cv37-L. (lrl) (Entered: 01/08/2018) |
| 02/07/2018 | 5 | Motion to Dismiss for Failure to State a Claim filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward Attorney Kim J Askew added to party Harold Stanley(pty:dft) (Askew, Kim) (Entered: 02/07/2018) |
| 02/07/2018 | 6 | Brief/Memorandum in Support filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward re 5 Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) A-1, # 3 Exhibit(s) A-2, # 4 Exhibit(s) A-3, # 5 Exhibit(s) A-4, # 6 Exhibit(s) A-5, # 7 Exhibit(s) A-6, # 8 Exhibit(s) A-7, # 9 Exhibit(s) A-8, # 10 Exhibit(s) A-9, # 11 Exhibit(s) B) (Askew, Kim) (Entered: 02/07/2018) |
| 02/08/2018 | 7 | NOTICE of *Consent to Removal* re: 1 Notice of Removal filed by Harold Stanley (Askew, Kim) (Entered: 02/08/2018) |
| 02/28/2018 | 8 | RESPONSE filed by Cheryl Butler re: 5 Motion to Dismiss for Failure to State a Claim (Kennard, Alfonso) (Entered: 02/28/2018) |
| 02/28/2018 | 9 | Brief/Memorandum in Support filed by Cheryl Butler re 8 Response/Objection *Defendants' Motion to Dismiss* (Kennard, Alfonso) (Entered: 02/28/2018) |
| 03/09/2018 | 10 | ORDER REASSIGNING CASE. Case reassigned to Judge Karen Gren Scholer for all further proceedings per Special Order 3-318. (Ordered by Chief Judge Barbara M.G. Lynn on 3/8/2018) (chmb) (Entered: 03/12/2018) |

| | | |
|---|---|---|
| 03/14/2018 | 11 | REPLY filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward re: 5 Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit(s) A) (Askew, Kim) (Entered: 03/14/2018) |
| 03/19/2018 | 12 | AMENDED COMPLAINT against All Defendants filed by Cheryl Butler. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E) (Kennard, Alfonso) (Entered: 03/19/2018) |
| 03/28/2018 | 13 | NOTICE of *ATTORNEY'S CHARGING LIEN* filed by Alfonso Kennard (Kennard, Alfonso) (Entered: 03/28/2018) |
| 04/02/2018 | 14 | First MOTION to Substitute Attorney, added attorney Kenneth Royce Barrett,Kenneth Royce Barrett for Cheryl Butler. Motion filed by Cheryl Butler (Attachments: # 1 Proposed Order)Attorney Kenneth Royce Barrett added to party Cheryl Butler(pty:pla) (Barrett, Kenneth) (Entered: 04/02/2018) |
| 04/02/2018 | 15 | Motion to Dismiss for Failure to State a Claim filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward (Attachments: # 1 Exhibit(s))Attorney Bridget A Blinn-Spears added to party Julie P. Forrester(pty:dft) (Blinn-Spears, Bridget) (Entered: 04/02/2018) |
| 04/02/2018 | 16 | Brief/Memorandum in Support filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward re 15 Motion to Dismiss for Failure to State a Claim (Blinn-Spears, Bridget) (Entered: 04/02/2018) |
| 04/02/2018 | 17 | ANSWER to 12 Amended Complaint,, filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Blinn-Spears, Bridget) (Entered: 04/02/2018) |
| 04/22/2018 | 18 | Unopposed MOTION to Extend Time to Respond to the Motion to Dismiss filed by Cheryl Butler (Attachments: # 1 Proposed Order Proposed Order) (Barrett, Kenneth) (Entered: 04/22/2018) |
| 04/23/2018 | 19 | ORDER granting 18 Motion to Extend Time. Plaintiff's deadline for replying to the Motion to Dismiss is extended from 4/23/2018 to 5/1/2018. (Ordered by Judge Karen Gren Scholer on 4/23/2018) (aaa) (Entered: 04/23/2018) |
| 05/01/2018 | 20 | NOTICE of *Withdrawal of John Farrell* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward (Blinn-Spears, Bridget) (Entered: 05/01/2018) |
| 05/02/2018 | 21 | RESPONSE filed by Cheryl Butler re: 15 Motion to Dismiss for Failure to State a Claim (Barrett, Kenneth) (Entered: 05/02/2018) |

| | | |
|---|---|---|
| 05/03/2018 | 22 | First MOTION to Extend Time to Accept Late-Filed Response to Motion to Dismiss filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Barrett, Kenneth) (Entered: 05/03/2018) |
| 05/10/2018 | 23 | ORDER granting 22 First MOTION to Extend Time to Accept Late-Filed Response to Motion to Dismiss. (Ordered by Judge Karen Gren Scholer on 5/10/2018) (svc) (Entered: 05/11/2018) |
| 05/16/2018 | 24 | REPLY filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward re: 15 Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Table of Attachments) (Blinn-Spears, Bridget) (Entered: 05/16/2018) |
| 07/25/2018 | 25 | ORDER: Scheduling Conference set for 8/10/2018 01:00 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Karen Gren Scholer. (Ordered by Judge Karen Gren Scholer on 7/25/2018) (epm) (Entered: 07/25/2018) |
| 08/10/2018 | 26 | ELECTRONIC ORDER CANCELLING STATUS CONFERENCE: The status conference scheduled for 08/10/2018 is cancelled. (Ordered by Judge Karen Gren Scholer on 8/10/2018) (chmb) (Entered: 08/10/2018) |
| 08/10/2018 | 27 | Court Request for Recusal: Judge Karen Gren Scholer recused. As this case was originally transferred under Special Order 3-318 from Judge Lindsay, the case is returned to the docket of Judge Sam A. Lindsay. Future filings should indicate the case number as: 3:18cv37-L. (lrl). (Modified on 8/10/2018 to correct that case is returned to Judge Lindsay's docket.) (lrl) (Entered: 08/10/2018) |
| 08/13/2018 | 28 | ELECTRONIC ORDER denying as moot 5 Motion to Dismiss for Failure to State a Claim in light of Second Amended Complaint and Defendants' Motion to Dismiss Second Amended Complaint (Ordered by Judge Sam A Lindsay on 8/13/2018) (chmb) (Entered: 08/13/2018) |
| 08/13/2018 | 29 | ELECTRONIC ORDER granting 14 Motion to Substitute Attorney. Accordingly, Mr. Alfonzo Kennard Jr is withdrawn as counsel for Plaintiff. (Ordered by Judge Sam A Lindsay on 8/13/2018) (chmb) (Entered: 08/13/2018) |
| 08/16/2018 | 30 | NOTICE of Attorney Appearance by Terrence Bouvier Robinson on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Robinson, Terrence) (Entered: 08/16/2018) |
| 10/08/2018 | 31 | Unopposed MOTION to Substitute Attorney, *Kenneth R. Barrett* added attorney Terrence Bouvier Robinson. Motion filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 10/08/2018) |
| 10/10/2018 | 32 | ELECTRONIC ORDER granting 31 Motion to Substitute Attorney. Accordingly, Mr. Kenneth R. Barrett is withdrawn as Attorney-in-Charge for Plaintiff; and Terrence B. Robinson, Laura A. Hernandez, Sean Miller, and TB Robinson Law Group, PLLC are substituted in place of Kenneth R. Barrett. (Ordered by Judge Sam A Lindsay on 10/10/2018) (chmb) (Entered: 10/10/2018) |
| 10/15/2018 | 33 | MOTION for Leave to File Proceed without local counsel filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 10/15/2018) |

| | | |
|---|---|---|
| 10/17/2018 | 34 | ELECTRONIC ORDER granting 33 Motion for Leave to Proceed without Local Counsel. Accordingly, Plaintiff may proceed without local counsel. (Ordered by Judge Sam A Lindsay on 10/17/2018) (chmb) (Entered: 10/17/2018) |
| 10/17/2018 | 35 | ORDER: Plaintiff is hereby directed to effect service by 11/16/2018, or show good cause in writing for the failure or inability to effect service. (Ordered by Judge Sam A Lindsay on 10/17/2018) (svc) (Entered: 10/17/2018) |
| 10/17/2018 | 36 | ORDER REQUIRING ATTORNEY CONFERENCE AND STATUS REPORT: The conference shall take place no later than November 1, 2018. Status Report due by 11/16/2018. (Ordered by Judge Sam A Lindsay on 10/17/2018) (svc) (Entered: 10/17/2018) |
| 11/16/2018 | 37 | Joint STATUS REPORT filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward. (Askew, Kim) (Entered: 11/16/2018) |
| 11/16/2018 | 38 | Joint MOTION for Protective Order filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Southern Methodist University, Harold Stanley, Paul Ward (Attachments: # 1 Proposed Order Agreed Protective Order) (Askew, Kim) (Entered: 11/16/2018) |
| 11/19/2018 | 39 | ORDER granting 38 Motion for Protective Order. (Ordered by Judge Sam A Lindsay on 11/19/2018) (epm) (Entered: 11/19/2018) |
| 11/21/2018 | 40 | ORDER: Pursuant to Rule 4(m), this action against Defendants Anthony Colangelo; Elizabeth G. Thornburg; Samantha Thomas; and Rhonda Ice Adams is dismissed without prejudice. Further, Butler did not include or name Mary Spector; Linda Eads; C. Paul Rogers; Jessica Dixon Weaver; George A. Martinez; Ndiva Kofele-Kale; John Lowe; Carolyn Hernandez; R. Gerald Turner, and Gerald Turner as parties in Plaintiff's Second Amended Complaint. By the court's count there are seven Defendants to this action, and all future filings will list seven parties as Defendants--Jennifer M. Collins; Steven C. Currall; Roy R. Anderson; Julie P. Forrester; Harold Stanley; Paul J. Ward; and Southern Methodist University. Accordingly, the court directs the clerk of court to amend the docket sheet to reflect that there are seven Defendants to this action. (Ordered by Judge Sam A Lindsay on 11/21/2018) (epm) (Entered: 11/21/2018) |
| 11/21/2018 | 41 | SCHEDULING ORDER: This case is set for trial on this court's four-week docket beginning 5/4/2020 before Judge Sam A Lindsay. Joinder of Parties due by 5/3/2019. Amended Pleadings due by 5/3/2019. Motions due by 12/16/2019. Discovery due by 12/2/2019. Pretrial Order due by 4/6/2020. Pretrial Materials due by 4/6/2020. Settlement Status Report due by 2/19/2019. Pretrial Conference set for 5/1/2020 10:00 AM before Judge Sam A Lindsay. (Ordered by Judge Sam A Lindsay on 11/21/2018) (zkc) (Entered: 11/21/2018) |
| 11/21/2018 | 42 | MEDIATION ORDER. The parties are to select or designate a mediator. Alternative Dispute Resolution Summary form provided electronically or by US Mail as appropriate. Deadline for mediation is on or before 12/2/2019. (Ordered by Judge Sam A Lindsay on 11/21/2018) (zkc) (Entered: 11/21/2018) |
| 11/27/2018 | 43 | NOTICE of *Conflicts of Trial Date* re: 41 Scheduling Order filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward (Askew, Kim) (Entered: 11/27/2018) |

| | | |
|---|---|---|
| 01/08/2019 | 44 | NOTICE of *Withdrawal of Counsel* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward (Askew, Kim) (Entered: 01/08/2019) |
| 01/08/2019 | 45 | Pretrial Disclosures filed by Cheryl Butler. (Robinson, Terrence) (Entered: 01/08/2019) |
| 02/19/2019 | 46 | Joint STATUS REPORT *of Settlement* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward. (Askew, Kim) (Entered: 02/19/2019) |
| 03/31/2019 | 47 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 15 Motion to Dismiss for Failure to State a Claim (Ordered by Judge Sam A Lindsay on 3/31/2019) (chmb) (Entered: 03/31/2019) |
| 07/15/2019 | 48 | NOTICE of Attorney Appearance by Terrence Bouvier Robinson on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Robinson, Terrence) (Entered: 07/15/2019) |
| 07/24/2019 | 49 | MOTION for Reconsideration re 47 Order on Motion to Dismiss for Failure to State a Claim filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 07/24/2019) |
| 08/05/2019 | 50 | NOTICE of Attorney Appearance by Christopher A Brown on behalf of Southern Methodist University. (Filer confirms contact info in ECF is current.) (Brown, Christopher) (Entered: 08/05/2019) |
| 08/05/2019 | 51 | RESPONSE filed by Southern Methodist University re: 49 MOTION for Reconsideration re 47 Order on Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s)) (Askew, Kim) (Entered: 08/05/2019) |
| 08/19/2019 | 52 | Amended MOTION for Reconsideration re 51 Response/Objection, filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 08/19/2019) |
| 08/27/2019 | 53 | ORDER denying 49 Motion for Reconsideration ; denying 52 Motion for Reconsideration. (Ordered by Judge Sam A. Lindsay on 8/27/2019) (epm) (Entered: 08/27/2019) |
| 09/05/2019 | 54 | Designation of Experts by Cheryl Butler. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Robinson, Terrence) (Entered: 09/05/2019) |
| 09/05/2019 | 55 | MOTION to Amend/Correct 52 Amended MOTION for Reconsideration re 51 Response/Objection, 49 MOTION for Reconsideration re 47 Order on Motion to Dismiss for Failure to State a Claim filed by Cheryl Butler. (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 09/05/2019) |
| 09/06/2019 | 56 | MOTION to Compel *Discovery Responses and Production of Documents* filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Askew, Kim) (Entered: 09/06/2019) |
| 09/06/2019 | 57 | Brief/Memorandum in Support filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re 56 MOTION to Compel *Discovery Responses and Production of Documents* (Askew, Kim) (Entered: 09/06/2019) |

| | | |
|---|---|---|
| 09/06/2019 | 58 | Appendix in Support filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re 57 Brief/Memorandum in Support of Motion (Attachments: # 1 Exhibit(s) Appendix A, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I, # 11 Exhibit(s) J, # 12 Exhibit(s) K) (Askew, Kim) (Entered: 09/06/2019) |
| 09/10/2019 | 59 | *****VACATED PER 79 ORDER***** ORDER OF REFERENCE: Pursuant to 28 U.S.C. § 636(b), Defendants' Motion to Compel Discovery Responses and Production of Documents (Doc. 56 ), filed September 6, 2019, is hereby referred to United States Magistrate Judge Rebecca Rutherford for hearing, if necessary, and determination. This order of reference also prospectively refers all procedural motions that are related to the referred motion to the United States Magistrate Judge for resolution. (Ordered by Judge Sam A. Lindsay on 9/10/2019) (aaa) Modified on 11/14/2019 (rekc). (Entered: 09/10/2019) |
| 09/18/2019 | 60 | Special Order 3-335: Effective September 18, 2019, the cases listed on Exhibit A to this order are transferred to Judge Ada E. Brown's docket and shall henceforth be designated by the suffix letter "E." (The clerk has mailed a copy to all non-ECF users.) (Ordered by Chief Judge Barbara M. G. Lynn on 9/18/2019) (cea) (Entered: 09/19/2019) |
| 09/24/2019 | 61 | RESPONSE filed by Cheryl Butler re: 56 MOTION to Compel *Discovery Responses and Production of Documents* (Attachments: # 1 Proposed Order) (Robinson, Terrence) (Entered: 09/24/2019) |
| 09/26/2019 | 62 | *****DISREGARD - ATTY TO REFILE***** RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward re: 55 MOTION to Amend/Correct 52 Amended MOTION for Reconsideration re 51 Response/Objection, , 49 MOTION for Reconsideration re 47 Order on Motion to Dismiss for Failure to State a Claim (Askew, Kim) Modified on 9/27/2019 (rekc). (Entered: 09/26/2019) |
| 09/27/2019 | 63 | RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward re: 55 MOTION to Amend/Correct 52 Amended MOTION for Reconsideration re 51 Response/ Objection, , 49 MOTION for Reconsideration re 47 Order on Motion to Dismiss for Failure to State a Claim (Askew, Kim) (Entered: 09/27/2019) |
| 10/03/2019 | 64 | Designation of Experts by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Askew, Kim) (Entered: 10/03/2019) |
| 10/08/2019 | 65 | ORDER: Per Special Order 3-335 issued on September 18, 2019, your case has been transferred to Judge Ada Brown. All parties are instructed that any existing scheduling orders and deadlines imposed by the previous judge remain in place unless the parties are otherwise notified by this Court. (Ordered by Judge Ada Brown on 10/8/2019) (cea) (Entered: 10/08/2019) |
| 10/08/2019 | 66 | REPLY filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward re: 56 MOTION to Compel *Discovery Responses and Production of Documents* (Brown, Christopher) (Entered: 10/08/2019) |

| | | |
|---|---|---|
| 10/24/2019 | 67 | ORDER: Before the Court is Plaintiff's Second Amended Motion for Reconsideration (Doc. 55 ), filed 9/05/2019, and Defendants' Response in Opposition to Plaintiff's Second Amended Motion for Reconsideration (Doc. 63 ), filed 9/27/2019. After careful consideration of the motion, response, and applicable law, the Court DENIES the motion. (Ordered by Judge Ada Brown on 10/24/2019) (twd) (Entered: 10/24/2019) |
| 10/28/2019 | 68 | Unopposed MOTION to Withdraw filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order Proposed Order on Motion to Withdraw as Counsel) (Robinson, Terrence) (Entered: 10/28/2019) |
| 10/29/2019 | 69 | MOTION to Withdraw as Attorney filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order Proposed Order on Motion to Withdraw as Counsel) (Robinson, Terrence) (Entered: 10/29/2019) |
| 10/30/2019 | 70 | ORDER denying 68 Unopposed Motion to Withdraw as Counsel; denying 69 Unopposed Motion to Withdraw as Counsel. (Ordered by Judge Ada Brown on 10/30/2019) (ykp) (Entered: 10/31/2019) |
| 10/31/2019 | 71 | Amended MOTION to Withdraw as Attorney filed by Cheryl Butler (Attachments: # 1 Proposed Order on Amended Motion to Withdraw as Counsel) (Robinson, Terrence) (Entered: 10/31/2019) |
| 11/05/2019 | 72 | MOTION to Expedite *Ruling* filed by Cheryl Butler (Attachments: # 1 Proposed Order on Motion for Expedited Ruling) (Robinson, Terrence) (Entered: 11/05/2019) |
| 11/07/2019 | 73 | ORDER SETTING STATUS CONFERENCE: To facilitate case management, the Court sets this case for status conference on 11/14/2019 at 02:00 PM in US Courthouse, Courtroom 1306, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Ada Brown. Lead counsel for each party shall be present. The Court also will consider the pending Opposed Amended Motion to Withdraw as Counsel (Doc. No. 71 ) and Unopposed Motion for Expedited Ruling (Doc. No. 72 ) filed by TB Robinson Law Group, PLLC. The Court further orders that plaintiff Cheryl Butler appear at the hearing. (Ordered by Judge Ada Brown on 11/7/2019) (twd) (Entered: 11/07/2019) |
| 11/11/2019 | 74 | MOTION Order on Motion to Appear by Telephone re 73 Order Setting Deadline/ Hearing,, filed by Cheryl Butler (Attachments: # 1 Proposed Order Proposed Order on Motion to Appear by Telephone) (Robinson, Terrence) (Entered: 11/11/2019) |
| 11/12/2019 | 75 | ELECTRONIC ORDER denying 74 Unopposed Motion to Appear by Telephone. (Ordered by Judge Ada Brown on 11/12/2019) (chmb) (Entered: 11/12/2019) |
| 11/12/2019 | 76 | RESPONSE filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 71 Amended MOTION to Withdraw as Attorney (Askew, Kim) (Entered: 11/12/2019) |
| 11/13/2019 | 77 | Court Request for Recusal: Judge Rutherford recused. Judge Ramirez assigned for matters that may be referred. (ewd) (Entered: 11/13/2019) |
| 11/13/2019 | 78 | Supplemental Document by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley as to 76 Response/Objection *to Motion to Withdraw*. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Askew, Kim) (Entered: 11/13/2019) |

| | | |
|---|---|---|
| 11/13/2019 | 79 | ORDER: The Court's 59 Order of Reference, referring Defendants' 56 Motion to Compel Discovery Responses and Production of Documents to United States Magistrate Judge Rebecca Rutherford, is hereby VACATED. (Ordered by Judge Ada Brown on 11/13/2019) (rekc) (Entered: 11/14/2019) |
| 11/13/2019 | | 56 MOTION to Compel *Discovery Responses and Production of Documents* No Longer Referred. Reason for termination: 79 Order. (rekc) (Entered: 11/14/2019) |
| 11/14/2019 | 80 | First MOTION to Continue filed by Cheryl Butler (Attachments: # 1 Declaration(s) Movant Declaration, # 2 Proposed Order Proposed Order on Motion for Continuance) (Robinson, Terrence) (Entered: 11/14/2019) |
| 11/14/2019 | 81 | RESPONSE AND OBJECTION filed by Cheryl Butler re: 71 Amended MOTION to Withdraw as Attorney , 69 MOTION to Withdraw as Attorney , 68 Unopposed MOTION to Withdraw (Attachments: # 1 Affidavit(s) AFFIDAVIT OF CHERYL BUTLER, # 2 Brief In Support of Opposition) (Green, John) (Entered: 11/14/2019) |
| 11/14/2019 | 82 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Status Conference held on 11/14/2019. Attorney Appearances: Plaintiff - Terrence Robinson; Defense - Kim Askew, Chris Brown, (Kelly Thurman from SMU). (Court Reporter: Todd Anderson) (No exhibits) Time in Court - :34. (Entered: 11/15/2019) |
| 11/15/2019 | 83 | ORDER denying as moot 80 Motion to Continue. (Ordered by Judge Ada Brown on 11/15/2019) (Attachments: # 1 NEF) (chmb) (Entered: 11/15/2019) |
| 11/15/2019 | 84 | ORDER granting 56 Motion to Compel Discovery Responses and Production of Documents. (Ordered by Judge Ada Brown on 11/15/2019) (axm) Modified filed date on 11/18/2019 (axm). (Entered: 11/18/2019) |
| 11/18/2019 | 85 | ORDER granting 71 Motion to Withdraw as Attorney; denying as moot 72 Motion to Expedite. Attorney Terrence Bouvier Robinson terminated. The Court requests the clerk of the court to direct this Order to Plaintiff by both mail and email. (Ordered by Judge Ada Brown on 11/18/2019) (epm) (Entered: 11/19/2019) |
| 11/19/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:85. Also emailed to email address listed in order. Tue Nov 19 14:16:28 CST 2019 (crt) (Entered: 11/19/2019) |
| 11/19/2019 | 86 | SUPPLEMENTAL ORDER REGARDING DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS. The Court requests the clerk of the court to direct this Order to Butler by both mail and email. (Ordered by Judge Ada Brown on 11/19/2019) (axm) (Entered: 11/20/2019) |
| 11/19/2019 | 87 | ORDER TO SHOW CAUSE: Show Cause Hearing set for 11/25/2019 02:00 PM in US Courthouse, Courtroom 1310, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Ada Brown. The Court requests the clerk of the court to direct this Order to Butler by both mail and email. (Ordered by Judge Ada Brown on 11/19/2019) (axm) (Entered: 11/20/2019) |
| 11/20/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:86. emailed to the email address listed on document 85 Wed Nov 20 12:51:56 CST 2019 (crt) (Entered: 11/20/2019) |

| | | |
|---|---|---|
| 11/20/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:87. and emailed to the email address listed on document 85 Wed Nov 20 12:54:10 CST 2019 (crt) (Entered: 11/20/2019) |
| 11/21/2019 | 88 | ***DISREGARD, SEE 89 *** NOTICE of Attorney Appearance by Andrew A Dunlap on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Dunlap, Andrew) Modified on 11/21/2019 (mla). (Entered: 11/21/2019) |
| 11/21/2019 | 89 | NOTICE of Attorney Appearance by Andrew A Dunlap on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Dunlap, Andrew) (Entered: 11/21/2019) |
| 11/22/2019 | 90 | First MOTION to Continue *Hearing to Show Cause* filed by Cheryl Butler (Attachments: # 1 Declaration(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Affidavit(s)) (Dunlap, Andrew) (Entered: 11/22/2019) |
| 11/24/2019 | 91 | ELECTRONIC ORDER denying 90 Motion to Continue. (Ordered by Judge Ada Brown on 11/24/2019) (chmb) (Entered: 11/24/2019) |
| 11/25/2019 | 92 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Show Cause Hearing held on 11/25/2019. Attorney Appearances: Plaintiff - Andrew Dunlap (Cheryl Butler); Defense - Kim Askew, Chris Brown, (Kelly Thurman from SMU). (Court Reporter: Todd Anderson) (Exhibits admitted-housed in CRD's office) Time in Court - 04:22. (chmb) (Entered: 11/26/2019) |
| 11/25/2019 | | ELECTRONIC Notice of Hearing: Telephone Conference set for 11/27/2019 02:00 PM before Judge Ada Brown. (chmb) (Entered: 11/26/2019) |
| 11/26/2019 | 93 | (Document Restricted) Sealed Exhibit list (Sealed pursuant to SO 19-1, statute, or rule) filed by Cheryl Butler (Attachments: # 1 Exhibit(s)) (Dunlap, Andrew) (Entered: 11/26/2019) |
| 11/27/2019 | 95 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Telephone Conference held on 11/27/2019. Attorney Appearances: Plaintiff - Andrew Dunlap, (previous counsel Terrance Robinson, Gabrielle Ilochi, Monica Nunez-Garza and Alfonso Kennard); Defense - Kim Askew, Chris Brown. (Court Reporter: Todd Anderson) (No exhibits) Time in Court - 01:31. (chmb) (Entered: 11/27/2019) |
| 11/27/2019 | 96 | AFFIDAVIT re 56 MOTION to Compel *Discovery Responses and Production of Documents* by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 11/27/2019) |
| 12/02/2019 | 97 | ORDER: Any objections to the 96 Affidavit of Kim J Askew in Support of Award of Attorneys' Fees Related to Motion to Compel Discovery by either Plaintiff or her prior counsel, TB Robinson Law Group PLLC, must be filed no later than 12/16/2019. (Ordered by Judge Ada Brown on 12/2/2019) (mla) (Entered: 12/03/2019) |
| 12/16/2019 | 98 | (Document Restricted) Sealed Response re: 97 Order Setting Deadline/Hearing, (Sealed pursuant to SO 19-1, statute, or rule) filed by Cheryl Butler (Dunlap, Andrew) (Entered: 12/16/2019) |
| 12/17/2019 | 99 | Supplemental Document by Cheryl Butler as to 98 Sealed and/or Ex Parte Response/ Objection . (Attachments: # 1 Exhibit(s)) (Dunlap, Andrew) (Entered: 12/17/2019) |

| | | |
|---|---|---|
| 12/19/2019 | 100 | REPLY filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 99 Supplemental Document (Askew, Kim) (Entered: 12/19/2019) |
| 01/28/2020 | 101 | Agreed MOTION to Amend/Correct *Modify Scheduling Order* filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Attachments: # 1 Proposed Order) (Askew, Kim) (Entered: 01/28/2020) |
| 01/28/2020 | 102 | NOTICE of Attorney Appearance by Kim J Askew for Cristina I. Torres on behalf of Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 01/28/2020) |
| 01/29/2020 | 103 | ELECTRONIC ORDER granting 101 Agreed Motion to Modify Scheduling Order. The deadline for the oral deposition of Plaintiff Cheryl Butler is 2/4/2020, and the dispositive motion deadline is extended to 3/27/2020. This order does not abate or extend any other pretrial deadlines or the trial date. (Ordered by Judge Ada Brown on 1/29/2020) (chmb) (Entered: 01/29/2020) |
| 02/04/2020 | 104 | SUGGESTION OF BANKRUPTCY Upon the Record as to Cheryl Butler by Cheryl Butler. (Attachments: # 1 Exhibit(s) EXHIBIT A - NOTICE OF BANKRUPTCY FILING) (Green, John) (Entered: 02/04/2020) |
| 02/05/2020 | 105 | Order Administratively Closing Case. Pursuant to LR 79.2 and LCrR 55.2, exhibits may be claimed during the 60-day period following final disposition (to do so, follow the procedures found at Exhibit Guide). The clerk will discard exhibits that remain unclaimed after the 60-day period without additional notice. (Clerk to notice any party not electronically noticed.) (Ordered by Judge Ada Brown on 2/5/2020) (ndt) (Entered: 02/05/2020) |
| 03/18/2020 | 106 | Special Orders 13-5 and 13-6 re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (Ordered by Chief Judge Barbara M. G. Lynn on 3/16/2020 and 3/18/2020) (lrl) (Entered: 03/19/2020) |
| 03/19/2020 | 107 | Electronic Order: The undersigned orders that all civil and criminal bench and jury trials, in-person court hearings, and sentencing proceedings scheduled to take place through May 1, 2020, are continued due to concerns about COVID-19 and consistent with the Northern District of Texas's Special Order Nos. 13-5 and 13-6, entered by Chief Judge Barbara Lynn on March 13, and March 18, 2020, respectively.<br><br>In addition, if the attorneys have been ordered to conduct a face-to-face meeting for purposes of preparing a Rule 26(f) Joint Report, an in-person meeting is no longer required.<br><br>These continuances do not modify any pending deadlines other than the trial or hearing dates mentioned above. Attorneys should file a motion with the Court to modify any other deadlines unless, as is the case in some cases transferred to this Court from other judges, the scheduling order allows the parties to reset deadlines by agreement without Court approval.<br><br>Due to the Court's reduced ability to obtain an adequate spectrum of jurors, and due to the reduced availability of attorneys and court staff to be present in courtrooms because of the public health considerations associated with COVID-19, the period of |

| | | |
|---|---|---|
| | | the continuances associated with this Order and Special Order Nos. 13-5 and 13-6 are excluded by the Speedy Trial Act, 18 U.S.C. § 3161(h) and 18 U.S.C. §3161 (h)(7)(A). The Court finds that the ends of justice served by ordering these continuances outweigh the best interests of the public and each defendants right to a speedy trial. In fact, the best interests of the public are served by these continuances.<br><br>The Court encourages the parties to communicate with opposing counsel and litigants by video or telephone whenever possible.<br><br>(Ordered by Judge Ada Brown on 3/19/2020) (lrl) (Entered: 03/19/2020) |
| 02/22/2021 | 108 | Unopposed MOTION to Reopen Case filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley with Brief/ Memorandum in Support. (Attachments: # 1 Proposed Order) (Askew, Kim) (Entered: 02/22/2021) |
| 02/22/2021 | 109 | Appendix in Support filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re 108 Unopposed MOTION to Reopen Case (Askew, Kim) (Entered: 02/22/2021) |
| 02/23/2021 | 110 | ORDER GRANTING 108 UNOPPOSED MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE. (Ordered by Judge Ada Brown on 2/23/2021) (twd) (Entered: 02/23/2021) |
| 03/02/2021 | 111 | STATUS REPORT ORDER: Joint Status Report due on or before 3/23/2021. (Ordered by Judge Ada Brown on 3/2/2021) (twd) (Entered: 03/02/2021) |
| 03/23/2021 | 112 | Joint STATUS REPORT filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 03/23/2021) |
| 03/24/2021 | 113 | AMENDED SCHEDULING ORDER: Bench Trial set for three-week docketbeginning 4/5/2022 before Judge Ada Brown. Motions due by 10/25/2021. Discovery due by 9/27/2021. Pretrial Order due by 3/8/2022. Pretrial Materials due by 3/8/2022. Pretrial Conference set for 4/4/2022 10:00 AM before Judge Ada Brown. Deadline for mediation is on or before 9/27/2021. (Ordered by Judge Ada Brown on 3/24/2021) (hml) (Entered: 03/24/2021) |
| 04/20/2021 | 114 | Court's Exhibit List from Show Cause Hearing held 11/25/2019. (chmb) (Entered: 04/20/2021) |
| 08/02/2021 | 115 | Designation of Experts by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Askew, Kim) (Entered: 08/02/2021) |
| 09/02/2021 | 116 | Agreed MOTION to Extend Time of Deadlines In Amended Scheduling Order to Complete Limited Discovery filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Proposed Order) (Askew, Kim) (Entered: 09/02/2021) |
| 09/03/2021 | 117 | ORDER GRANTING 116 AGREED MOTION TO EXTEND DEADLINES IN AMENDED SCHEDULING ORDER: Discovery due by 10/29/2021. Deadline for mediation is on or before 10/29/2021. Motions due by 11/30/2021. (Ordered by Judge |

| | | |
|---|---|---|
| | | Ada Brown on 9/3/2021) (mjr) (Entered: 09/03/2021) |
| 09/16/2021 | 118 | NOTICE of Attorney Appearance by John L Green on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Green, John) (Entered: 09/16/2021) |
| 10/12/2021 | 119 | MOTION to Compel *Mediation* filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order Granting Motion to Compel Mediation, # 2 Proposed Order Requiring Expedited Response) (Askew, Kim) (Entered: 10/12/2021) |
| 10/14/2021 | 120 | ELECTRONIC ORDER: The Court expedites the response and reply deadlines to Defendant's Expedited Motion to Compel Court-Ordered Mediation After Agreed Selection of Mediator, Motion for Sanctions, and Supporting Brief (Doc. 119). Plaintiff's response is due by 10/18/2021. Defendant's reply is due by 10/20/2021. (Ordered by Judge Ada Brown on 10/14/2021) (chmb) (Entered: 10/14/2021) |
| 10/18/2021 | 121 | OBJECTION filed by Cheryl Butler re: 119 MOTION to Compel *Mediation* (Dunlap, Andrew) (Entered: 10/18/2021) |
| 10/20/2021 | 122 | NOTICE of Attorney Appearance by Mallory Toby Biblo on behalf of Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Filer confirms contact info in ECF is current.) (Biblo, Mallory) (Entered: 10/20/2021) |
| 10/20/2021 | 123 | REPLY filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 119 MOTION to Compel *Mediation* (Askew, Kim) (Entered: 10/20/2021) |
| 10/20/2021 | 124 | ELECTRONIC ORDER denying 119 Expedited Motion to Compel Court-Ordered Mediation After Agreed Selection of Mediator, Motion for Sanctions, and Supporting Brief. The parties have until 10/27/2021 to choose a new mediator or the Court will appoint one in the event the parties cannot agree. (Ordered by Judge Ada Brown on 10/20/2021) (chmb) (Entered: 10/20/2021) |
| 10/27/2021 | 125 | NOTICE of *Agreed Mediator* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Attachments: # 1 Proposed Order) (Askew, Kim) (Entered: 10/27/2021) |
| 11/29/2021 | 126 | MOTION for Summary Judgment filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Attachments: # 1 Proposed Order) (Askew, Kim) (Entered: 11/29/2021) |
| 11/29/2021 | 127 | Brief/Memorandum in Support filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re 126 MOTION for Summary Judgment (Askew, Kim) (Entered: 11/29/2021) |
| 11/29/2021 | 128 | Appendix in Support filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re 126 MOTION for Summary Judgment , 127 Brief/Memorandum in Support of Motion (Askew, Kim) (Entered: 11/29/2021) |
| 12/16/2021 | 129 | First MOTION to Extend Time to respond to motion for summary judgment filed by Cheryl Butler (Dunlap, Andrew) (Entered: 12/16/2021) |

| | | |
|---|---|---|
| 12/20/2021 | 130 | ELECTRONIC ORDER granting 129 Plaintiff's Unopposed Motion to Extend the Time to File an Objection to Defendant's Motion for Summary Judgment. Plaintiff is ordered to respond by 1/03/2022. (Ordered by Judge Ada Brown on 12/20/2021) (chmb) (Entered: 12/20/2021) |
| 01/03/2022 | 131 | Second MOTION to Extend Time to file an objection filed by Cheryl Butler (Dunlap, Andrew) (Entered: 01/03/2022) |
| 01/04/2022 | 132 | RESPONSE filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 131 Second MOTION to Extend Time to file an objection (Attachments: # 1 Proposed Order) (Askew, Kim) (Entered: 01/04/2022) |
| 01/06/2022 | 133 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12502763) filed by Cheryl Butler with Brief/ Memorandum in Support. (Attachments: # 1 Brief in support and seeking relief from Local Rule 83.10)Attorney Ezra Ishmael Young added to party Cheryl Butler(pty:pla) (Young, Ezra) (Entered: 01/06/2022) |
| 01/06/2022 | 134 | ELECTRONIC ORDER granting 131 Plaintiff's Second Motion to Extend the Time to File an Objection to Defendant's Motion for Summary Judgment. Plaintiff's response due 1/7/2022. (Ordered by Judge Ada Brown on 1/6/2022) (chmb) (Entered: 01/06/2022) |
| 01/06/2022 | 135 | Third MOTION to Extend Time to File Opposition to SJ filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Defs' Opp to Extension) (Young, Ezra) (Entered: 01/06/2022) |
| 01/07/2022 | 136 | *****VACATED PER 211 ELECTRONIC ORDER***** ELECTRONIC ORDER granting 133 Application for Admission Pro Hac Vice of Ezra I. Young. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 1/7/2022) (chmb) Modified on 12/1/2025 (kcr). (Entered: 01/07/2022) |
| 01/07/2022 | 137 | First MOTION to Strike 135 Third MOTION to Extend Time to File Opposition to SJ filed by Cheryl Butler (Dunlap, Andrew) (Entered: 01/07/2022) |
| 01/07/2022 | 138 | First MOTION to Strike 137 First MOTION to Strike 135 Third MOTION to Extend Time to File Opposition to SJ filed by Cheryl Butler (Young, Ezra) (Entered: 01/07/2022) |
| 01/07/2022 | 139 | First MOTION to Withdraw *as Counsel of Record* filed by Cheryl Butler (Dunlap, Andrew) (Entered: 01/07/2022) |
| 01/07/2022 | 140 | First MOTION to Substitute Attorney, *Andrew Dunlap* added attorney Ezra Ishmael Young. Motion filed by Cheryl Butler (Young, Ezra) (Entered: 01/07/2022) |
| 01/07/2022 | 141 | ELECTRONIC ORDER denying 135 Plaintiff Cheryl Butler's Third Motion for Extension of Time. (Ordered by Judge Ada Brown on 1/7/2022) (chmb) (Entered: 01/07/2022) |

| | | |
|---|---|---|
| 01/10/2022 | 142 | ELECTRONIC ORDER finding as moot 137 Plaintiff's Motion to Strike Pleadings pursuant to the Court's Electronic Order 141 denying Plaintiff Cheryl Butler's Third Motion for Extension of Time 135 . (Ordered by Judge Ada Brown on 1/10/2022) (chmb) (Entered: 01/10/2022) |
| 01/10/2022 | 143 | ELECTRONIC ORDER finding as moot 138 Plaintiff Cheryl Butler's Motion to Strike ECF NO. 137 pursuant to the Court's 142 Electronic Order finding 137 Plaintiff's Motion to Strike Pleadings as moot. (Ordered by Judge Ada Brown on 1/10/2022) (chmb) (Entered: 01/10/2022) |
| 01/11/2022 | 144 | ELECTRONIC ORDER denying 139 Motion to Withdraw as Counsel. (Ordered by Judge Ada Brown on 1/11/2022) (chmb) (Entered: 01/11/2022) |
| 01/11/2022 | 145 | ELECTRONIC ORDER denying 140 Motion to Substitute Attorney. (Ordered by Judge Ada Brown on 1/11/2022) (chmb) (Entered: 01/11/2022) |
| 01/13/2022 | 146 | NOTICE of Attorney Appearance by Ezra Ishmael Young on behalf of Cheryl Butler. (Filer will update contact info in ECF.) (Young, Ezra) (Entered: 01/13/2022) |
| 01/13/2022 | 147 | First MOTION for Reconsideration re 144 Order on Motion to Withdraw, 145 Order on Motion to Substitute Attorney filed by Cheryl Butler with Brief/Memorandum in Support. (Young, Ezra) (Entered: 01/13/2022) |
| 01/14/2022 | 150 | OBJECTION filed by Cheryl Butler re: 147 First MOTION for Reconsideration re 144 Order on Motion to Withdraw, 145 Order on Motion to Substitute Attorney (Dunlap, Andrew) (Entered: 01/14/2022) |
| 01/20/2022 | 151 | First MOTION to Strike 150 Response/Objection filed by Cheryl Butler (Young, Ezra) (Entered: 01/20/2022) |
| 01/20/2022 | 152 | MOTION for Extension of Time to File Response/Reply to 134 Order on Motion for Extension of Time filed by Cheryl Butler with Brief/Memorandum in Support. (Young, Ezra) (Entered: 01/20/2022) |
| 02/01/2022 | 153 | RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 147 First MOTION for Reconsideration re 144 Order on Motion to Withdraw, 145 Order on Motion to Substitute Attorney (Askew, Kim) (Entered: 02/01/2022) |
| 02/01/2022 | 154 | RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 152 MOTION for Extension of Time to File Response/Reply to 134 Order on Motion for Extension of Time (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Askew, Kim) (Entered: 02/01/2022) |
| 02/08/2022 | 155 | *Defendant's* Pretrial Disclosures *Under Federal Rule of Civil Procedure 26(a)(3)(A)* filed by Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 02/08/2022) |
| 02/09/2022 | 156 | First MOTION to Extend Time to file Pretrial Disclosures filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Correspondence btw Counsel, # 2 Exhibit(s) Young Declaration) (Young, Ezra) (Entered: 02/09/2022) |
| 02/14/2022 | 157 | REPLY filed by Cheryl Butler re: 147 First MOTION for Reconsideration re 144 Order on Motion to Withdraw, 145 Order on Motion to Substitute Attorney |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit(s) Correspondence btw Counsel) (Young, Ezra) (Entered: 02/14/2022) |
| 02/14/2022 | 158 | REPLY filed by Cheryl Butler re: 152 MOTION for Extension of Time to File Response/Reply to 134 Order on Motion for Extension of Time (Attachments: # 1 Exhibit(s) Young email, # 2 Exhibit(s) Correspondence btw Counsel, # 3 Exhibit(s) Correspondence btw Counsel) (Young, Ezra) (Entered: 02/14/2022) |
| 02/19/2022 | 159 | *****STRICKEN, Per 166 Order***** RESPONSE filed by Cheryl Butler re: 126 MOTION for Summary Judgment (Young, Ezra) Modified on 2/28/2022 (ygl). (Entered: 02/19/2022) |
| 02/19/2022 | 160 | *****STRICKEN, Per 166 Order***** Brief/Memorandum in Support filed by Cheryl Butler re 159 Response/Objection (Young, Ezra) Modified on 2/28/2022 (ygl). (Entered: 02/19/2022) |
| 02/19/2022 | 161 | *****STRICKEN, Per 166 Order***** Appendix in Support filed by Cheryl Butler re 159 Response/Objection (Young, Ezra) Modified on 2/28/2022 (ygl). (Entered: 02/19/2022) |
| 02/22/2022 | 162 | RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley re: 156 First MOTION to Extend Time to file Pretrial Disclosures (Askew, Kim) (Entered: 02/22/2022) |
| 02/23/2022 | 163 | *****DISREGARD, ATTORNEY TO REFILE***** MOTION for Hearing filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Askew, Kim) Modified on 2/23/2022 (mla). (Entered: 02/23/2022) |
| 02/23/2022 | 164 | MOTION for Hearing filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley (Askew, Kim) (Entered: 02/23/2022) |
| 02/25/2022 | 165 | ORDER granting 164 Agreed MOTION for Hearing: Status Conference set for 3/8/2022 10:00 AM before Judge Ada Brown. (Ordered by Judge Ada Brown on 2/25/2022) (jmg) (Entered: 02/25/2022) |
| 02/28/2022 | 166 | ORDER AND MEMORANDUM OPINION: Plaintiff Cheryl Butler's Opposed Motion to File Opposition to Summary Judgment Out of Time with Incorporated Brief (Doc. 152 ) is DENIED. The following filings are ORDERED STRICKEN from the record: Plaintiff Cheryl Butler's Responsive Motion Opposing Summary Judgment (Doc. 159 ); Brief in Support of Plaintiff's Opposition to Summary Judgment (Doc. 160 ); Appendix in Support of Plaintiff's Opposition to Summary Judgment (Doc. 161 ). (Ordered by Judge Ada Brown on 2/28/2022) (ygl) (Entered: 02/28/2022) |
| 03/03/2022 | 167 | Notice of Filing of Official Electronic Transcript of Status Conference Proceedings held on 11-14-19 before Judge Brown. Court Reporter/Transcriber Todd Anderson, Telephone number 214-753-2170. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 |

| | | |
|---|---|---|
| | | calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (25 pages) Redaction Request due 3/24/2022. Redacted Transcript Deadline set for 4/4/2022. Release of Transcript Restriction set for 6/1/2022. (jta) (Entered: 03/03/2022) |
| 03/03/2022 | 168 | Notice of Filing of Official Electronic Transcript of Show Cause and Status Conference Hearing Proceedings held on 11-25-19 before Judge Brown. Court Reporter/Transcriber Todd Anderson, Telephone number 214-753-2170. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (171 pages) Redaction Request due 3/24/2022. Redacted Transcript Deadline set for 4/4/2022. Release of Transcript Restriction set for 6/1/2022. (jta) (Entered: 03/03/2022) |
| 03/03/2022 | 169 | Notice of Filing of Official Electronic Transcript of Telephone Conference Proceedings held on 11-27-19 before Judge Brown. Court Reporter/Transcriber Todd Anderson, Telephone number 214-753-2170. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (73 pages) Redaction Request due 3/24/2022. Redacted Transcript Deadline set for 4/4/2022. Release of Transcript Restriction set for 6/1/2022. (jta) (Entered: 03/03/2022) |
| 03/04/2022 | 170 | Pretrial Disclosures filed by Cheryl Butler. (Young, Ezra) (Entered: 03/04/2022) |
| 03/07/2022 | 171 | MOTION for Reconsideration re 166 Memorandum Opinion and Order,, filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Mediation Inquiry, # 2 Exhibit(s) Expert Disclosures MIA, # 3 Exhibit(s) Dunlap Emails, # 4 Exhibit(s) Scheduling Conflicts, # 5 Exhibit(s) Dunlap Admissions, # 6 Exhibit(s) Jan 7 Deadline, # 7 Exhibit(s) Hearing Trans 2, # 8 Exhibit(s) Pre Trial Order, # 9 Exhibit(s) Hearing Trans 3, # 10 Exhibit(s) Mitigation Produc, # 11 Exhibit(s) Hearing Trans 2) (Young, Ezra) (Entered: 03/07/2022) |
| 03/07/2022 | 172 | MOTION for Reconsideration re 166 Memorandum Opinion and Order,, filed by Cheryl Butler with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Mediation Inquiry, # 2 Exhibit(s) Expert Disclosures MIA, # 3 Exhibit(s) Dunlap Emails, # 4 Exhibit(s) Scheduling Conflicts, # 5 Exhibit(s) Dunlap Admissions, # 6 Exhibit(s) Jan 7 Deadline, # 7 Exhibit(s) Hearing Trans 2, # 8 Exhibit(s) Pretrial Order, # 9 Exhibit(s) Hearing Trans 3, # 10 Exhibit(s) Mitigation Produc, # 11 Exhibit(s) Hearing Trans 1) (Young, Ezra) (Entered: 03/07/2022) |

| | | |
|---|---|---|
| 03/07/2022 | 173 | ELECTRONIC ORDER: Status Conference via zoom reset for 3/8/2022 03:00 PM before Judge Ada Brown. (Ordered by Judge Ada Brown on 3/7/2022) (chmb) (Entered: 03/07/2022) |
| 03/08/2022 | 174 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Status Conference held on 3/8/2022. Attorney Appearances: Plaintiff - Andrew Dunlap, Ezra Young, John Green; Defense - Kim Askew, Mallory Biblo. (Court Reporter: Nikki Barr) (No exhibits) Time in Court - 01:40. **The 147 Motion for Reconsideration is hereby DENIED and the 151 Motion to Strike is found to be MOOT**. In today's hearing, the Court listed several reasons for denying Plaintiff Cheryl Butler's 147 Motion for Reconsideration of Motions to Withdraw and Substitute Counsel. The Court further notes its denial is based on a full review of the record and a totality of the circumstances. (chmb) Modified to add text on 3/8/2022 (epm). (Entered: 03/08/2022) |
| 03/08/2022 | 175 | TRIAL BRIEF by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 03/08/2022) |
| 03/08/2022 | 176 | Proposed Pretrial Order by Cheryl Butler. (Young, Ezra) (Entered: 03/08/2022) |
| 03/08/2022 | 177 | Proposed Pretrial Order *(Corrected)* by Cheryl Butler. (Young, Ezra) (Entered: 03/08/2022) |
| 03/08/2022 | 178 | Proposed Findings of Fact by Cheryl Butler. (Young, Ezra) (Entered: 03/08/2022) |
| 03/09/2022 | 179 | Supplemental Document by Cheryl Butler as to 174 Order on Motion for Reconsideration, Order on Motion to Strike, Status Conference . (Young, Ezra) (Entered: 03/09/2022) |
| 03/09/2022 | 180 | Transcript Order Form: transcript requested by Roy P. Anderson, Steven C. Currall, Rhonda Ice Adams, Julie P. Forrester, Harold Stanley, Jennifer M Collins, Southern Methodist University for Status Conference held 03/08/2022 (Court Reporter: Nikki Barr.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Askew, Kim) (Entered: 03/09/2022) |
| 03/09/2022 | 181 | MEMORANDUM OPINION AND ORDER denying 171 Motion for Reconsideration. (Ordered by Judge Ada Brown on 3/9/2022) (jmg) (Entered: 03/10/2022) |
| 03/10/2022 | 182 | ELECTRONIC ORDER finding as moot 172 Plaintiff Cheryl Butler's Motion for Reconsideration with Incorporated Brief. This motion is a duplicate of 171 . The Court dismissed that motion in its 181 Memorandum Opinion and Order. Therefore, this 172 motion is moot. (Ordered by Judge Ada Brown on 3/10/2022) (chmb) (Entered: 03/10/2022) |
| 03/10/2022 | 183 | MOTION for Reconsideration re 181 Memorandum Opinion and Order filed by Cheryl Butler with Brief/Memorandum in Support. (Young, Ezra) (Entered: 03/10/2022) |
| 03/14/2022 | 184 | NOTICE of Attorney Appearance by Maria Garrett on behalf of Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Filer confirms contact info in ECF is current.) (Garrett, |

| | | |
|---|---|---|
| | | Maria) (Entered: 03/14/2022) |
| 03/14/2022 | 185 | Proposed Findings of Fact by Roy P. Anderson, Jennifer M Collins, Steven C. Curral, Julie P. Forrester, Southern Methodist University, Harold Stanley. (Askew, Kim) (Entered: 03/14/2022) |
| 03/15/2022 | 186 | Notice of Filing of Official Electronic Transcript of Status Conference Proceedings held on 3-8-2022 before Judge Brown. Court Reporter/Transcriber Nikki Barr, Telephone number 214.753.2661 nikki_barr@txnd.uscourts.gov. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (84 pages) Redaction Request due 4/5/2022. Redacted Transcript Deadline set for 4/15/2022. Release of Transcript Restriction set for 6/13/2022. (nbb) (Entered: 03/15/2022) |
| 03/17/2022 | 187 | MEMORANDUM OPINION AND ORDER denying 183 MOTION for Reconsideration 181 Memorandum Opinion and Order. The Court ORDERS this case STAYED pending the Court's ruling on Defendants' motion for summary judgment. (Doc. 126). (Ordered by Judge Ada Brown on 3/17/2022) (jmg) (Main Document 187 replaced to correct typographical error on 3/18/2022) (epm). (Entered: 03/17/2022) |
| 03/25/2022 | 188 | First MOTION for Discovery *pursuant to Rule 56(d)* filed by Cheryl Butler with Brief/ Memorandum in Support. (Attachments: # 1 Exhibit(s) Hearing Trans, # 2 Exhibit(s) Tenure Box Contents, # 3 Exhibit(s) Tenure Box Contents (Collins), # 4 Exhibit(s) Emails btw counsel, # 5 Exhibit(s) Butler Dec. (Feb 2022), # 6 Exhibit(s) Request for Tenure Box, # 7 Exhibit(s) Emails btw counsel, # 8 Exhibit(s) Collins Dec., # 9 Exhibit(s) Third Comm. Tenure Rpt, # 10 Exhibit(s) Tenure Box Feb 2016, # 11 Exhibit(s) Curral Dep. Trans., # 12 Exhibit(s) Curral May 5, 2016 denial ltr, # 13 Exhibit(s) Apprehension of lawsuit in 2015, # 14 Butler Dec. (Mar 2022)) (Young, Ezra) (Entered: 03/25/2022) |
| 04/11/2022 | 189 | ORDER denying 188 Motion for Discovery pursuant to Rule 56(d). (Ordered by Judge Ada Brown on 4/11/2022) (oyh) (Entered: 04/11/2022) |
| 04/11/2022 | 190 | ORDER granting 126 Motion for Summary Judgment. An opinion containing the grounds for the Court's decision is forthcoming. (Ordered by Judge Ada Brown on 4/11/2022) (ygl) (Entered: 04/12/2022) |
| 12/02/2022 | 191 | MEMORANDUM OPINION, ORDER, AND ORDER TO SHOW CAUSE. For the reasons stated above, the Court DENIES Plaintiff's Motion to Reopen Discovery Pursuant to Rule 56(d). (Doc. 188). Furthermore, the Court ORDERS Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Young should sanctioned. The Court requests the clerk of the court to direct this Order to Plaintiff Cheryl Butler and her counsel Ezra Young by both mail and email. (Ordered by Judge Ada Brown on 12/2/2022) (ndt) |

| | | |
|---|---|---|
| | | (Entered: 12/02/2022) |
| 01/19/2023 | 192 | RESPONSE filed by Cheryl Butler re: 191 Order to Show Cause/Order to Answer,,, (Young, Ezra) (Entered: 01/19/2023) |
| 01/19/2023 | 193 | MEMORANDUM OPINION AND ORDER: Defendants' 126 Motion for Summary Judgment is GRANTED. All of Plaintiff's remaining counts (Counts 9 to 30) are hereby dismissed with prejudice. (Ordered by Judge Ada Brown on 1/19/2023) (twd) (Entered: 01/19/2023) |
| 01/19/2023 | 194 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Show Cause Hearing held on 1/19/2023. Attorney Appearances: Plaintiff - Ezra Young; Defense - Kim Askew, Mallory Biblo. (Court Reporter: Nikki Barr) (No exhibits) Time in Court - 03:12. (chmb) (Entered: 01/19/2023) |
| 01/19/2023 | 195 | ORDER: Although the Court finds and concludes Youngs conduct was sanctionable, the Court declines to sanction Young. Demonstrably, all of Plaintiffs remaining claims have been dismissed with prejudice. (See Doc. 193). The Court declines to impose any sanction on Young. However, the Court cautions Young and any counsel practicing within the Northern District moving forward to reflect the attorney standards promulgated in Dondi. (Ordered by Judge Ada Brown on 1/19/2023) (chmb) (Entered: 01/19/2023) |
| 01/19/2023 | 196 | FINAL JUDGMENT: Plaintiffs case is dismissed with prejudice. The Court instructs the Clerk of the Court to close this proceeding, notwithstanding. (Ordered by Judge Ada Brown on 1/19/2023) (chmb) (Entered: 01/19/2023) |
| 01/19/2023 | 197 | NOTICE OF APPEAL as to 187 Memorandum Opinion and Order,, Super U, 193 Memorandum Opinion and Order, 195 Order, 190 Order on Motion for Summary Judgment, 189 Order on Motion for Discovery, 143 Order on Motion to Strike, 166 Memorandum Opinion and Order,, 47 Order on Motion to Dismiss for Failure to State a Claim, 141 Order on Motion for Extension of Time, 144 Order on Motion to Withdraw, 191 Order to Show Cause/Order to Answer,,, 67 Order,, Terminate Motions, 181 Memorandum Opinion and Order to the Fifth Circuit by Cheryl Butler. Filing fee $505, receipt number ATXNDC-13455617. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Young, Ezra) (Entered: 01/19/2023) |
| 01/22/2023 | 198 | Notice of Filing of Official Electronic Transcript of Show-Cause Proceedings held on 1-19-2023 before Judge Brown. Court Reporter/Transcriber Nikki Barr, Telephone number 214.753.2661 nikki_barr@txnd.uscourts.gov. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is |

| | | |
|---|---|---|
| | | taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (131 pages) Redaction Request due 2/13/2023. Redacted Transcript Deadline set for 2/22/2023. Release of Transcript Restriction set for 4/24/2023. (nbb) (Main Document 198 replaced per chambers to correct typographical error on 1/25/2023) (ali). (Entered: 01/22/2023) |
| 01/27/2023 | | USCA Case Number 23-10072 in USCA5 for 197 Notice of Appeal filed by Cheryl Butler. (svc) (Entered: 01/27/2023) |
| 02/27/2023 | 199 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 197 Notice of Appeal filed by Cheryl Butler. Exhibits are available for public inspection at the clerk's office. (axm) (Entered: 02/27/2023) |
| 03/02/2023 | | Record on Appeal for USCA5 23-10072 (related to 197 appeal): Record consisting of: 9 ECF electronic record on appeal (eROA) is certified, 5 Volume(s) electronic transcript, Electronic exhibits, Sealed or ex parte electronic document number(s): 93,94,98,148,149 (circuit approval is required for access).<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 03/02/2023) |
| 07/18/2024 | 200 | ORDER of USCA as to 197 Notice of Appeal. The viewing of the sealed record by the Appellant is sua sponte GRANTED. (axm) (Entered: 07/22/2024) |
| 07/29/2025 | 201 | Opinion of USCA in accordance with USCA judgment re 197 Notice of Appeal filed by Cheryl Butler. REVERSED; VACATED, AND REMANDED, IN PART; AFFIRMED IN PART. (axm) (Entered: 08/01/2025) |
| 07/29/2025 | 202 | USCA Judgment/Mandate with Remand as to 197 Notice of Appeal filed by Cheryl Butler. Case remanded to the district court for further proceedings. Issued as Mandate: 7/29/2025. (axm) (Entered: 08/01/2025) |
| 11/05/2025 | 203 | ORDER: Joint Status Report due by 12/12/2025. Show Cause Response due by 11/19/2025. (Ordered by Judge Ada Brown on 11/5/2025) (knb) (Entered: 11/05/2025) |
| 11/07/2025 | 204 | Final MOTION to Withdraw 203 Order Setting Deadline/Hearing filed by Cheryl Butler (Dunlap, Andrew) (Entered: 11/07/2025) |
| 11/17/2025 | 205 | ORDER granting 204 Motion to Withdraw. The Court GRANTS withdrawal of Andrew A. Dunlap. (ECF No. 204). However, Butler no longer has local counsel. The Court ORDERS Butler to obtain local counsel on or before December 5, 2025. (Ordered by Judge Ada Brown on 11/17/2025) (ndt) (Entered: 11/17/2025) |
| 11/17/2025 | 206 | RESPONSE filed by Cheryl Butler re: 205 Order on Motion to Withdraw, 203 Order Setting Deadline/Hearing (Young, Ezra) (Entered: 11/17/2025) |

| | | |
|---|---|---|
| 11/26/2025 | 208 | (Document Restricted) Sealed Response re: 203 Order Setting Deadline/Hearing (Sealed pursuant to order dated 11/5/2025) filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward**(Notice: Any required service of this document is the responsibility of the filer.)** (Askew, Kim) (Entered: 11/26/2025) |
| 11/26/2025 | 209 | Unopposed MOTION to Withdraw as Attorney *DLA Piper LLP as Counsel* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Paul Ward (Askew, Kim) (Entered: 11/26/2025) |
| 11/26/2025 | 210 | MOTION to Substitute Attorney, added attorney Robin G Shaughnessy ,Aaron S Nava for Roy P. Anderson, Steven C. Currall, Julie P. Forrester, Paul Ward, Harold Stanley, Jennifer M Collins, Southern Methodist University. Motion filed by Roy P. Anderson, Steven C. Currall, Julie P. Forrester, Paul Ward, Harold Stanley, Jennifer M Collins, Southern Methodist University with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order)Attorney Robin G Shaughnessy added to party Roy P. Anderson(pty:dft), Attorney Robin G Shaughnessy added to party Jennifer M Collins(pty:dft), Attorney Robin G Shaughnessy added to party Steven C. Currall(pty:dft), Attorney Robin G Shaughnessy added to party Julie P. Forrester(pty:dft), Attorney Robin G Shaughnessy added to party Southern Methodist University(pty:dft), Attorney Robin G Shaughnessy added to party Harold Stanley(pty:dft), Attorney Robin G Shaughnessy added to party Paul Ward(pty:dft) (Shaughnessy, Robin) Modified text on 12/1/2025 (ykp). (Entered: 11/26/2025) |
| 11/26/2025 | 211 | ELECTRONIC ORDER: The Court hereby VACATES the Order granting Pro Hac Vice Status status for Ezra Ishmael Young (Doc. NO. 136). Ezra Ishmael Young's Pro Hac Vice status is REVOKED. John Green remains as Counsel for Plaintiff Butler. (Ordered by Judge Ada Brown on 11/26/2025) (chmb) (Entered: 11/26/2025) |
| 11/26/2025 | 212 | ****STRICKEN PER ORDER No. 225**** MOTION for Recusal filed by Cheryl Butler. ***FILED USING EMERGENCY FILING EMAIL*** (cea) Restricted document per 205 on 12/1/2025 (ali). Modified on 3/18/2026 (chmb). (Entered: 12/01/2025) |
| 11/26/2025 | 213 | ***DISREGARD - CORRECTED APPENDIX FILED AT DOCKET 214 *** Appendix in Support filed by Cheryl Butler re 212 MOTION for Recusal. ***FILED USING EMERGENCY FILING EMAIL*** (cea) Modified on 12/1/2025 (cea). Restricted document per 205 on 12/1/2025 (ali). (Entered: 12/01/2025) |
| 11/26/2025 | 214 | Corrected Appendix in Support filed by Cheryl Butler re 212 MOTION for Recusal. ***FILED USING EMERGENCY FILING EMAIL*** (cea) Restricted document per 205 on 12/1/2025 (ali). (Entered: 12/01/2025) |
| 12/01/2025 | 215 | ORDER granting Defendants' 209 Unopposed Motion to Withdraw and 210 unopposed Motion to Substitute Counsel: The Clerk is INSTRUCTED to remove Kim J Askew, Mallory Biblo, and Maria A Garrett of the law firm DLA Piper LLP as counsel for Defendants in this matter and terminate all electronic notices to them pertaining to the case. The Clerk is FURTHER INSTRUCTED to add Robin G Shaughnessy and Aaron S Nava of the law firm Troutman Pepper Locke LLP as lead counsel for Defendants in this matter. (Ordered by Judge Ada Brown on 12/1/2025) (twd) (Entered: 12/01/2025) |

| | | |
|---|---|---|
| 12/02/2025 | 216 | Case reassigned to Magistrate Judge Renee Harris Toliver for matters that may be referred. (cea) (Entered: 12/02/2025) |
| 12/06/2025 | 217 | NOTICE ON REVOCATION OF PRO HAC VICE -<br><br>The Court has been provided with a copy of Plaintiff Butler's mandamus petition as to the revocation of Counsel Ezra Young's pro hac vice admission. After reviewing, the Court believes the following clarification is needed to further explain Young's conduct that is referred in the petition and corresponding order(s).<br><br>For those reasons and the Court's myriad prior concerns, the Court revoked its prior order admitting Ezra Young to serve as Butler's counsel in this case. (ECF No. 211). (Ordered by Judge Ada Brown on 12/6/2025) (chmb) (Entered: 12/06/2025) |
| 12/11/2025 | 218 | Unopposed MOTION to Expedite *EXTENSION OF TIME* (), Unopposed MOTION for Extension of Time to File JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER filed by Cheryl Butler (Attachments: # 1 Proposed Order) (Green, John) (Entered: 12/11/2025) |
| 12/11/2025 | 219 | ORDER GRANTING 218 UNOPPOSED EXPEDITED MOTION FOR EXTENSION OF TIME TO FILE JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER: IT IS THEREFORE ORDERED that the deadline for the parties to file their Joint Status Report and Proposed Scheduling Order is extended to no later than 10 business days after the United States Court of Appeals for the Fifth Circuit issues its ruling on the pending mandamus petition. IT IS FURTHER ORDERED that the parties shall promptly notify the Court upon issuance of the Fifth Circuit's ruling. (Ordered by Judge Ada Brown on 12/11/2025) (kcr) (Entered: 12/12/2025) |
| 12/17/2025 | 220 | (Document Restricted) Sealed Response re: 212 Motion for Recusal (Sealed pursuant to order dated 11/17/2025) filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Southern Methodist University, Harold Stanley, Paul Ward (Attachments: # 1 Proposed Order)**(Notice: Any required service of this document is the responsibility of the filer.)** (Shaughnessy, Robin) (Entered: 12/17/2025) |
| 02/04/2026 | 223 | Received letter from USCA: The petition for writ of mandamus is DENIED. [USCA 25-11324] (axm) (Entered: 02/11/2026) |
| 02/06/2026 | 221 | Joint REQUEST for Clarification to Order re: 219 Order on Motions filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward (Shaughnessy, Robin) Modified text on 2/6/2026 (knb). (Entered: 02/06/2026) |
| 02/09/2026 | 222 | ORDER - Before the Court is the Parties' Joint Request for Clarification to Order, which seeks clarification on the Court's post-appeal joint status report. (ECF No. 221). The Parties shall file a Joint Status Report no later than ten (10) business days after the later of (a) February 18, 2026, if no motion for rehearing is timely filed, or (b) the date of the Fifth Circuit's ruling on the last of all timely filed motions for rehearing in In re Butler, No. 25-11324. (Ordered by Judge Ada Brown on 2/9/2026) (chmb) (Main Document 222 replaced on 2/9/2026) (chmb). (Entered: 02/09/2026) |
| 03/04/2026 | 224 | Joint STATUS REPORT filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward. (Shaughnessy, Robin) (Entered: 03/04/2026) |

| | | |
|---|---|---|
| 03/18/2026 | 225 | ELECTRONIC ORDER: The Court hereby STRIKES Plaintiff's Motion for the Recusal of the Honorable Ada Brown (ECF No. 212) as it was filed after Attorney Young's Pro Hac Vice had been vacated (ECF No. 211) for the myriad reasons detailed in the Court's Notice on Revocation of Pro Hac Vice (ECF No. 217). The Clerk is DIRECTED to strike Plaintiff's Motion for the Recusal of the Honorable Ada Brown (ECF No. 212). (Ordered by Judge Ada Brown on 3/18/2026) (chmb) (Entered: 03/18/2026) |
| 03/19/2026 | 226 | SCHEDULING ORDER: Deadline for mediation is on or before 12/18/2026. Jury Trial set for 5/25/2027 09:00 AM before Judge Ada Brown. Pretrial Conference set for 5/242027 10:00 A.M. Discovery due by 12/18/2026. Motions due by 1/22/2027. Pretrial Materials due by 5/10/2027.<br><br>Direction to The District Clerk: This Court granted summary judgment in favor of Defendant Southern Methodist University ("SMU"). See ECF Nos. 193, 195, 196. After Plaintiff appealed that ruling in Case No. 23-10072, the United States Court of Appeals for the Fifth Circuit did not remand any claims against SMU, who is therefore not a party in this proceeding. Accordingly, the Court DIRECTS the Clerk to terminate defendant SMU from this action. (Ordered by Judge Ada Brown on 3/19/2026) (chmb) Modified on 3/19/2026 (chmb). (Entered: 03/19/2026) |
| 04/13/2026 | 227 | NOTICE of Attorney Appearance by Brian P Sanford on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Sanford, Brian) (Entered: 04/13/2026) |
| 04/13/2026 | 228 | NOTICE of Attorney Appearance by Elizabeth Jane Sanford on behalf of Cheryl Butler. (Filer confirms contact info in ECF is current.) (Sanford, Elizabeth) (Entered: 04/13/2026) |
| 04/22/2026 | 229 | ORDER TO SHOW CAUSE: The Court hereby ORDERS former counsel for Plaintiff, Mr. Ezra Young, to appear in-person for a hearing on 4/24/2026 at 03:00 PM in US Courthouse, Courtroom 1310, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Ada Brown, to show cause (i) whether Mr. Young violated the Court's Order at ECF No. 205 regarding filing sealed documents; (ii) whether Mr. Young violated Federal Rule of Civil Procedure 11 ; (iii) whether Mr. Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Mr. Young should held in contempt or otherwise sanctioned. The purpose of this hearing is to give Mr. Young an opportunity to show cause why he should not be held in contempt of court or sanctioned. The only individual or party facing potential contempt or sanctions is Mr. Young. Mr. Young may file any response to this Order by 5pm CST 4/23/2026. Any such filing should be filed under seal. Show Cause Response due by 4/23/2026. (Ordered by Judge Ada Brown on 4/22/2026) (twd) (Entered: 04/22/2026) |
| 04/22/2026 | 230 | (Document Restricted) Letter to Court by Ezra Young (Sealed pursuant to order dated 4/22/2026) filed by Ezra Ishmael Young**(Notice: Any required service of this document is the responsibility of the filer.)** (Young, Ezra) (Entered: 04/22/2026) |
| 04/23/2026 | 231 | Designation of Mediator by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward. (Shaughnessy, Robin) (Entered: 04/23/2026) |
| 04/23/2026 | 232 | (Document Restricted) Sealed Response re: 229 Order to Show Cause/Order to Answer,,,, (Sealed pursuant to order dated 4/22/2026) filed by Ezra Ishmael Young**(Notice: Any required service of this document is the responsibility of the** |

| | | |
|---|---|---|
| | | **filer.)** (Young, Ezra) (Entered: 04/23/2026) |
| 04/23/2026 | 233 | MEDIATION ORDER. The court appoints Deborah G Hankinson as mediator. Alternative Dispute Resolution Summary form provided electronically or by US Mail as appropriate. Deadline for mediation is on or before 12/18/2026. (Ordered by Judge Ada Brown on 4/23/2026) (cea) (Entered: 04/24/2026) |
| 04/24/2026 | 234 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: Show Cause Hearing held on 4/24/2026. Ezra Young to file documentation of all court appearances by Tuesday, April 28, 2026. Written decision to follow. (Court Reporter: Nikki Barr) (Court Exhibits admitted 1-22.) Time in Court - 2:48. (chmb) (Entered: 04/24/2026) |
| 04/25/2026 | 235 | (Document Restricted) Letter of Mr. Ezra Young (Sealed pursuant to order dated 4/22/2026) filed by Ezra Ishmael Young**(Notice: Any required service of this document is the responsibility of the filer.)** (Young, Ezra) (Entered: 04/25/2026) |
| 04/27/2026 | 236 | DECLARATION OF THE HONORABLE ADA E. BROWN, UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS. (Ordered by Judge Ada Brown on 4/27/2026) (axm) (Main Document 236 replaced on 4/28/2026) (cea). (Main Document 236 replaced on 5/1/2026) (cea). (Additional attachment(s) added on 5/29/2026: # 1 Exhibit A) (rekc). (Entered: 04/27/2026) |
| 04/27/2026 | 237 | Index of Admitted Exhibits (Ordered by Judge Ada Brown on 4/27/2026) (cea) (Main Document 237 replaced on 4/28/2026) (cea). (Entered: 04/28/2026) |
| 04/27/2026 | 256 | ***PLEASE SEE DOC. 258 FOR AMENDED INDEX OF EXHIBITS***INDEX OF ADMITTED EXHIBITS. (kcr) Modified filed date on 6/18/2026 (kcr). Modified on 6/19/2026 (ctf). (Entered: 06/18/2026) |
| 04/28/2026 | 238 | (Document Restricted) Mr. Ezra Young's Response to Order (ECF No. 234) (Sealed pursuant to order dated 4/24/2026) filed by Ezra Ishmael Young**(Notice: Any required service of this document is the responsibility of the filer.)** (Young, Ezra) (Entered: 04/28/2026) |
| 05/01/2026 | 241 | (Document Restricted) Sealed Transcript of the 4/24/2026 Show Cause Hearing designated as a Highly Sensitive Document per Order (doc. 239 ). The transcript is maintained in paper. (ctf) (Entered: 05/05/2026) |
| 05/04/2026 | 239 | ORDER: The transcript of the 4/24/2026 Show Cause Hearing is FILED UNDER SEAL. The Clerk is DIRECTED to maintain the transcript in a manner that prevents public electronic access and limits dissemination, consistent with Miscellaneous Order 61-1. Additionally, access to the transcript is limited to parties and individuals authorized by the Court. Review may occur only at the Clerk's Office, upon reasonable advance notice, and in the presence of Court personnel. The Court finds that sealing and restricted access are necessary to serve compelling interests and that these actions are narrowly tailored to those interests. (Ordered by Judge Ada Brown on 5/4/2026) (ctf) (Entered: 05/04/2026) |
| 05/06/2026 | 242 | NOTICE OF INTERLOCUTORY APPEAL as to 191 Order to Show Cause/Order to Answer, 195 Order, 203 Order, 205 Order, 211 Order, 239 Order 237 Order, 229 Order to the Fifth Circuit by Ezra Ishmael Young. Filing fee $605, receipt number ATXNDC-16424264. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically |

| | | |
|---|---|---|
| | | noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Young, Ezra) (Entered: 05/06/2026) |
| 05/06/2026 | 247 | Notice of Option to Consent to Proceed Before the Magistrate Judge. If appropriate, party(ies) should return the signed consent form to the clerk. (Ordered by Magistrate Judge Renee Harris Toliver on 5/6/2026) (axm) (Entered: 05/11/2026) |
| 05/07/2026 | 243 | NOTICE of *Letter to the Court* filed by Ezra Ishmael Young re: 242 Notice of Appeal. (Young, Ezra) Modified text on 5/15/2026 (axm). (Entered: 05/07/2026) |
| 05/07/2026 | 244 | NOTICE of *Mr. Young's Letter to the Court* filed by Ezra Ishmael Young re: 242 Notice of Appeal. (Young, Ezra) Modified text on 5/15/2026 (axm). (Entered: 05/07/2026) |
| 05/08/2026 | 245 | Motion for Partial Judgment on the Pleadings and Brief in Support filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward with Brief/Memorandum in Support. (Shaughnessy, Robin) Modified text on 5/8/2026 (ykp). (Entered: 05/08/2026) |
| 05/09/2026 | 246 | NOTICE of Related Case filed by Ezra Ishmael Young (Attachments: # 1 Exhibit(s) Tudor Related Case Notice (5-8-26)) (Young, Ezra) (Entered: 05/09/2026) |
| 05/12/2026 | 248 | MOTION to Stay *Discovery* filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Shaughnessy, Robin) (Entered: 05/12/2026) |
| 05/12/2026 | 249 | NOTICE of *Request for Clarification* re: 247 Notice of Magistrate Judge Availability or Consent filed by Ezra Ishmael Young (Young, Ezra) (Entered: 05/12/2026) |
| 05/13/2026 | 250 | ORDER granting 248 Motion to Stay Discovery. It is ORDERED that the parties shall promptly notify the Court upon issuance of the Fifth Circuit's ruling. (Ordered by Judge Ada Brown on 5/13/2026) (ykp) (Entered: 05/13/2026) |
| 05/28/2026 | 251 | MOTION for Extension of Time to File Response/Reply to 245 Motion for Partial Judgment on the Pleadings and Brief in Support filed by Cheryl Butler (Sanford, Elizabeth) (Entered: 05/28/2026) |
| 05/29/2026 | 252 | ELECTRONIC ORDER granting 251 Motion to Extend Time to File Response/Reply. Response due by 6/5/2026. (Ordered by Judge Ada Brown on 5/29/2026) (chmb) (Entered: 05/29/2026) |
| 06/05/2026 | 253 | RESPONSE filed by Cheryl Butler re: 245 Motion for Partial Judgment on the Pleadings and Brief in Support (Sanford, Brian) (Entered: 06/05/2026) |
| 06/05/2026 | 254 | Appendix in Support filed by Cheryl Butler re 245 Motion for Partial Judgment on the Pleadings and Brief in Support, 253 Response/Objection (Attachments: # 1 Exhibit(s) 1-14) (Sanford, Brian) (Entered: 06/05/2026) |

| | | |
|---|---|---|
| 06/08/2026 | | USCA Case Number 26-10436 in USCA5 for 242 Notice of Appeal filed by Ezra Ishmael Young. (axm) (Entered: 06/08/2026) |
| 06/08/2026 | 255 | MOTION to Remand to State Court filed by Cheryl Butler with Brief/Memorandum in Support. (Sanford, Brian) (Entered: 06/08/2026) |
| 06/18/2026 | 257 | Redacted Transcript of the 4/24/2026 Show Cause Hearing designated as a Highly Sensitive Document per Order (doc. 239 ). (kcr) Modified on 6/18/2026 to remove public terminal restriction per the direction of the presiding judge (ctf). (Main Document 257 replaced on 6/19/2026) (frw). (Entered: 06/18/2026) |
| 06/19/2026 | 258 | INDEX OF ADMITTED EXHIBITS. (Ordered by Judge Ada Brown on 4/27/2026) (frw) (Main Document 258 replaced on 6/22/2026) (cea). (Main Document 258 replaced on 6/24/2026) (frw). (Entered: 06/19/2026) |
| 06/22/2026 | 259 | REPLY filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward re: 253 Response/Objection (Shaughnessy, Robin) (Entered: 06/22/2026) |
| 06/22/2026 | 260 | Unopposed MOTION to Withdraw as Attorney *John L. Green* (), Proposed MOTION to Withdraw filed by Cheryl Butler (Attachments: # 1 Proposed Order Graqnting Unopposed Motion to Withdraw) (Green, John) (Entered: 06/22/2026) |
| 06/23/2026 | 261 | ORDER STAYING DISCOVERY DEADLINES AND GRANTING 260 UNOPPOSED MOTION TO WITHDRAW. Attorney John L Green terminated. (Ordered by Judge Ada Brown on 6/23/2026) (axm) (Main Document 261 replaced on 6/24/2026) (frw). (Entered: 06/23/2026) |
| 06/25/2026 | 263 | ORDER of USCA as to 242 Notice of Appeal filed by Ezra Ishmael Young. Appellant's motion to lift the Highly Sensitive Document designation imposed by the Northern District of Texas on the 4/24/2026 hearing transcript is DENIED. [USCA 26-10436] (axm) (Entered: 06/29/2026) |
| 06/26/2026 | 262 | RESPONSE filed by Roy P. Anderson, Jennifer M Collins, Steven C. Currall, Julie P. Forrester, Harold Stanley, Paul Ward re: 255 MOTION to Remand to State Court (Shaughnessy, Robin) (Entered: 06/26/2026) |
| 06/30/2026 | 264 | ****DISREGARD PER ATTORNEY***** REPLY filed by Cheryl Butler re: 255 MOTION to Remand to State Court (Sanford, Brian) Modified on 7/13/2026 (kcr). (Entered: 06/30/2026) |
| 07/10/2026 | 265 | REPLY filed by Cheryl Butler re: 255 MOTION to Remand to State Court (Sanford, Brian) (Entered: 07/10/2026) |
| 07/14/2026 | | Record on Appeal for USCA5 26-10436 (related to 242 appeal): Record consisting of: 5 Volume(s) electronic transcript, Sealed or ex parte electronic document number(s): 27, 93, 94, 98, 148, 149, 207, 208, 214, 220, 230, 232, 235, 238, 240. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the |

| | | |
|---|---|---|
| | | Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 07/14/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/28/2026 13:40:00 | | | |
| **PACER Login:** | ezrasaurus | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:18-cv-00037-E |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST | § | |
| UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

# MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

# Table of Contents

TABLE OF AUTHORITIES ........................................................ iii

INTRODUCTION .........................................................................1

CERTIFICATE OF CONFERRAL..................................................1

BACKGROUND...........................................................................2

*Judge Brown's Connections to Defendants* ....................................2

*Favoritism of Defendants* .............................................................4

*Favoritism of Attorney Askew*.......................................................7

*Bias Towards Professor Butler*......................................................9

*Bias Towards Attorney Young*.....................................................13

*Butler's Request for Reassignment on Appeal* ..............................18

*Judge Brown's Recusals in Other Matters* ...................................18

ARGUMENT..............................................................................19

I. Recusal should be considered as directed by the Fifth Circuit's mandate..............................................................19

II. Alternatively, recusal is required on this record .............20

a. Defendants' objections to this motion lack merit ........20

b. Recusal is required under Section 455 .......................21

c. Due process is violated if Judge Brown does not recuse under the unique circumstances of this case .........................27

CONCLUSION...........................................................................29

# TABLE OF AUTHORITIES

**Cases**

*Caperton v. A.T. Massey Coal Co., Inc.*,
556 U.S. 868 (2009) ........ 27, 28

*Davis v. Board of School Commissioners of Mobile County*,
517 F.2d 1044 (5th Cir. 1975),
*cert denied*, 425 U.S. 944 (1976) ........ 25

*Fletcher v. Conoco Pipe Line Co.*,
323 F.3d 661 (8th Cir. 2003) ........ 22

*In re Murchison*,
349 U.S. 133, 137 (1955) ........ 27, 28

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988) ........ 22

*Liteky v. United States*,
510 U.S. 540 (1994) ........ 24, 25

*Mayberry v. Pennsylvania*,
400 U.S. 455 (1971) ........ 28, 29

*Roberts v. Bailar*,
625 F.2d 125 (6th Cir. 1980) ........ 22

*United States v. Jordan*,
49 F.3d 152 (5th Cir. 1995) ........................................................ 23

*United States v. Scroggins*,
485 F.3d 824 (5th Cir. 2007) ........................................................ 20

*Withrow v. Larkin*,
421 U.S. 35 (1975) ........................................................ 27

Statutes

28 U.S.C. § 455 ........................................................ *passim*

Rules

N.D. Tex. Local Rule 7.1 ........................................................ 1, 20, 21

## INTRODUCTION

Professor Butler respectfully moves the Honorable Judge Ada Brown to comply with the Fifth Circuit's mandate and immediately consider whether recusal is required.

Even if not directed by mandate to consider recusal, Professor Butler contends that Judge Brown's failure to disclose her past and ongoing relationships with Defendants and Attorney Askew requires recusal. In an excess of caution, Professor Butler additionally contends that recusal is required on this record because a reasonable outsider to this litigation would not believe that Judge Brown is free from prejudice against Professor Butler and Attorney Young and favoritism of Defendants and Attorney Askew in these proceedings.[1]

## CERTIFICATE OF CONFERRAL

As required by Local Rule 7.1, in advance of filing this motion Professor Butler, through Attorney Young, conferred with Defendants,

[1] The undersigned discloses that on November 25, 2025 Attorney Askew notified him via email that Defendants have terminated DLA Piper and Attorney Askew from this matter and intend to seek to substitute Troutman Sanders as counsel of record. No other details were shared with Attorney Young.

through Attorney Askew via email. At conferral, Defendants indicated they oppose this Motion because they (a) believe it untimely and (b) Defendants believe recusal is improper because Judge Brown's prior orders are legally correct. Additionally, Attorney Young reached out to Attorneys Shaughnessy and Nava minutes after they sought to be substituted as counsel for Defendants in this matter seeking confirmation their clients maintain the same position on this Motion. Attorney Shaughnessy promptly responded indicating the Defendants now simply oppose any motion to recuse Judge Brown. True copies of all conferrals is provided. App at 5–15.

## BACKGROUND

### *Judge Brown's Connections to Defendants*

In the course of representing Professor on appeal before the Fifth Circuit and the Texas Supreme Court, Attorney Young learned that Judge Ada Brown has long standing and enduring ties to Southern Methodist University, specifically its Dedman School of Law (SMU Law). These connections were not affirmatively disclosed by Judge Brown to the parties during these proceedings. *See* Petition for Rehearing (App. at 118–19).

According to publicly accessible records, Judge Brown served as an adjunct professor of trial advocacy at SMU Law. Official press releases and biographies suggest Judge Brown's employ fell between 2007 and 2017, a period that substantially overlaps with the allegations made in Professor Butler's operative complaint. *See, e.g.*, N.D. Texas Press Release (App. at 16–17); Fed. Judicial Ctr. Biography (*id.* at 18); Federalist Soc'y Biography (*id.* at 19–25); Judicial Nominee Questionnaire (*id.* at 26–76); *The Quad*, Fall 2017 (*id.* at 84–85).

Additionally, close in time it was also discovered that from the point Judge Brown was assigned this matter on September 18, 2019 (ECF No. 60), she has actively established new professional and social relationships with administrators, employees, and students at SMU Law. Close in time to presiding on this case, Judge Brown started participating in SMU Law's Federal Judicial Externship Program, which places current students in chambers for a minimum of 120 hours of training while enrolled in a JD program (App. at 77–78). During this same period, Judge Brown employed then student and later SMU Law graduate Christa Bunce in her chambers (*id.* at 79–83, 86–87). Based upon the foregoing, Ms. Bunce spent at least 120 hours in Judge Brown's

Chambers between January and May 2022—a critical period during in this litigation prior to appeal.

Throughout these proceedings, Judge Brown and SMU Law also publicly held themselves out as having enduring ties. These include Judge Brown doing in person events at SMU Law (App. at 88), as well as both the Dean of SMU Law and Dean of Career Services lauding their and SMU's connection to Judge Brown (*id.* at 89–90). As recently as Fall 2023, SMU Law's alumni magazine highlights Judge Brown's connections to the school (*id.* at 86–87).

***Favoritism of Defendants***

Judge Brown made numerous statements during these proceedings expressing avowed favoritism for Defendants. Taken in context, these statements would make any reasonable outsider to the litigation question whether Judge Brown is capable of being a true neutral.

Among other things, Judge Brown repeatedly lauded the supposed sterling reputation of SMU as an institution—this is inappropriate in any proceeding, but especially concerning in this case given that Butler alleges Defendants have and continue to engage in a concerted campaign

to tortiously defame her to cover up other torts and civil rights violations committed against her. Examples include but are not limited to:

- Characterizing SMU as "a prominent school with a sterling reputation in Texas." ECF No. 198 at 111.
- "Defendants having to prove a case at all, at this point, is prejudicial." ECF No. 186 at 66.

Judge Brown used her position as a judicial officer to inappropriately suggest that no one outside the litigation cared about Butler's plight, going so far as to insist that appellate courts, including the United States Supreme Court, would never hear Butler on the merits. Judge Brown similarly insisted that no news reporters cared about Butler because of SMU's strong community reputation. Examples include but are not limited to:

- "So there's no Law360 article; you're not certing this up to Justice Sotomayor. No one is watching this case." ECF No. 198 at 112.
- "I mean, nobody at SMU cares what somebody at Emory thinks about some nonsense. And this case, it turned out—turned out to be nonsense." *Id.* at 111–112.
- "Let's say every law school is watching. This case turned out to be trash. That is why it is not here anymore. There was a lot of allegations and not a lot of proving. And so this notion that you have

somehow besmirched SMU's reputation in this community is deeply misplaced." *Id.* at 113.

Despite being aware that Attorney Young had been retained to take Butler's case on appeal, Judge Brown went out of her way to insist on the record that Butler's case against SMU in particular was not worthy of serious consideration by higher appellate courts let alone the broader public. Examples include but are not limited to:

- "But I don't buy this, what you are selling me, that I was just giving Ms. Askew a heads-up because SMU might care what people think. Because nobody's reading this but you." ECF No. 198 at 115.

- "Please, please, please do not insult this Court by trying to get me to believe that you were somehow lending Ms. Askew a hand and letting her know how damaging your client's non-case was to SMU. SMU's reputation is—is still standing. This case went nowhere for a reason." *Id.* at 114.

- "This notion that there is somehow this public interest in—and whether or not discovery is reopened in your tenure box case is not a thing. It's just not a thing." *Id.* at 112.

- "There was no prima fascia [sic] case that could be made, because all the claims she made turned out to be nonsense" *Id.* at 113.

- "From everything I have seen in this case; and I have been on this rodeo longer than you, sir, there was nothing to send to a jury had it gone. That is why there is nothing left now." *Id.*

- "I think I have a decent feel for cases that people follow with great interest." *Id.* at 24.

*Favoritism of Attorney Askew*

The case docket is replete with examples of Judge Brown going out of her way to use her judicial role to aggrandize and express effusive praise upon Attorney Askew, often times in instances in which such statements had no relevance to issues before the Court. Examples include, but are not limited to:

- "Ms. Askew is an award-winning top litigator who has an outstanding reputation." ECF No. 198 at 76.
- "Ms. Askew has a really good reputation in the community." *Id.* at 9.

Judge Brown also repeatedly accused Attorney Young of defaming Attorney Askew in these proceedings. This was done despite Attorney Askew filing no motion for sanctions against Attorney Young. (And in spite of the fact that the only claims of defamation were brought by Professor Butler against Defendants.) For example, at the January 19, 2023 hearing. Judge Brown accused Young of making accusations against Attorney Askew personally in a period hearing on his Rule 56(d) motion—this is not happen because no such hearing was conducted on that motion. Examples include, but are not limited to:

- "And so you lobbied some incredibly serious accusations against Ms. Askew. And at the time when I asked you what you had, you had nothing. So you've now had lots of time." ECF No. 198 at 38.

- "This Court gave you a full, fair, fleshed-out, long hearing to show her some cause [on the Rule 56(d) motion]; remember that." *Id.* at 61.

- Even when Young attempted to correct Judge Brown—that no hearing had been given with respect to the missing tenure box—she attacked him insisting that, "You are not entitled to a hearing on getting on the Titanic when it has sunk." ECF No. 198 at 62.

Despite Defendants' refusal to propound evidence that they had produced the tenure box to Butler in discovery, Judge Brown, on the pretense that Attorney Askew's word at a hearing without corroborating evidence is sufficient to make findings of fact on production, insisted that the tenure box had been produced at a prior deposition. As one example,

- "I think she gave you the tenure box. I believe that to be true. I'm finding that fact on the record. I believe she produced it more than once. I believe that it was in your hands and that it was used in a deposition because – I believe that to be true. And I'm the fact-finder, and I've been here longer than you. And my job is to find facts and determine credibility" ECF No. 198 at 57–58.

Judge Brown also repeatedly chastised Attorney Young for calling Attorney Askew by her first name via email conferral, insinuating that it

was disrespectful to refer to counsel by her first name because she "is a woman of color, entitled to incredible respect" (p. 97).

While formal exchanges may weigh in favor of formal full names, Judge Brown overlooked that she herself in addition to Ms. Askew and Mr. Dunlap repeatedly referred to Attorney Young as "Ezra" throughout these proceedings in and outside of Court. *See, e.g.*, ECF No. 186 at 36 and ECF No. 198 at 31, 35, 44, 101 (Judge Brown); ECF No. 186 at 68–70 (Attorney Dunlap); ECF No. 188-4 at 2 (Askew referring to Young as Ezra).

***Bias Towards Professor Butler***

The record is replete with examples of Judge Brown casting aspersions at Professor Butler personally, denigrating her merits case for no proper purpose, and impugning and supposedly finding as fact that Butler does not tell the truth in this case at which the heart is Butler's insistence that Defendants tortiously defamed. Examples include but are not limited to:

- "You of all people don't need to be making allegations about people's credibility. I mean, if anybody has any—you know, I'll talk to you in a moment. So you know, I've had to—you are the only person I

have ever had to yell at to get them to stop talking. You have been incredibly disrespectful to this Court." ECF No. 186 at 37.

- Pontificating that Butler's "suggestion of bankruptcy" (ECF No. 104) is suspect. *Id.* at 14, 26.[2]

- "I want to make clear to you [Young] that the only misrepresentations I have heard so far in this case have been from your client." *Id.* at 31.

- Judge Brown accused Butler of hiring new counsel a month before an April 2022 trial setting. "[T]he Court really questions the credibility of her hiring a lawyer a month before trial." *Id.* at 78. But the docket reflects that Young was hired on January 6, 2022, three months prior to the trial setting for which he immediately sought scheduling relief. *See, e.g.,* ECF Nos. 133, 135, 147, 148, 192.

Judge Brown has repeatedly disparaged Butler's merits and inappropriately opined Butler had no legitimate cause to bring to federal court.

- "I'll just call it what it is—shenanigans in this case." ECF No. 186 at 14.

- "I've been in this soap opera for a couple episodes." *Id.* at 21.

---

[2] The propriety of Butler's bankruptcy case is not before the Northern District of Texas. However, judicial notice may be taken of the bankruptcy case docket which reflects Defendants repeatedly sought to be exempt from the automatic stay, they did not allege bankruptcy was sought for fraudulent reasons and no such finding was made by the Honorable Christopher Lopez. *See generally Cheryl Nelson*, No. 20-30890 (S.D. Tex. Bank.).

Repeatedly, Judge Brown used her judicial role to compel verbal answers from Professor Butler at hearings, only to threaten to hold her in contempt when she tried to respond. Similarly, on occasions when Professor Butler tried to respond to questions, Judge Brown muted her and falsely accused Butler of speaking over the Court. Examples include but are not limited to,

- Judge Brown admonished Butler personally for purportedly cutting off Attorney Askew's question, despite the only question being posed by the Court and it being Judge Brown who cut off Butler. ECF No. 186 at 35.
- "Erica, mute her. . . . Okay so something you may not know, sir, Ezra, in both hearings we had, your client was almost held in contempt both times for talking over me repeatedly." *Id.*
- At the January 19, 2023 show cause hearing Judge Brown opened the proceeding by threatening to hold Butler in contempt (ECF No. 198 at 6), despite the Order to Show Cause only purporting to threaten sanctions against Attorney Young personally (ECF No. 191).

Presented with a demand for discovery by Butler premised on Defendants' past failure to produce necessary evidence in this case, Judge Brown turned on Butler and accused her of malfeasance and failure to produce evidence. Examples include,

- Contending Professor Butler "Butler "has a disturbing past with this Court that – of not giving things she says she has" (ECF No. 198 at 40). That statement is not corroborated by filings on this docket.

- Judge Brown went on to accuse Butler of saying she had over one-hundred audio recordings and never producing them in discovery. (*id.* at 41). But that finding at the hearing is controverted by the record itself reflecting that Butler produced the audio files. *See, e.g.*, ECF No. 127 at 17 n.5 (admitting production).

Judge Brown also repeatedly disparaged Professor Butler's to Attorney Young at hearing in an overt effort to drive a wedge between them. For example,

- "This Court finds it really hard to believe that you would walk into this case and believe absolutely everything your client has said. You have to know at this point, and you had to know at the hearing, that your client doesn't always tell the truth. And that is just a fact. And if you have reviewed everything in this case, that's just a fact" ECF No. 198 at 42.

- "This notion that—you take on a case—I mean, the first clue is that you are the seventh lawyer. I can tell you, I'm a single woman. I don't date men who have six prior ex-wives, because the common element in all of them is that the relationship failed with them in it." *Id.* at 115.

- "Because let me tell you, you are the new husband, baby." "[I]f you read all the transcripts and been on the train since the beginning, you would have some skepticism." ECF No. 186 at 53.

***Bias Towards Attorney Young***

Judge Brown repeatedly insisted that federal judges in the Fifth Circuit are not obliged to provide reasons for decisions committed to their discretion, contrary to binding Circuit precedent. This basic rule could not possibly not be known to a competent jurist. The umbrage Judge Brown took to a request of counsel evidences prejudice. For example,

- "I think you are citing [a case] for the proposition that somehow I owe you an explanation when I deny your—your motion to reconsider. And I want to disabuse you of that notion." ECF No. 186 at 26.

- "So I just want to be real clear on how that rule works. Because when I read this, and I read your—I read all your paperwork, you seem to think that you are entitled to some reasoned opinion on my—denial. And you, in fact, are not. So I just want to disabuse you of that so that—so that, you know, we understand what the law really is." *Id.* at 39.

- "And as a former appellate judge, I've got to disagree. You know, there are some things that you absolutely are entitled to a reasoned opinion on. Something within my discretion, like 'yes' or 'no', you're not." *Id.* at 41.

- "I do not owe you a reasoned opinion on denying your motion. Any of them." *Id.* at 42.

- "[B]ut in Texas, at least in the Northern District—I don't know how they do it in New York—I don't owe you an answer other than denied or granted." *Id.* at 26–27.

Judge Brown's bias against Young impaired her capacity to keep basic timing facts of the case straight. For example, Judge Brown accused Young of not raising concerns about Dunlap prior to March 2022, when he had in fact raised those concerns in early January 2022. *Compare* ECF Nos. 135, 138, 147, 148 *with* ECF No. 186 at 80 ("And so if—if we had been talking about this in January, this might be a whole different deal. But it's not.").

Judge Brown also accused Attorney Young of charging Attorney Askew with "misconduct" at a previous hearing despite no such accusation being made. For example,

- "What basis you have for the remarks you made, accusing her of wild misconduct, that would be wholly inconsistent with her reputation before this Court, before this bar, and – and in this community." ECF No. 198 at 12–13.
- "So you have accused her of gross misconduct." *Id.* at 57.

Judge Brown faulted Young for filing papers drawing attention to Dunlap's mistreatment of Butler under seal (p. 28) ("She's accused Mr. Dunlap of horrific things and hiding discovery. Which I noticed you filed everything under seal so he doesn't get a chance to response." (p. 28). But

the record reflects Dunlap both was served with those documents and himself filed a sealed objection to them. ECF Nos. 148, 149.

Judge Brown's prejudice against Attorney Young personally, and imputation of that prejudice to Professor Butler  is well evidenced by the transcript of the January 19, 2023 show cause hearing. For example,

- Judge Brown threatened sanctions on the pretense that she disagreed with his "perception" of the record before the Northern District. ECF No. 198 at 20–21.

- Judge Brown purported to expand the scope of the inquiry from the matters identified in the December 2022 show cause order to unspecified incidents. *Id.* at 20 (Judge Brown indicating that she did not provide "an exhaustive list" of allegations against Young for the show cause hearing).

- Repeatedly Judge Brown admonished Attorney Young for explaining why he filed the Rule 56(d) motion and the representations he made therein. In pertinent part, Judge Brown said "I'm not getting into your 56(d) motion" despite that being the pretense of the Show Cause Order which noticed Young for due process reasons of what he must show to avoid sanction. *Id.* at 37.

- Judge Brown accused Attorney Young of cc'ing a third party on an email conferral with Attorney Askew (*id.* at 10–14). Judge Brown fabricated that Attorney Young was "flexing on Ms. Askew" by "include[ing] people with no connection to this case" on that conferral email." Later, Judge Brown opined that "I don't know who J. Green is." And, upon Attorney Young's answer that Mr. Green is Butler's counsel, Judge Brown incorrectly labeled him as "prior counsel." (*id.* 22–23).

- Judge Brown falsely accused Attorney Young of presenting no evidence to the Court that Defendants had not in fact produced Butler's tenure box in discovery (*id.* at 29). The evidence of the non-production of the tenure box was the Rule 56(d) motion filed by Attorney Young which (purportedly) was the basis of the show cause order.

- Judge Brown went on to opine at that same hearing that the tenure box had been produced because "it was attached to summary judgment" (*id.* at 62). But the docket reflects the tenure box was not included in Defendants' Summary Judgment Appendix.

- Judge Brown suggested Young had accused her of having "displeasure with doing my job" (*id.* at 14). At that same hearing, Judge Brown accused Young of suggesting "I don't want to do my job" which in turn she construed as "further evidence, in this Court's opinion, of your misbehavior" (*id.* at 15).

- Judge Brown accused Young of speaking "over me and opposing counsel" some thirty plus times at a prior hearing (ECF No. 198 at 42). Later on, Judge Brown's accusation shifted, accusing Young of "talk over me 30 times and her 30 times" (*id.* at 68). The transcript of the March 8, 2022 hearing reflects no such thing.

- Judge Brown accused Young of not seeking leave of Court to file summary judgment opposition out of time (*id.* at 71). Young filed several motions seeking leave to do precisely that.

- Judge Brown insisted that the production of Butler's tenure box had "been shot down in a 100 pages of writing by me, several motions. It was turned over. It was attached. It was –there were questions asked at a deposition that you –I mean . . . Summary Judgment— it was attached. This thing exists. The tenure box file was tendered multiple times. I saw it. I read it. It's a thing" (*id.* at 119). The docket of this case reflects that the only opinion on production of the tenure box was the December 5, 2022 show cause order which

is seventeen pages total in length. No evidence of the tenure box being propounded at a deposition was docketed in this matter.

- Judge Brown also lashed out at Attorney Young when he attempted to make a full record for the purpose of appeal. For instance, when Young asked for permission to speak uninterrupted to clearly answer a question posed about the Rule 56(d) motion, Judge Brown tore into Young suggesting he had no federal or appellate experience (*id.* at 44–45).

- Judge Brown threatened to order Young to disclose all judges before whom he had made argument over the course of three years on the pretense that he had failed to satisfy practice requirements or had misbehaved in other jurisdictions (*id.* 46–48).

- Judge Brown also repeatedly and without cause disparaged Young in open Court. Two examples illustrate animus. "There is nothing to support your claim, zero. I mean, if this were going to go to a jury, I would pour you out. You literally have no evidence" (*id.* at 69). "You are either ignorant or blind, I do not know which" (*id.*).

Additionally, on the night the instant Motion was made due by Judge Brown's order (ECF No. 203), at approximately 8:36pm central time, Judge Brown sua sponte entered an electronic order revoking Attorney Young's pro hac vice status (ECF No. 211). No explanation for the revocation was provided. This move by Judge Brown appears to be calculated retaliation for Young disclosing in response to the most recent show cause order that he cooperated with an investigation of Judge Brown in which her removal for incapacity is potentially at stake.

### *Butler's Request for Reassignment on Appeal*

Before the Fifth Circuit, Professor Butler requested that this matter be reassigned on remand because of the appearance of prejudice against her and her chosen counsel Attorney Young. Additionally, in her Petition for Rehearing, Butler's pointed out that Judge Brown failed to disclose to the parties the extent of her connections with Defendants as is required by federal law and canons governing federal judicial officers. On appeal, Butler proffered that recusal was not sought below because such motion would have been futile given Judge Brown's hostilities towards her and Attorney Young. The events of November 26, 2025 themselves corroborate Butler's suspicion of futility.

### *Judge Brown's Recusals in Other Matters*

To the extent that Defendants object to Judge Brown's recusal in this matter given her long involvement and the stage of these proceedings, those concerns are inapt in light of other matters in which Judge Brown has *sua sponte* elected to recuse (App. at 131–211).

## ARGUMENT

### I. RECUSAL SHOULD BE CONSIDERED AS DIRECTED BY THE FIFTH CIRCUIT'S MANDATE.

Professor Butler respectfully incorporates by reference Attorney Young's arguments in ECF No. 205 at 16–20. For the same reasons argued therein, Judge Brown is compelled by the Fifth Circuit's mandate (ECF No. 201 at 8–9) "on remand, to consider whether recusal may be warranted."

In further clarification, the mandate directs Judge Brown to consider recusal immediately upon remand. To date, the mandate's instruction has not been followed insofar as Judge Brown ordered the parties to brief recusal, established a deadline for briefing that extends her time presiding on this case until other matters (including revived sua sponte sanctions against Attorney Young) are resolved.

## II. ALTERNATIVELY, RECUSAL IS REQUIRED ON THIS RECORD.

### *A. Defendants' objections to this Motion lack merit.*

On the basis of two separate conferrals with two sets of Defendants' counsel over the course of two-weeks time, Professor Butler respectfully suggests that their objections to recusal of Judge Brown lack merit.

***Timeliness.*** Professor Butler files this motion at the behest of the Court's November 5, 2025 order seeking recusal briefing initiated by Butler "on or before November 26, 2025" (ECF No. 203 at 9). This Motion was filed within the time allotted by court order and thus is by definition, timely. *See generally* N.D. Tex. Local Rule 7.1 (scheduling for motion practice can be set by the presiding judge).

***Soundness of prior orders.*** Defendants' belief that prior orders issued by Judge Brown in this matter are legally sound is immaterial to whether recusal is necessary. *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (judicial rulings, or lack thereof, are not relevant to recusal).

***New counsels' opposition.*** Hours before this motion was due, Defendants' new counsel indicated via email conferral bare opposition "to any motion to recuse Judge Brown" (App. at __). No basis for that opposition was proffered, and more concerning still, it appears Defendants at the last minute decided to recant their prior premises for opposing this motion on the eve of its filing without cause or explanation.

Defendants' conduct by and through their counsel falls afoul of Local Rule 7.1(b) which obliges the movant to obtain by conferral and report to the Court why "agreement could not be reached." Defendants' suggestion that they might change their mind after briefing is underway is also inappropriate because it needlessly consumes judicial and attorney resources on opposition briefing that by Defendants own belated election might become moot.

### *B. Recusal is required under Section 455.*

On this record, Judge Brown's recusal from this matter is required pursuant to 28 U.S.C. § 455. To refresh, Section 455 is a self-executing directive under which federal jurists must recuse if at any point in the

proceedings a statutory criterion weighing in favor of recusal occurs. Recusal is required under both Sections 455(a).

In pertinent part, Section 455(a) directs that a judge must "disqualify herself in any proceeding in which her impartiality might be reasonably questioned" (cleaned up).

The jurist's impartiality is an objective criterion. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) (synthesizing amendment history that brought about objective test). Consequently, a judge should recuse "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). Where the question of disqualification is a close one, the judge "whose impartiality might reasonably be questioned must recuse." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

As explained at length *supra* Background, the record of this proceeding is replete with statements made by Judge Brown indicating favoritism of Defendants and their former chosen counsel Attorney Askew, and disfavor of Professor Butler and her chosen counsel Attorney Young. Coupled with Judge Brown's abject failure to affirmatively

disclose her past connections to Defendants, let alone the inappropriateness of Judge Brown brokering new relations with Defendants and their affiliates while this case is pending before her, tips the scales in favor of recusal.

The same is true with respect to Judge Brown's avowed ongoing professional relationship with Attorney Askew given repeated statements on the record by both that they know each other well, travel in the same social circles, and purportedly are members of the same niche local communities which Judge Brown insisted was a basis to trust Attorney Askew's unsubstantiated allegations and otherwise treat her (and her clients favorably) in this proceeding. If Judge Brown's partiality were in doubt, her sua sponte revocation of Young's pro hac vice status on the eve of this filing being due tips in favor of recusal.

Among others, *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995) is on point. Recusal was required under similar circumstances—the presiding judge was friends with an attorney who had been accused by a party of misconduct, and acrimonious litigation had caught the eye of media. While Butler has never filed a motion formally accusing Attorney Askew of misconduct personally, Judge Brown's repeated insistence that

such motion had been filed and her fervent insistence that Askew was owed an apology, would make any reasonable outsider to this litigation to question whether the Court cares more about protecting a friend than deciding a case on the merits. The same could be said with respect to Judge Brown's several statements insisting on the "sterling reputation" of SMU law and the Individual Defendants.

Defendants' suggestion at conferral that Judge Brown's statements and prior orders are legally sound misses not just that soundness is irrelevant to recusal, but that inexplicable invective of the ilk reflected on this docket is itself grounds for recusal. Justice Scalia's majority opinion in *Liteky v. United States*, 510 U.S. 540 (1994) is on point. The Court there recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 However, judicial remarks made within the proceeding require recusal "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *Id.*

This case's docket reflects in no uncertain terms that upon being assigned this case in September 2019, Judge Brown has conducted multiple sanctions hearings, some on motion, others sua sponte, all of

which were used by her and Defendants and Attorney Askew to besmirch, harass, and belittle Professor Butler and her chosen counsel Attorney Young. As a plaintiff, Professor Butler bears the burden to prove her claims by law and fact. But Judge Brown has used virtually every tool at her disposal (and some not properly allowed) to drive away Butler's chosen counsel, coerce confessions to misdeeds never committed by Butler or her attorneys, and ridiculed without warrant both Butler and Attorney Young.

Again, *Liteky* is on point. "A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." 510 U.S. at 551 (citing *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert denied*, 425 U.S. 944 (1976)).

The Fifth Circuit's decision in *Davis* is also on point. There it was held that recusal is required where the allegation of bias is of a continuing and personal nature, as opposed to bias against the attorney because of his conduct. 517 F.2d at 1050–51. Judge Brown's repeated

threats, admonishments of, and imprudent, ill-tempered invective at Attorney Young is not isolated.

At every opportunity, Judge Brown has gone out of her way to attack Attorney Young. That crusade was only paused by Butler's appeals. Upon remand, Judge Brown's first move was to try to resuscitate old threats of sanctions anew and baselessly accused Young of violating Local Rule 83.10, which Judge Brown had excused him from in January 2022.

That Judge Brown coupled the latest show cause order against Attorney Young with an instruction that filings regarding it must be made under seal drives home the improprieties at play for the reasonable outsider to this litigation. Court proceedings are public affairs. Federal trial courts are not star chambers. The public has a right to know what is going on in cases of national import, such as this matter. Conversely, the Judiciary has a responsibility to not public defame an attorney on the docket, then preemptively hide his merits response. Under these circumstances, a reasonable outsider to this litigation would believe Judge Brown is improperly using her judicial power to hide what is going on in these proceedings for an improper purpose.

Professor Butler takes no position with respect to the suggestion that Judge Brown may be suffering from an impairment of the sort that requires removal. Attorney Young leaves such determination to the Judiciary. However, Judge Brown's statements combined with her suspiciously close and ongoing relationships with Defendants and Attorney Askew in these proceedings run afoul of what justice requires. "Justice must satisfy the appearance of justice." *In re Murchison*, 349 U.S. 133, 136 (1955).

### *C. Due process is violated if Judge Brown does not recuse under the unique circumstances of this case.*

Additionally, Judge Brown's recusal is constitutionally required on this record because of her avowed bias against Attorney Young which has been imputed to his client Professor Butler.

Supreme Court precedent establishes "objective standards that require recusal when the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 872 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)) (cleaned up).

"It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process." *Caperton*, 556 U.S. at 876 (quoting *Murchison*, at 136)) (cleaned up). The Supreme Court has identified circumstances "in which experience taches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton*, 556 U.S. at 877 (quoting *Withrow*, 421 U.S. at 47) (cleaned up).

On this record, the constitution cannot tolerate Judge Brown continuing on as presiding judicial officer in this matter. It strains credulity that a neutral judicial officer would time and again go out of her way to penalize, attempt to sabotage, and twist court proceedings all in the favor of one side and against the other. This comes down to more than substantive legal error. It is outright prejudice that our constitution cannot tolerate.

Additionally, taking Judge Brown at her word that she is personally offended by arguments and statements made by Attorney Young in the course of his representation of Professor Butler, that alone requires recusal to preserve due process in these proceedings. A judge her believes herself vilified "necessarily becomes embroiled in a running, bitter controversy . . . . [n]o one [] is likely to maintain that calm detachment

necessary for fair adjudication." *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971). This inquiry is objective. "The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias'." *Caperton*, 556 U.S. at 881.

## CONCLUSION

For all of the foregoing reasons, Professor Butler respectfully requests that the Honorable Ada Brown issue a merits decision explaining why she has recused from this matter in accordance with the Fifth Circuit's mandate.

Dated: November 26, 2025

Respectfully submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com
ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

## CERTIFICATE OF COMPLIANCE

I hereby certify that in compliance with the Honorable Ada Brown's Chambers Rules, that **MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN** is written in 14-point font in the body and 13-point font in footnotes and contains 6,025 words.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed a copy of the foregoing with the Clerk of Court by sending it via email to USDCemergencyfile@txnd.uscourts.gov. I further certify that a true electronic copy of the foregoing has been emailed to Defendants' counsel via email, as consented by prior written agreement.

/s/ Ezra Young

Ezra Young (NY Bar No. 5283114)

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST | § | |
| UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

# APPENDIX TO MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

Pursuant to Northern District of Texas Local Rule 7.1(i), Professor Butler submits the following APPENDIX TO MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN.

| DESCRIPTION | APPENDIX PAGE |
|---|---|
| Conferral Emails | |
| Email, November 13, 2025 conferral | 5–10 |
| Email, November 17, 2025 conferral | 11–13 |
| Email, November 28, 2025 conferral | 14–15 |
| Evidence Supporting Recusal in this Matter | |
| Press Release, Ada Elene Brown, ND Texas | 16–17 |
| *Bio,* Ada Elene Brown, Federal Judicial Center | 18 |
| *Bio*, Ada Elene Brown, Federalist Society | 19–25 |
| Ada Elene Brown, Questionnaire for Judicial Nominees | 26–76 |
| SMU Law: Federal Judicial Externship Program | 77–78 |
| Christa Bunce (LinkedIn profile) | 79–81 |
| Christa Bunce (attorney profile Jackson Walker) | 82–83 |
| *The Quad* (Fall 2017) | 84–85 |

| | |
|---|---|
| *The Quad* (Fall 2023) | 86–87 |
| SMU Law Affiliates' Social Media Posts | 88–90 |
| SMU Law Event (Oct. 8, 2024) | 91–92 |
| Butler Petition for Rehearing (July 2025) | 93–103 |
| Judge Brown's Recusals in Other Matters | |
| *Premier Elect. LLC v. ADT LLC*, No. 3:18-cv-2036 (recused June 7, 2021) | 131–207 |
| *US v. Medoc* Health Servs., No. 3:17-cv-2977 (recused Nov. 12, 2019) | 208 |
| *United Healthcare Servs. v. Next Health*, No. 3:17-cv-243<br><br>*United Healthcare Servs. v. Synergen Health LLC*, No. 3:20-cv-301<br><br>*United Healthcare Servs. Rossel*, No. 3:21-cv-1547<br><br>(recused simultaneously May 16, 2022) | 209 |
| *Sanchez v. Dallas County Sheriff*, No. 3:20-cv-832<br><br>(recused May 24, 2022) | 210 |
| *DatRec, LLC v. UKG, Inc.*, No. 3:25-cv-1886<br><br>(recused July 21, 2025) | 211 |

## CERTIFICATE OF COMPLIANCE

I hereby certify that in compliance with the Honorable Ada Brown's Chambers Rules, that APPENDIX TO MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN is written in 14-point font.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system under seal. I further certify that a true electronic copy of the foregoing has been separately emailed to Defendants' counsel via email, as consented by prior written agreement.

Dated: November 26, 2025

Respectfully submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com
ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

**From:** **Askew, Kim** Kim.Askew@us.dlapiper.com
**Subject:** RE: Butler v Collins: Housekeeping; Scheduling Meet and Confer
**Date:** November 13, 2025 at 12:14 PM
**To:** Ezra Young ezra@ezrayoung.com
**Cc:** Biblo, Mallory Mallory.Biblo@us.dlapiper.com

Thanks for the clarification of your position on recusal. I will get back to you after conferring with my clients.

Kim J. Askew, Esq.

T +1 214 743 4506
F +1 214 665 5990
kim.askew@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

DLA PIPER

**From:** Ezra Young <ezra@ezrayoung.com>
**Sent:** Thursday, November 13, 2025 11:10 AM
**To:** Askew, Kim <Kim.Askew@us.dlapiper.com>
**Cc:** Biblo, Mallory <Mallory.Biblo@us.dlapiper.com>
**Subject:** Re: Butler v Collins: Housekeeping; Scheduling Meet and Confer

⚠EXTERNAL MESSAGE

Kim,

Confirming you plan to circle back next week. I am traveling starting Saturday November 15 and terminating on November 19, 2025 for an oral argument and other obligations in multiple courts in Kansas. I will check my email during that period, but am unlikely to be available via phone during normal working hours.

With respect to the forthcoming motion seeking recusal, and in satisfaction of the Local Rule requiring conferral in advance of any motion:

1) Professor Butler intends to point to mandatory recusal factors enumerated in 28 USC §455. These include but are not limited to: (a) Judge Brown's relationship with SMU and the Law School specifically as a former employee, active participation in SMU Law's externship program before and during these proceedings, and Judge Brown's public participation in SMU Law events during these proceedings; (b) Actual prejudice (as adduced by the record of this proceeding); and (c) Prejudice that a reasonable person would adduce to Judge Brown based on objective facts.

2) We anticipate including in the petition for recusal exhibits, including transcripts from prior hearings, recusal orders Judge Brown issued in unrelated cases citing less close relationships to the controversy and parties at issue but which she determined required recusal in those matters, among other things. We additionally anticipate pointing out as a matter of law that recusal on remand should have been considered before any other orders issued, and that Judge Brown's insistence on tying consideration of whether recusal is required to briefing on resuscitated sanctions against me personally, provides an independent mandatory ground for recusal in this matter.

3) We will also explain that the standard for reassignment on appeal is distinct from the standard for recusal after it has been ordered to be considered via Circuit mandate.

4) It is possible that additional points will be raised in Professor Butler's motion. The aforementioned points are what I am sure at this time Professor Butler plans to raise.

With respect to any of the delineated points above—if Defendants have reason to think some factors do not qualify, or are in a position to propose a different solution that is not a motion seeking recusal, Professor Butler is all ears. I'm happy to confer at length, but such conferral within the next calendar week will need to be done via email and likely (on my end) not entirely during daytime working hours.

Warmly,

Ezra

> On Nov 13, 2025, at 11:57 AM, Askew, Kim <Kim.Askew@us.dlapiper.com> wrote:
>
> Good Morning,
>
> I will get back to you next week.
>
> In the meantime, as Defendants consider its position on a motion to recuse, would you please tell us the basis on which you will seek recusal so that we are responding to the actual reasons you seek recusal of Judge Brown.
>
> Thanks.

Kim

Kim J. Askew, Esq.

T +1 214 743 4506
F +1 214 665 5990
kim.askew@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Ezra Young <ezra@ezrayoung.com>
**Sent:** Thursday, November 13, 2025 8:29 AM
**To:** Askew, Kim <Kim.Askew@us.dlapiper.com>
**Cc:** Biblo, Mallory <Mallory.Biblo@us.dlapiper.com>
**Subject:** Re: Butler v Collins: Housekeeping; Scheduling Meet and Confer

⚠EXTERNAL MESSAGE

Kim,

Good morning. I'm circling back on this.

Warmly,

Ezra

> On Nov 6, 2025, at 1:22 PM, Ezra Young <ezra@ezrayoung.com> wrote:
>
> Kim,
>
> Confirming your email. Thanks.
>
> Ezra
>
> > On Nov 6, 2025, at 1:21 PM, Askew, Kim

<Kim.Askew@us.dlapiper.com> wrote:

Good Afternoon Ezra,

We will get back to you once we have conferred with the clients.
Thank you.

Kim

Kim J. Askew, Esq.

T +1 214 743 4506
F +1 214 665 5990
kim.askew@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Ezra Young <ezra@ezrayoung.com>
**Sent:** Thursday, November 6, 2025 10:31 AM
**To:** Askew, Kim <Kim.Askew@us.dlapiper.com>
**Cc:** Biblo, Mallory <Mallory.Biblo@us.dlapiper.com>
**Subject:** Butler v Collins: Housekeeping; Scheduling Meet and Confer
**Importance:** High

⚠EXTERNAL MESSAGE

Kim,

I'm writing to reach out to you about the Northern District of Texas' November 5, 2025 order.

1) Can you please confirm whether you and Mallory Biblo remain counsel for the Individual Defendants in this matter?

2) The parties have been directed to file a Joint Status Report on or before December 12, 2025. Do you have availability to meet and confer via phone or Zoom to discuss the matters identified via the Court's order (Order pages 4–7, items 1

through 28) sometime the week of December 1, 2025?

3) Can you please indicate whether the Individual Defendants oppose Professor Butler's soon to be filed motion seeking recusal of the Honorable Judge Brown. If they oppose the motion, can you please (as required by Local Rule 7.1) indicate on what grounds the Individual Defendants oppose that motion? I am available to confer via phone, zoom, or email on this motion if you believe further discussion would be helpful to your clients.

4) Are the Individual Defendants interested in exploring settlement at this time? I am happy to discuss this matter at the meet and confer re the Joint Status Report.

Warmly,

Ezra

Ezra Young
Law Office of Ezra Young
210 North Sunset Drive
Ithaca, NY 14850
Cell: 949-291-3185
Email: ezra@ezrayoung.com
Web: ezrayoung.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.



**From:** **Ezra Young** ezra@ezrayoung.com
**Subject:** Re: Butler
**Date:** November 17, 2025 at 6:58 PM
**To:** Askew, Kim Kim.Askew@us.dlapiper.com
**Cc:** Biblo, Mallory Mallory.Biblo@us.dlapiper.com

Kim,

I have a 9am central call time for oral argument on November 18, 2025 before the Kansas Court of Appeals. So very briefly responding.

Thank you for the clarification on the items you identify below.

Sealed Briefings: Confirming. I will send to you via email. I will likely need to file on ECF while on an airplane. I will endeavor to email to you as soon as possible after it has been filed on ECF.

Recusal: Confirming Defendants' position. I will point out that the Fifth Circuit's mandate directs Judge Brown to consider recusal. Consequently, a timeliness objection is not viable. A circuit mandate must be followed by the trial judge upon remand. With respect to objective facts, I welcome Defendants response on the merits. If at some point in the briefing process Defendants wish to change their position, please feel free to reach out. I will point out that under Fifth Circuit precedent, if Judge Brown declines to recuse such order is immediately appealable to the Fifth Circuit.

Settlement: Confirming.

Meet and Confer: Confirming that Defendants will reach out before December 1, 2025 on status of counsel.

Warmly,

Ezra

> On Nov 17, 2025, at 5:38 PM, Askew, Kim <Kim.Askew@us.dlapiper.com> wrote:
>
> Good Afternoon,
>
> I can answer several questions for you at this juncture.
>
> Sealed Briefing on Recusal and Sanctions
>
> As long as I am designated lead counsel of record in this case, I can accept any filing on behalf of all Defendants before the Court, including all documents to be filed under seal in accordance with the Order entered by Judge Brown on 11/17/2025. I will accept the sealed documents.
>
> Recusal
>
> Defendants have had an opportunity to consider the reasons on which Plaintiff will seek recusal of Judge Brown. I appreciate your setting forth Plaintiffs' position in more detail in your email of 11/13/2025. Defendants oppose Plaintiff's planned recusal motion. First, the mandatory recusal standards of Section 455 are not met. We do not believe Judge Brown has any close personal relationship to the lawsuit Plaintiff has brought or with SMU that mandates recusal. Second, it is Defendants' position that Judge Brown acted within her discretion as a trial judge in her rulings which were proper and in

accordance with applicable law, as demonstrated by the fact that all her rulings on summary judgment were upheld on appeal to the Fifth Circuit. Third, Defendants do not agree with your position on the timing of the filing on recusal and the consideration of sanctions. Finally, Defendant oppose recusal because the bases on which you ground the motion show that the motion is untimely. Most of these issues could have been raised years ago in the trial court. As an example, issues related to her alleged background with SMU, alleged employment, and participation in SMU events and externships, could have been raised at any time since this case was assigned to Judge Brown in October 2019. Defendants have no basis for opining on your statement regarding "objective facts" because they believe that the objective facts in the record show that Judge Brown always acted within the law. Defendants do not agree with the grounds for the motion and oppose.

Settlement

Defendants will listen to any position Plaintiff has on settlement as part of the Joint Status Conference.

Meet/Confer/Representation

Defendants will get back to you in a prompt manner should there be any change in counsel and certainly before the week of December 1 so that the in-person meeting can be conducted well in advance of the December 12 filing.

Thank you.

Kim

Kim J. Askew

T +1 214 743 4506
F +1 214 665 5990
kim.askew@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.



**From:** **Ezra Young** ezra@ezrayoung.com
**Subject:** Re: Butler v Collins: Follow Up
**Date:** November 26, 2025 at 2:42 PM
**To:** Shaughnessy, Robin Robin.Shaughnessy@troutman.com
**Cc:** jlgreen488@aol.com, Nava, Aaron Aaron.Nava@troutman.com

Robin,

No worries about all caps.

(1) I'll indicate that in the motion and attach both conferrals.

(2) Thanks for your offer to host at your offices. Let me get back to you next week. I think it likely that December 5 will work best.

(3) Confirming.

Warmly,

Ezra

> On Nov 26, 2025, at 2:40 PM, Shaughnessy, Robin <Robin.Shaughnessy@troutman.com> wrote:
>
> Ezra, you are correct that Aaron and I are taking over for Defendants in this matter and, as you probably saw, we filed our Motion for Substitution of Counsel this afternoon. In response to your questions, see my responses below in CAPS. I apologize for responding in CAPS, but it won't let me change the color of the text so that's the only way I can highlight my response to your questions.
>
> Let us know if you have any questions.
>
> Thanks,
>
> Robin G. Shaughnessy
> Partner
> TROUTMAN PEPPER LOCKE
> Direct: 214.740.8629
> robin.shaughnessy@troutman.com
>
> -----Original Message-----
> From: Ezra Young <ezra@ezrayoung.com>
> Sent: Wednesday, November 26, 2025 12:36 PM
> To: Shaughnessy, Robin <Robin.Shaughnessy@troutman.com>; Nava, Aaron <Aaron.Nava@troutman.com>
> Cc: jlgreen488@aol.com
> Subject: Butler v Collins: Follow Up
> Importance: High
>
> !------------------------------------------------------------------|
> CAUTION: The sender's email address is unknown (not previously received).
> DO NOT click links or open attachments unless you confirm that this sender is legitimate and the content is safe.
> |------------------------------------------------------------------!
>
> Robin and Aaron,
>
> My understanding from Kim Askew is that you are taking over for Defendants.
>
> We have a few housekeeping matters to attend to. I'm not sure how much Kim shared with you.
>
> Quickly:
>
> 1) Kim indicates that Defendants oppose any motion to recuse Judge Brown because it is (a) untimely and (b) Defendants are convinced that all of Judge Brown's prior legal orders are sound. Can you confirm that Defendants maintain this position? All prior conferrals were conducted via email. DEFENDANTS ARE OPPOSED TO ANY MOTION TO RECUSE JUDGE BROWN. IN YOUR CERTIFICATE OF CONFERENCE, PLEASE STATE ONLY THAT DEFENDANTS ARE OPPOSED TO THE MOTION. DEFENDANTS RESERVE THEIR RIGHT TO FURTHER EXPLAIN SUCH OPPOSITION IN THEIR RESPONSE BUT ARE NOT PROVIDING A FORMAL RESPONSE TO (A) OR (B) AT THIS TIME.
>
> 2) Under the current scheduling order taken together with the local rules, we are required to confer in person in advance of the joint report due on December 12, 2025. I have been trying to schedule this with Kim for a couple weeks now to no avail. I need to fly to Dallas to meet you (I live and maintain an office in New York State). I also have other deadlines and obligations between now and then. At your convenience can you apprise me of your availability for such conferral. KIM FORWARDED US YOUR EMAIL WITH YOUR UNAVAILABLE DATES FOR THE IN-PERSON MEETING. WITH THOSE DATES IN MIND, WE ARE AVAILABLE ON THE FOLLOWING DATES TO MEET WITH YOU IN PERSON: DECEMBER 5, 10 AND 11. WE ARE HAPPY TO HOST THE MEETING AT OUR OFFICE IF YOU'D LIKE.
>
> 3) As a courtesy I am attaching Defendants' recently filed response to my response to the November 5, 2025 order to show cause. I intend to file a reply in which I will append an autogenerated transcript of a voicemail Kim Askew left me yesterday and email conferral. As I already told Kim, I do not think it appropriate for me to share with her additional details I know about an investigation opened against Judge Brown. If you have anything else to share on that matter, I'm happy to hear you out. WE ARE AWARE OF YOUR RESPONSE FILED UNDER SEAL BUT APPRECIATE THE COURTESY COPY.
>
> The only issue I need an immediate response on its item 1—Defendants' position on a motion to recuse Judge Brown.

Warmly,

Ezra Young

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.

Skip to main content
Directory

# Press Release: Ada Elene Brown

## You are here

Home
Wednesday, September 18, 2019

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**

**- News Release -**



**DALLAS, TX** – On September 18, 2019, Ada Elene Brown was sworn in by District Judge Ed Kinkeade to serve as United States District Judge for the Northern District of Texas. A formal investiture ceremony for Judge Brown will be held at a later date.

Judge Brown brings a wide range of criminal and civil law experience from both sides of the bench. She has most recently served for six years as a Justice on the Court of Appeals for the Fifth District of Texas in Dallas, where she handled all manner of appeals from Texas trial courts. Her tenure as an appellate judge was informed by her previous work as a trial judge in Dallas County Criminal Court
Number 1, by her civil litigation experience at McKool Smith, P.C., and by her years as an Assistant District Attorney and as a Family Violence Advocate for the Dallas County District Attorney's Office. Judge Brown also held a teaching post for three years at Southern Methodist University Dedman School of Law, where she was an adjunct professor of trial advocacy.

A dedicated public servant, Judge Brown received the Gubernatorial Yellow Rose of Texas Award in 2013 for significant contributions to the community. She has served as Commissioner for the Texas Commission on Law Enforcement Officer Standards and Education and as Commissioner for the Texas Department of Public Safety. She was named a Texas Monthly Magazine Super Lawyers Rising Star in 2005, 2012, and 2013.

Judge Brown is a faculty member for the National Institute for Trial Advocacy and a member of the SCRIBES American Society of Legal Writers. She is a member of the Dallas Bar Association, the Dallas Bar Foundation, and the Dallas Women Lawyers Association, and the Collin County Women Lawyers Association. She belongs to the JL Turner Legal Association, the National Bar Association, the American Bar Association, and the Federalist Society. Judge Brown is a Master of the Bench in the William "Mac" Taylor American Inn of Court, a member of the Junior League of Dallas, and a member of Mensa. Judge Brown speaks French and Spanish and enjoys reading and writing about legal issues. She is a graduate of Spelman College and Emory University School of Law, where she was a Presidential Scholar. Judge Brown is a tribal member of the Choctaw Nation of Oklahoma and a member of the Daughters of the American Revolution - Elizabeth Gordon Bradley Chapter. During her tenure on the Dallas Court of Appeals, Judge Brown was one of two African-American appellate jurists in the State of Texas. She is now the first African-American woman to serve as a district judge in the Northern District of Texas.

Court Information
Judges
Rules & Orders
Filing
Resources
FAQs
Attorneys
Jurors
Pro Se
Forms & Records

Federal Judicial Center (/)



# Brown, Ada Elene

Born 1974 in Oklahoma City, OK

**Federal Judicial Service:**
Judge, U.S. District Court for the Northern District of Texas
Nominated by Donald J. Trump on March 26, 2019, to a seat vacated by Terry R. Means. Confirmed by the Senate on September 11, 2019, and received commission on September 13, 2019.

**Education:**
Spelman College, B.A., 1996
Emory University School of Law, J.D., 1999

**Professional Career:**
Family violence advocate, Dallas County [Texas] District Attorney's Office, 1999-2000
Assistant district attorney, Dallas County, Texas, 2000-2005
Judge, Dallas County [Texas] Criminal Court Number One, 2005-2007
Private practice, Dallas, Texas, 2007-2013
Adjunct professor of trial advocacy, Southern Methodist University Dedman School of Law, 2008, 2009, 2012
Justice, Fifth Court of Appeals of Texas, 2013-2019



# Hon. Ada Brown

Judge, U.S. District Court, Northern District of Texas

Before joining the federal bench, Judge Brown served as a Judge on the Fifth Court of Appeals and on the Dallas County Criminal District Court in Dallas. Before joining the state bench, Judge Brown also served as an Assistant District Attorney for Dallas County, where she was a felony prosecutor for the Internet Crimes Against Children Unit. Judge Brown also practiced at McKool Smith in Dallas and was an adjunct professor of trial advocacy at SMU Dedman School of Law. She earned her BA, magna cum laude, from Spelman College, and her JD from Emory University School of Law.

*****

***A person listed on this page has spoken or otherwise participated in Federalist Society events, publications, or multimedia presentations. A person's appearance on this list does not imply any other endorsement or relationship between the person and the Federalist Society. In most cases, the biographical information on a person's bio page is provided directly by the person, and the Federalist Society does not edit or otherwise endorse that information. The Federalist Society takes no position on particular legal***

***or public policy issues. All expressions of opinion by a speaker or author are those of the individual.***

PAST EVENTS




This event has concluded.

*Sep*
20
2025

Saturday
8:30 a.m.
CST

---

## *Young Lawyers Panel: In-House Counsel Careers*

### *2025 Texas Chapters Conference*

AT&T Hotel and Conference Center
1900 University Ave
Austin, TX 78705

Speakers:

Paloma Ahmadi • Ada Brown • Caitlin A. Hawkins • Katie Jo Luningham

more

In-Person Event



This event has concluded.

*Jan*
16
2025

Thursday
12:00 p.m.
CST

---

## *Remarks from Judge Ada Brown*

### *Tyler Lawyers Chapter*

Willowbrook Country Club

3205 W Erwin Street
Tyler, TX 75702

Speakers:

Ada Brown

Sponsors:

Tyler Lawyers Chapter

In-Person Event



This event has concluded.

*Oct*
8
2024

Tuesday
12:30 p.m.
CST

# *Views From the Bench*

## *SMU Student Chapter*

SMU Dedman School of Law
3315 Daniel Ave
Dallas, TX 75205

Speakers:

Ada Brown • Jeffrey Vincent Brown • Jeremy Kernodle • Erin Nealy Cox • Jason K. Pulliam

more

Topics:

Jurisprudence

Sponsors:

SMU Student Chapter

In-Person Event



This event has concluded.

*Mar*
26
2024

Tuesday
12:00 p.m.
CST

---

# *Views from the Bench with Judges Brown, Hendrix, Kacsmaryk & Starr*

## *Dallas Lawyers Chapter*

Munsch Hardt Kopf & Harr, P.C.
500 N Akard St., #4000
Dallas, TX 75201

Speakers:

Ada Brown • James Wesley Hendrix • Matthew J. Kacsmaryk • Brantley Starr

more

Sponsors:

Dallas Lawyers Chapter

In-Person Event



This event has concluded.

*Apr*
18
2023

Tuesday
12:00 p.m.
CST

---

## *Views from the Bench*

### *Dallas Lawyers Chapters*

Belo Mansion
2101 Ross Ave
Dallas, TX 75201

Speakers:

Ada Brown • Sean D. Jordan • Mark Timothy Pittman • Brantley Starr

more

Sponsors:

Dallas Lawyers Chapter

**UNITED STATES SENATE**
**COMMITTEE ON THE JUDICIARY**

**QUESTIONNAIRE FOR JUDICIAL NOMINEES**

**PUBLIC**

1. **Name**: State full name (include any former names used).

   Ada Elene Brown

2. **Position**: State the position for which you have been nominated.

   United States District Court for the Northern District of Texas

3. **Address**: List current office address. If city and state of residence differs from your place of employment, please list the city and state where you currently reside.

   600 Commerce Street, Suite 200
   Dallas, Texas 75202

   Residence: Plano, Texas

4. **Birthplace**: State year and place of birth.

   1974; Oklahoma City, Oklahoma

5. **Education**: List in reverse chronological order each college, law school, or any other institution of higher education attended and indicate for each the dates of attendance, whether a degree was received, and the date each degree was received.

   1996 – 1999, Emory University School of Law; Doctor of Law, 1999

   1992 – 1996, Spelman College; Bachelor of Arts (magna cum laude), 1996

6. **Employment Record**: List in reverse chronological order all governmental agencies, business or professional corporations, companies, firms, or other enterprises, partnerships, institutions or organizations, non-profit or otherwise, with which you have been affiliated as an officer, director, partner, proprietor, or employee since graduation from college, whether or not you received payment for your services. Include the name and address of the employer and job title or description.

2013 – present
Fifth District Court of Appeals
600 Commerce Street, Suite 200
Dallas, Texas 75202
Justice

2008, 2009, 2012
Southern Methodist University
Dedman School of Law
3315 Daniel Avenue
Dallas, Texas 75205
Adjunct Professor of Trial Advocacy

2007 – 2013
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Litigation Attorney

2005 – 2007
Dallas County Criminal Court Number 1
133 North Riverfront Boulevard
Dallas, Texas 75207
Judge

2000 – 2005
Dallas County District Attorney's Office
133 North Riverfront Boulevard, L.B. 19
Dallas, Texas 75207
Assistant District Attorney

1999 – 2000
Dallas County District Attorney's Office
133 North Riverfront Boulevard, L.B. 19
Dallas, Texas 75207
Family Violence Advocate

1998 – 1999
The Honorable Mori Irvine Mediation Services
56 Forsyth Street, NW
Atlanta, Georgia 30303
Research Assistant

Summer 1998
Sharon Ware and Associates
2400 Century Parkway, Suite 200
Atlanta, Georgia 30345
Summer Clerk

1997 – 1999
Summit Oaks Apartments
1108 Montreal Rd.
Clarkston, Georgia 30021
1997-1999
Apartment Cleaner

1996 – 1999
Emory University School of Law
Hugh F. MacMillan Law Library
1301 Clifton Road
Atlanta, Georgia 30322
Law Library Help Desk

Summer 1997
The Honorable Doris Downs
Superior Court of Fulton County
T7955 Justice Center Tower
185 Central Avenue, SW
Atlanta, Georgia 30303
Summer Intern

Other Affiliations (uncompensated):
2013 – 2016
Texas Department of Public Safety Foundation
9600 Escarpment Boulevard, Suite 46
Austin, Texas 78749
Vice President and Board Member

7. **Military Service and Draft Status**: Identify any service in the U.S. Military, including dates of service, branch of service, rank or rate, serial number (if different from social security number) and type of discharge received, and whether you have registered for selective service.

   I did not serve in the military. I was not required to register for the selective service.

8. **Honors and Awards**: List any scholarships, fellowships, honorary degrees, academic or professional honors, honorary society memberships, military awards, and any other special recognition for outstanding service or achievement.

UNT School of Law Mock Trial Competition Final Round Judge (2015)

Yellow Rose of Texas Gubernatorial Award (2013)

Honorary Texas Ranger Captain Award (2013)

SuperLawyers Rising Star (2005, 2012, 2013)

Best Volunteer Editorial Columnist Award, Dallas Morning News (2012)

Best Feature Story Award State Bar of Texas (2008)

Endorsed by Dallas Morning News in contested election to retain my bench (2005)

Award for Academic Excellence in Mediation (1999)

Presidential Scholar Emory University School of Law, 1996-1999

9. **Bar Associations**: List all bar associations or legal or judicial-related committees, selection panels or conferences of which you are or have been a member, and give the titles and dates of any offices which you have held in such groups.

American Bar Association (2015 – present)

College of the State Bar of Texas (2008 – present (intermittent))

Collin County Bar Association (2014 – 2018)

Collin County Women Lawyer's Association (2016 – present)
- Director (2016)
- Advisory Board Member (2017 – present)

Committee for a Qualified Judiciary (2007)

Dallas Bar Association (2005 – present)
- Bench Bar Committee (2013 – 2015)
  - Co-Vice Chair (2014)
- Criminal Justice Committee Chair (2006, 2007)

Dallas Women Lawyers Association (2017 – present)

Federal Bar Association (2018 – 2019)

Federalist Society (2018 – present)

Higginbotham Inn of Court
    Barrister (2010 – 2013)

House Bill 7 Task Force Committee (2017– present)

JL Turner Bar Association (2007 – present (intermittent))

National Bar Association (2008 – 2018 (intermittent))

SCRIBES American Society of Legal Writers (2009 – present (intermittent))

Texas Center for the Judiciary
    Board member (2016 – 2018)
    Chair-Elect (2018)

William "Mac" Taylor Inn of Court
    Barrister (2014 – present)

10. **Bar and Court Admission**:

   a. List the date(s) you were admitted to the bar of any state and any lapses in membership. Please explain the reason for any lapse in membership.

   Texas, 2000

   There have been no lapses in membership.

   b. List all courts in which you have been admitted to practice, including dates of admission and any lapses in membership. Please explain the reason for any lapse in membership. Give the same information for administrative bodies that require special admission to practice.

   United States District Court for the Northern District of Texas, 2007
   United States District Court for the Eastern District of Texas, 2007
   Supreme Court of Texas, 2000

   There have been no lapses in membership.

11. **Memberships**:

   a. List all professional, business, fraternal, scholarly, civic, charitable, or other organizations, other than those listed in response to Questions 9 or 10 to which you belong, or to which you have belonged, since graduation from law school. Provide dates of membership or participation, and indicate any office you held. Include clubs, working groups, advisory or editorial boards, panels, committees, conferences, or publications.

African-African Republican Club of Collin County (2015 – present)

Alpha Kappa Alpha Sorority (1994 – present (intermittent))

Choctaw Nation of Oklahoma Tribal Member (1974 – present)

Dallas County Council of Republican Women
Recording Secretary (2010)

Daughters of the American Revolution, Elizabeth Gordon Bradley Chapter (2010 – present)

Golden Corridor Republican Women's Club (2012 – present)
Lincoln Day Dinner Chair (2014)

Junior League of Dallas (2017 – present)
Diversity and Inclusion Committee (2018)

Mensa (1994 – present)

National Society of the Women Descendants of the Ancient and Honorable Artillery Company (2010 – present)

Northway Christian Church
Volunteer Grief Counselor (2008 – 2009)

Supreme Court of Texas Beyond the Bench Planning Committee (2016 – 2017)

Texas Commission on Law Enforcement Officer Standards and Education
Commissioner (2007 – 2008)

Texas Department of Public Safety Commission
Commissioner (2008 – 2013)

Texas Department of Public Safety Foundation (2012 – 2018)
Vice-President and Member of Board of Directors (2013 – 2016)

Texas Mayflower Society and DFW Colony (2010 – present)

White Rock Republican Women's Club (2003 – 2013 (intermittent))

b. The American Bar Association's Commentary to its Code of Judicial Conduct states that it is inappropriate for a judge to hold membership in any organization

that invidiously discriminates on the basis of race, sex, or religion, or national origin. Indicate whether any of these organizations listed in response to 11a above currently discriminate or formerly discriminated on the basis of race, sex, religion or national origin either through formal membership requirements or the practical implementation of membership policies. If so, describe any action you have taken to change these policies and practices.

Alpha Kappa Alpha Sorority is a sorority that is open only to women. Daughters of the American Revolution is a service organization open only to women, although I understand there to be an equivalent organization for men. The National Society of the Women Descendants of the Ancient and Honorable Artillery Company is open only to women, although I understand there to be an equivalent organization that was open only to men until 2012. The Choctaw Nation of Oklahoma is open only to descendants of Dawes Rolls original enrollees. To the best of my knowledge, none of the other organizations listed in response to question 11a currently discriminates or formerly discriminated on the basis of race, sex, religion or national origin, either through formal membership requirements or the practical implementation of membership policies.

12. **Published Writings and Public Statements**:

a. List the titles, publishers, and dates of books, articles, reports, letters to the editor, editorial pieces, or other published material you have written or edited, including material published only on the Internet. Supply four (4) copies of all published material to the Committee.

*Life Lessons of Downton Abbey*, Dallas Morning News, Aug. 24,2013. Copy supplied.

*Courage in Kaufman*, Dallas Morning News, Apr. 14, 2013. Copy supplied.

*Pompoms and Good Lawyering*, Dallas Morning News, July 28, 2012. Copy supplied.

*On the Face of it—What Does a Criminal Look Like?*, Dallas Morning News, June 9, 2012. Copy supplied.

*The Negatives of Affirmative Action*, Dallas Morning News, Apr. 21, 2012. Copy supplied.

*DNA Isn't Definitive in Some Cases*, Dallas Morning News, Mar. 3, 2012. Copy supplied.

*TMI for Creeps—An Open Letter to McKenzie's Mom*, Dallas Morning News, Jan. 14, 2012. Copy supplied.

*New Year's Resolutions —for Others*, Dallas Morning News, Dec. 31,2011. Copy supplied.

*Kim Who? Google "Trooper Daniel Shown,"* Dallas Morning News, Dec. 3, 2011. Copy supplied.

*Racism 2.0*, Dallas Morning News, Oct. 8, 2011. Copy supplied.

*My Verdict Is In on the Courthouse—Three Lessons I Learned on the Bench*, Dallas Morning News, Aug. 13, 2011. Copy supplied.

*Remorse No Reason for Delay*, Dallas Morning News, July 22, 2011. Copy supplied.

*About Caraway's Judgment*, Dallas Morning News, Feb. 13, 2011. Copy supplied.

*It's All About CPS' Image*, Dallas Morning News, Feb. 23, 2008. Copy supplied.

*Keep Cats Inside*, Dallas Morning News, Jan. 13, 2008. Copy supplied.

*Premiums from a Turnip*, Dallas Morning News, Dec. 9, 2007. Copy supplied.

Batson *and Peremptory Strikes in Criminal and Civil Cases*, Dallas Bar Association Headnotes, Sept. 1, 2007. Copy supplied.

*I Apologize, and I Accept*, Dallas Morning News, Apr. 8, 2007. Copy supplied.

*I Like Being a Lawyer!*, Texas Lawyer, Feb. 12, 2007. Copy supplied.

*You Have to Make It Hurt*, Dallas Morning News, Oct. 8, 2006. Copy supplied.

*Ann Richards' Legacy*, Dallas Morning News, Sept.16, 2006. Copy supplied.

*What Lawyers Should Know About Internet Predators*, Dallas Bar Association Headnotes, Sept. 1, 2005. Copy supplied.

b. Supply four (4) copies of any reports, memoranda or policy statements you prepared or contributed in the preparation of on behalf of any bar association, committee, conference, or organization of which you were or are a member. If you do not have a copy of a report, memorandum or policy statement, give the

name and address of the organization that issued it, the date of the document, and a summary of its subject matter.

House Bill 7 Task Force, *Report of the House Bill 7 Task Force for Procedural Rules in Suits Affecting the Parent-Child Relationship Filed by a Governmental Entity*, Nov. 27, 2017. Copy supplied.

c. Supply four (4) copies of any testimony, official statements or other communications relating, in whole or in part, to matters of public policy or legal interpretation, that you have issued or provided or that others presented on your behalf to public bodies or public officials.

I have not given any such testimony or statements.

d. Supply four (4) copies, transcripts or recordings of all speeches or talks delivered by you, including commencement speeches, remarks, lectures, panel discussions, conferences, political speeches, and question-and-answer sessions. Include the date and place where they were delivered, and readily available press reports about the speech or talk. If you do not have a copy of the speech or a transcript or recording of your remarks, give the name and address of the group before whom the speech was given, the date of the speech, and a summary of its subject matter. If you did not speak from a prepared text, furnish a copy of any outline or notes from which you spoke.

July 11, 2017: Speaker, "Best Practices for Appealing Business Cases," Dallas Bar Association, Dallas, Texas. I spoke with appellate practitioners about best practices for appellate cases. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

August 15, 2016: Panel member, "The Jury Charge: Preservation, Pitfalls and Pointers." State Bar of Texas, Dallas, Texas. I spoke on a panel about the importance of a correct jury charge for appellate review. I have no notes, transcript or recording. The address for the State Bar of Texas is 1414 Colorado Street, Austin, Texas 78701.

August 7, 2016: Panel member, "Meet the Justices," Dallas Bar Association, Dallas, Texas. I spoke with appellate practitioners about best practices for appellate cases. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

July 18, 2016: Presenter, "How to Properly Preserve Error for Appellate Review in Cases with Expert Witnesses," State Bar of Texas, Austin, Texas. Recording and handout supplied.

July 13, 2016: Speaker, "Evidentiary Issues in Family Law," Dallas Bar Association, Dallas, Texas. I spoke about the evidentiary issues that tend to occur

in family law cases. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

July 8, 2016: Moderator, "Minority Clerkship Luncheon," Dallas Bar Association, Dallas, Texas. I was a moderator for a panel speaking about the importance of diversity in the legal profession. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

June 22, 2016: Panelist, "Judicial Panel Discussion on Changing Perspectives for Women in Practice," Collin County Women Lawyers Association, Plano Texas. I spoke about the issues facing women lawyers in the legal community. I have no notes, transcript, or recording. The address of the Collin County Women Lawyers Association is 1125 Legacy Drive, Suite 320, Frisco, Texas 75034.

May 11, 2015: Presenter, "Top Ten Evidentiary Reasons for Reversal," Texas Center for the Judiciary's College for New Judges, Dallas, Texas. Powerpoint supplied.

May 1, 2015: Presenter, "Achieving Excellence," DPS Command Staff College, Austin, Texas. I spoke about tips for achieving excellence. I have no notes, transcript or recording. The address of Texas DPS Command Staff College is 5805 North Lamar Boulevard, Austin, Texas 78752.

April 3, 2015: Presenter, "Top Ten Evidentiary Reasons for Reversal," Texas Center for the Judiciary, Austin, Texas. I spoke about the most common evidentiary reasons trial judges get reversed by the appellate court. I have no notes, transcript, or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

February 20, 2015: Presenter, "The Importance of Diversity in the Legal Profession." Texas A&M University School of Law, Fort Worth, Texas. I spoke of the importance of diversity in the legal profession. I have no notes, transcript or recording. The address for the Texas A&M University Law School is 1515 Commerce Street, Fort Worth, Texas 76102.

February 8, 2015: Presenter, "Introduction to the Court of Appeals." Coppell Republican Women's Club, Coppell, Texas. I spoke about the structure of the appellate court system in Texas and discussed the type of cases heard by my appellate court. I have no notes, transcript or recording. The address for the Coppell Republican Women's Club is Post Office Box 2151, Coppell, Texas 75019.

January 21, 2015: Presenter, "Tips for New Appellate Practitioners," Dallas Bar Association, Dallas, Texas. I spoke about appellate practice points for new appellate practitioners. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

November 18, 2014: Presenter, "DAYL New Lawyers Swearing In Ceremony," Dallas Bar Association, Dallas, Texas. I spoke about lawyering with ethics. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

October 23, 2014: Panelist, "Emerging Appellate Issues," Dallas Bar Association, Dallas, Texas. I spoke about trends in appellate law. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

July 26, 2014: Presenter, "Evidence in an Electronic Age," State Bar of Texas, Austin, Texas. Recording and handout supplied.

July 24, 2013 – August 1, 2013: Teacher, National Institute for Trial Advocacy (NITA) National Session, Boulder, Colorado. I taught the fundamentals of trial advocacy to lawyers. I have no notes, transcript, or recording. The address of NITA is 1685 38th Street, Boulder, Colorado 80301.

July 23, 2013: Presenter, "Evidence in an Electronic Age," State Bar of Texas, Austin, Texas. Recording and handout supplied.

May 9 – 10, 2012: Teacher, National Institute for Trial Advocacy (NITA) Maryland Foster Care Improvement Project, Baltimore MD. I taught the fundamentals of trial advocacy to lawyers. I have no notes, transcript, or recording. The address of NITA is 1685 38th Street, Boulder, Colorado 80301.

February 19, 2011: Presenter, "Law Trends," Texas Center for the Judiciary, Austin, Texas. I spoke about trends in various areas of law. I have no notes, transcript, or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

December 8 – 10, 2011: Teacher, National Institute for Trial Advocacy (NITA) Deposition Skills Rocky Mountain, Boulder, Colorado. I taught the fundamentals of taking depositions. I have no notes, transcript, or recording. The address of NITA is 1685 38th Street, Boulder, Colorado 80301.

September 2011: Presenter, "Civil Case Law Update" Texas Center for the Judiciary Annual Conference, Dallas, Texas. I spoke about the changes in civil case law in the past year. I have no notes, transcript or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

August 10 – 12, 2011: Teacher, National Institute for Trial Advocacy (NITA) Utah Child Advocacy Training Program, Salt Lake City, Utah. I taught lawyers fundamental trial skills. I have no notes, transcript, or recoding. The address for NITA is 1685 38th Street, Boulder, Colorado 80301.

September 2010: Presenter, "Civil Case Law Update" Texas Center for the Judiciary Annual Conference, Dallas, Texas. I spoke about the changes in civil case law in the past year. I have no notes, transcript or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

September 2009: Presenter, "Civil Case Law Update" Texas Center for the Judiciary Annual Conference, Dallas, Texas. I spoke about the changes in civil case law in the past year. I have no notes, transcript or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

September 2008: Presenter, "Civil Case Law Update" Texas Center for the Judiciary Annual Conference, Dallas, Texas. I spoke about the changes in civil case law in the past year. I have no notes, transcript or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

September 2007: Presenter, "Civil Case Law Update" Texas Center for the Judiciary Annual Conference, Dallas, Texas. I spoke about the changes in civil case law in the past year. I have no notes, transcript or recording. The address of the Texas Center for the Judiciary is 1210 San Antonio Street, Austin, Texas 78701.

November 12, 2005: Presenter, "Prosecution of Internet Predators" Dallas Bar Association, Dallas, Texas. I spoke about prosecution of internet crimes against children. I have no notes, transcript, or recording. The address of the Dallas Bar Association is 2101 Ross Avenue, Dallas, Texas 75201.

July 21, 2005: Presenter, "Prosecution of Internet Crimes" Presented at State Bar of Texas Advanced Criminal Law, Austin, Texas. I spoke about prosecution of internet crimes against children. I have no notes, transcript, or recording. The address of the State Bar of Texas is 1414 Colorado Street, Austin, Texas 78701.

e. List all interviews you have given to newspapers, magazines or other publications, or radio or television stations, providing the dates of these interviews and four (4) copies of the clips or transcripts of these interviews where they are available to you.

John G. Browning, *Chief Justice Carolyn Wright: A Profile in*

*Excellence*, Journal of the Texas Supreme Court Historical Society, Summer 2018. Copy supplied.

*An Interview with Justice Ada Brown*, Attorney at Law Magazine, Feb. 2015. Copy supplied.

Natalie Posgate, *McKool Smith's Ada Brown Secures Dream Job, Returns to Judgeship*, Texas Lawbook, Sept. 6, 2013. Copy supplied.

*McKool Smith Associate Ada Brown Appointed to the Dallas 5th Court of Appeals*, Tex Parte, Sept. 4, 2013. Copy supplied.

*McKool Smith Attorney Ada Brown Appointed as Justice of Texas 5th Court of Appeals*, McKool Smith, Sept. 3, 2013. Copy supplied.

*Texas Senate Confirms Commissioners Brown and Watson*, Targeted News Service, Apr. 17, 2013. Copy supplied.

Wick Allison, *The Abysmal Mess That Is the Texas DMV*, D Magazine, Mar. 30, 2012. Copy supplied.

*Pure Genius: Black Mensa Members*, BET.com, Feb. 22, 2012. Copy supplied.

Michael Landauer, *Welcome to the Living Well in North Texas Blog*, Dallas Morning News, Feb. 7, 2012. Copy supplied.

Michelle Healy, *Mensa Gets on a Young Brain Wave*, USA Today, Oct. 11, 2010. Copy supplied.

John Council, *Life after the Bench*, Texas Lawyer, Mar. 24, 2008. Copy supplied.

*County Criminal Court: We Recommend These Candidates in Fall Election*, Dallas Morning News, Sept. 26, 2006. Copy supplied.

Steve McGonigle et al., *A Process of Juror Elimination*, Dallas Morning News, Aug. 21, 2005. Copy supplied.

Steve McGonigle et al., *Prosecutor Tackles Race Issue Head-On*, Dallas Morning News, Aug. 21, 2005. Copy supplied.

Robert Tharp, *Child Porn Cases Hit Brick Wall*, Dallas Morning News, July 14, 2005. Copy supplied.

13. **Judicial Office**: State (chronologically) any judicial offices you have held, including positions as an administrative law judge, whether such position was elected or appointed, and a description of the jurisdiction of each such court.

I was a trial court judge from 2005-2007. This position was appointed and I had jurisdiction over criminal misdemeanor cases in Dallas County. Since 2013, I have been an appellate court judge. I was initially appointed in 2013 and elected to my position in 2014. I have jurisdiction over criminal and civil appeals from six counties.

a. Approximately how many cases have you presided over that have gone to verdict or judgment?

As an appellate justice, I do not preside over cases that go to verdict or judgment, but since I joined the appellate bench, I have heard approximately 1500 appeals and I have written over 500 opinions. As a trial court judge, I presided over approximately 50 jury trials and 100 bench trials.

i. Of these, approximately what percent were:

| | |
|---|---|
| jury trials: | 33% |
| bench trials: | 67% [total 100%] |
| civil proceedings: | 50% |
| criminal proceedings: | 50% [total 100%] |

b. Provide citations for all opinions you have written, including concurrences and dissents.

See Appendix 13(b).

c. For each of the 10 most significant cases over which you presided, provide: (1) a capsule summary of the nature the case; (2) the outcome of the case; (3) the name and contact information for counsel who had a significant role in the trial of the case; and (3) the citation of the case (if reported) or the docket number and a copy of the opinion or judgment (if not reported).

1. *Brantley v. State*, No. 05–13–01060–CR, 2015 WL 846749 (Tex. App.—Dallas Feb. 26, 2015, no pet.) (not designated for publication).

After a jury found Defendant guilty of murder and assessed a thirty-five year prison sentence for a shooting arising out of an altercation in a nightclub's parking garage, Defendant filed a motion for new trial on the grounds of prosecutorial misconduct. Instead of holding the motion for new trial hearing in open court, the trial judge held the hearing in his chambers, allowed the state to be present for the proceedings but excluded Defendant and his attorney from attending the in-chambers portion of the hearing. The court allowed defense counsel to propose a list of questions the judge himself would ask prosecutors

during his in camera ex-parte interview of the prosecutors accused of Brady violations. Finding the motion for new trial hearing violated Defendant's constitutional rights, I authored an opinion reversing the trial court's denial of Defendant's motion for new trial, unsealing the record, and remanding the case for a new hearing.

<u>Counsel for Appellant:</u>
Lynn Richardson
Dallas County Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Christi Dean
Assistant Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Brad Lollar
Assistant Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

<u>Lead Counsel for State:</u>
Lori Ordiway
Former Assistant District Attorney
350 North St. Paul Street, #2010
Dallas, Texas 75201
(214) 236-7027

Martin Peterson
Assistant District Attorney
133 North Riverfront Boulevard, L.B. 19
Dallas, Texas 75207-4399
(214) 653-3600

Faith Johnson
Former District Attorney
1717 Main Street, Suite 3800
Dallas, Texas 75201
(214) 276-0552

2. *Trejo v. Huy*, No. 05–14–00310–CR, 2015 WL 4109989 (Tex. App.—Dallas July 8, 2015, pet. denied) (mem. op.).

This appeal arose out of a bench trial on a premises liability claim. When the case was called for trial, the trial judge determined Plaintiff, who was pro se, would need an interpreter. The judge said, "I am simply unable to envision completing this trial without [Plaintiff] having the services of an interpreter. I can't understand him. I doubt the jury would be able to understand him…" After making the determination that Plaintiff needed an interpreter, the judge sua sponte suggested the parties waive a jury trial. Before an interpreter was provided, the judge asked Plaintiff to waive his right to a jury trial. I wrote an opinion finding the trial court abused its discretion in failing to ensure Plaintiff knowingly waived his constitutional right to a jury trial. Finding fundamental error, I reversed the trial court's judgment and remanded the case for a new trial on liability and damages.

Lead Counsel for Appellant:
James J. Doyle, III
The Doyle Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(214) 522-6202

Lead Counsel for Appellee:
Walker M. Duke
Duke Seth PLLC
325 North St. Paul Street, Suite 2220
Dallas, Texas 75201
(214) 965-8100

3. *Daugherty v. Highland Capital Management*, No. 05-14-01215-CV, 2016 WL 4446158 (Tex. App.—Dallas Aug. 22, 2016, no pet.) (mem. op.).

This was an appeal of a multimillion dollar jury award arising from a contract. Plaintiff sued Defendant, its former employee, for claims including breach of contract, breach of fiduciary duty, defamation, and theft of trade secrets. Defendant answered and asserted counterclaims against Plaintiff for breach of contract and defamation. Defendant also sued Highland Employee Retention Assets (HERA) for breach of contract and conversion. On appeal, Defendant challenged the judgment's award of $2.8 million in attorney's fees and an injunction against him in Plaintiff's favor. Plaintiff challenged the jury's finding of zero appellate attorney's fees. HERA challenged the judgment of $2.6 million against it for breach of an implied duty of good faith and fair dealing. I wrote an opinion affirming the trial court's judgment.

Lead Counsel for Appellant Patrick Daugherty:
Charles T. Frazier, Jr.
Alexander, Dubose, Jefferson & Townsend LLP
4925 Greenville Avenue, Suite 510
Dallas, Texas 75206
(214) 369-2358

Lead Counsel for Appellee Highland Capital Management, L.P.:
Scott Brister
Andrews Kurth LLP
111 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 320-9220

Marc D. Katz
DLA Piper LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4534

Counsel for Appellee HERA:
Michael K. Hurst
Lynn Pinker Cox & Hurst
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3838

A. Shonn Brown
Lynn Pinker Cox & Hurst
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3807

4. *In re Priester*, No. 05-16-00965-CV, 2016 WL 7010583 (Tex. App.—Dallas Nov. 21, 2016, orig. proceeding)(mem. op.).

This was a mandamus where I found the trial court had a mandatory duty to grant a motion to vacate an expedited foreclosure order. Finding the court abused its discretion by denying the motion to vacate, I conditionally granted the writ of mandamus.

Counsel for Relator:
James Mosser
Mosser Law
2805 North Dallas Parkway

Plano, Texas 75093
(972) 733-3223

Nicholas Mosser
Mosser Law
2805 North Dallas Parkway
Plano, Texas 75093
(972) 733-3223

Lead Counsel for Real Party in Interest:
Jeffrey Seewald
McGlinchey Stafford
1001 McKinney St Ste 1500
Houston, TX 77002-6420
(713) 520-1900

5. *In Re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970 (Tex. App.—Dallas Mar. 9, 2016, orig proceeding) (mem. op.).

This was a petition for writ of mandamus filed after the trial court ordered Respondent to produce tire specifications and financial information in a products liability suit arising from an auto accident. The trial court signed an order expanding the scope of discovery to include information that constituted trade secrets. My appellate panel determined the trial court abused its discretion by ordering Respondent to produce aspect and tire specifications Respondent successfully proved were covered by the trade secret privilege and which had no apparent connection to the alleged defects of the tire at issue in this case. I wrote the opinion which conditionally granted mandamus relief and ordered the trial court to vacate the overbroad portions of its order.

Counsel for Real Parties in Interest:
Luis P. Guerra
Law Offices of Luis P. Guerra
6225 North 24th Street, Suite 125
Phoeniz, Arizona 85016
(602) 381-8400

David C. Shapiro
Law Offices of Luis P. Guerra
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
(602) 381-8400

David S. Coale
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700

Dallas, Texas 75201
(214) 292-3601

James B. Ragan
723 Coleman Avenue
Corpus Christi, Texas 78401
(361) 884-7787

Counsel for Relator:
Thomas M. Bullion III
Germer Beamon & Brown, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288

Chris A. Blackerby
Germer Beamon & Brown, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288

Debra Alsup
Thompson and Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100

Nathan Palmer
Thompson and Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100

6. *Renate Nixdorf GMBH & Co. v. TRA Midland Props. LLC*, No. 05-17-00577-CV, 2019 WL 92038 (Tex. App.—Dallas Jan. 3, 2019, no pet.)(mem. op.).

This was an appeal from a trial court's granting a motion to dismiss under Rule 91 (a) and an appeal of the trial court's granting a plea to the jurisdiction. I wrote an opinion finding that the trial court erred in granting the motion to dismiss because plaintiff's live pleadings satisfied the minimum requirements and determining the court also erred in granting the plea to the jurisdiction.

<u>Counsel for Appellant:</u>
Byron Henry
Scheef Stone LLP
2600 Network Boulevard, Suite 400
Frisco, Texas
(214) 472-2100

Andrea Bouressa
Scheef Stone LLP
2600 Network Boulevard, Suite 400
Frisco, Texas
(214) 472-2100

Counsel for all Appellees except Pillar Asset Mgmt., Inc
Carter Boisvert
Friedman and Feiger LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400

Larry Friedman
Friedman and Feiger LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400

<u>Lead Counsel for Appellee Pillar Asset Mgmt. Inc.:</u>
Joe Kendall
Kendall Law Group PLLC
3811 Turtle Creek, Suite 1450
Dallas, Texas 75219
(214) 744-3000

7. *Oncor Elec. Delivery Co. v. S. Foods Grp. L.L.C.*, 444 S.W.3d 699 (Tex. App—Dallas 2014, no pet.).

This was an appeal from a jury's verdict, finding the negligence of Appellant caused a fire at a milk processing plant owned by Appellee. Based on the jury's verdict, the trial court rendered judgment for Appellee for $357,095.72. Appellant contended the evidence was legally and factually insufficient to support the jury's verdict and the trial court's judgment. Finding under the strict standards for expert testimony of causation required by the Texas Supreme Court, the evidence presented by Appellee was legally insufficient to establish Appellant's negligence was a cause in fact of the fire, I wrote an opinion for my panel reversing the trial court's judgment and rendering judgment for Appellant.

<u>Lead Counsel for Appellant:</u>

Daniel G. Altman
115 West 7th Street, Suite 411
Fort Worth, Texas 76102
(817) 215-5534

Lead Counsel for Appellee:
David Fisk
Kane Russell Coleman Logan
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
(214) 777-4229

8. *Neese v. Lyon*, 479 S.W.3d 368 (Tex. App.—Dallas 2015, no pet.).

Appellants hired Appellee to represent them on a contingent fee basis in litigation connected to a pipeline explosion. Appellees filed suit and, after settlement, Appellants discovered Appellee retained a private investigator to solicit them. Appellants then sued Appellee, Appellee's law firm, an attorney employed there, and the private investigator for ten causes of action. After a hearing on summary judgment motions, the trial judge signed a take-nothing judgment in favor of Appellees. I wrote an opinion addressing whether the alleged barratry entitled Appellants to avoid their contingency fee agreement and recover fees and expenses paid under the agreement. My opinion held Appellants could seek to recover on their breach of fiduciary duty claim; that defendants' receipt of an improper benefit is an element of a breach of fiduciary duty claim; and, if Appellees committed barratry, their fees could constitute an improper benefit. I reversed the trial court's judgment on 6 of the 10 claims made by Appellants.

Counsel for Appellants:
Bobby G. Pryor
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

Dana G. Bruce
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

Matthew D. Hill
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

<u>Counsel for Appellee Lyon:</u>
Charles W. McGarry
Law Office of Charles McGarry
701 Commerce Street, Suite 400
Dallas, Texas 75202
(214) 748-0800

Brian P. Lauten
Brian Lauten P.C.
3811 Turtle Creek Boulevard, Suite 1450
Dallas, Texas 75219
(214) 414-0996

Rod Phelan
Baker Botts
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6609

<u>Counsel for Appellee Wolf:</u>
Carmen S. Mitchell
Mitchell, Goff & Mitchell, LLP
10440 North Central Expressway, Suite 1100
Dallas, Texas 75231

9. *Global Tel*Link Corp.v. Securus Tech. Inc.*, No. 05-16-01224-CV, 2017 WL 3275921 (Tex. App.—Dallas July 31, 2017, pet. dism'd) (mem. op.).

This was an appeal of a denial of competitor's motion to dismiss a lawsuit under the Texas Citizen's Participation Act. I wrote an opinion finding that the evidence was sufficient to show that the suit against the competitor was based on or related to the competitor's right to petition and reversed the trial court's motion to dismiss.

<u>Counsel for Appellant:</u>
E. Leon Carter
Carter Arnett
8150 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188

John Christopher Rozendaal
Sterne Kessler
1100 New York Avenue MW, Suite 600

Washington, D.C. 20005
(202) 772-8747

Linda Stahl
Carter Arnett
8150 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188

Courtney Simmons Elwood
Central Intelligence Agency
Office of Public Affairs
Washington, D.C. 20505
(703) 482-0623

Matthew R. Huppert
Kellogg, Huber, Hansen, Todd, Evans and Figel, PLLC
1615 M Street, N.W., Suite. 400
Washington, D.C. 20036
Tel: (202) 326-7958

Counsel for Appellee:
Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500

Craig W. Budner
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500

10. *RBC Capital Markets, LLC v. Highland Capital Mgmt., L.P.*, No. 05-13-00948-CV, 2015 WL 7873712 (Tex. App. –Dallas Dec. 4, 2015, pet. denied) (mem. op.).

This was an appeal from a jury's $21.5 million verdict for Appellee against Appellant for breach of contract. The primary issue on appeal was whether the oral communications between the parties created an enforceable agreement. Applying New York Law, which required a meeting of the minds on the essential terms for a contract to be formed, Appellant did not accept and could not have accepted the conditions because they required agreement by the note holders. Because material terms of the contract remained to be negotiated, no contract had

been formed. I wrote an opinion finding the parties failed to reach an agreement, reversing the trial court's judgment, and rendering a take-nothing judgment.

Counsel for Appellants:
Craig T. Enoch
Enoch Kever PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1202

Melissa Lorber
Enoch Kever PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1205

Monica Wiseman Latin
Carrington, Coleman, Sloman
& Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000

Lyndon F. Bittle
Carrington, Coleman, Sloman
& Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000

Tim Chastain
AT&T
208 South Akard Street
Dallas, Texas 75202
(214) 757-3186

Lead Counsel for Appellees:
Paul B. Lackey
Stinson Leonard Street LLP
3102 Oak Lawn Avenue Suite 777
Dallas, Texas 75219-4359
(214) 560-2201

Jamie R. Welton
Barnes and Thornburg LLP
2121 North Pearl Street
Suite 700

Dallas, TX 75201
(214) 258-4147

Robert M. Castle, III
Barnes and Thornburg LLP
2121 North Pearl Street
Suite 700
Dallas, TX 75201
(214) 258-4149

Kristen A. Miller Reinsch
TRT Holdings, Inc.
4001 Maple Avenue
Dallas, Texas 75219
(214) 283-8500

d. For each of the 10 most significant opinions you have written, provide: (1) citations for those decisions that were published; (2) a copy of those decisions that were not published; and (3) the names and contact information for the attorneys who played a significant role in the case.

1. *Brantley v. State*, No. 05–13–01060–CR, 2015 WL 846749 (Tex. App.—Dallas Feb. 26, 2015, no pet.) (not designated for publication).

Counsel for Appellant:
Lynn Richardson
Dallas County Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Christi Dean
Assistant Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Brad Lollar
Assistant Public Defender
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Lead Counsel for State:
Lori Ordiway
Former Assistant District Attorney

350 Saint Paul Street, #2010
Dallas, Texas 75201
(214) 236-7027

Martin Peterson
Assistant District Attorney
133 North Riverfront Boulevard, L.B. 19
Dallas, Texas 75207-4399
(214) 653-3600

Faith Johnson
Former District Attorney
1717 Main Street, Suite 3800
Dallas, Texas 75201
(214) 276-0552

2. *Trejo v. Huy*, No. 05–14–00310–CR, 2015 WL 4109989 (Tex. App.—Dallas July 8, 2015, pet. denied) (mem. op.).

Lead Counsel for Appellant:
James J. Doyle, III
The Doyle Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(214) 522-6202

Lead Counsel for Appellee:
Walker M. Duke
Duke Seth PLLC
325 North St. Paul Street, Suite 2220
Dallas, Texas 75201
(214) 965-8100

3. *Daugherty v. Highland Capital Management*, No. 05-14-01215-CV, 2016 WL 4446158 (Tex. App.—Dallas Aug. 22, 2016, no pet.)(mem. op.).

Lead Counsel for Appellant Patrick Daugherty:
Charles T. Frazier, Jr.
Alexander, Dubose, Jefferson & Townsend LLP
4925 Greenville Avenue, Suite 510
Dallas, Texas 75206
(214) 369-2358

Lead Counsel for Appellee Highland Capital Management, L.P.:
Scott Brister
Andrews Kurth LLP
111 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 320-9220

Marc D. Katz
DLA Piper LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4534

Counsel for Appellee HERA:
Michael K. Hurst
Lynn Pinker Cox & Hurst
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3838

A. Shonn Brown
Lynn Pinker Cox & Hurst
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3807

4. *In re Priester*, No. 05-16-00965-CV, 2016 WL 7010583 (Tex. App.—Dallas Nov. 21, 2016, orig. proceeding)(mem. op.).

Counsel for Relator:
James Mosser
Mosser Law
2805 North Dallas Parkway
Plano, Texas 75093
(972) 733-3223

Nicholas Mosser
Mosser Law
2805 North Dallas Parkway
Plano, Texas 75093
(972) 733-3223

Counsel for Real Party in Interest:
Jeffrey Seewald
McGlinchey Stafford

1001 McKinney St Ste 1500
Houston, TX 77002-6420
(713) 520-1900

5. *In Re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding)(mem. op.).

Counsel for Real Parties in Interest:
Luis P. Guerra
Law Offices of Luis P. Guerra
6225 North 24th Street, Suite 125
Phoeniz, Arizona 85016
(602) 381-8400

David C. Shapiro
Law Offices of Luis P. Guerra
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
(602) 381-8400

David S. Coale
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 292-3601

James B. Ragan
723 Coleman Avenue
Corpus Christi, Texas 78401
(361) 884-7787

Counsel for Relator:
Thomas M. Bullion III
Germer Beamon & Brown, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288

Chris A. Blackerby
Germer Beamon & Brown, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288

Debra Alsup
Thompson and Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100

Nathan Palmer
Thompson and Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100

6. *Renate Nixdorf GMBH & Co. v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038 (Tex. App.—Dallas Jan. 3, 2019, no pet.)(mem. op.).

<u>Counsel for Appellant:</u>
Byron Henry
Scheef Stone LLP
2600 Network Boulevard, Suite 400
Frisco, Texas
(214) 472-2100

Andrea Bouressa
Scheef Stone LLP
2600 Network Boulevard, Suite 400
Frisco, Texas
(214) 472-2100

<u>Counsel for all Appellees except Pillar Asset Mgmt., Inc</u>
Carter Boisvert
Friedman and Feiger LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400

Larry Friedman
Friedman and Feiger LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400

<u>Lead Counsel for Appellee Pillar Asset Mgmt. Inc.:</u>
Joe Kendall
Kendall Law Group PLLC
3811 Turtle Creek, Suite 1450
Dallas, Texas 75219

(214) 744-3000

7. *Oncor Elec. Delivery Co. v. S. Foods Grp., L.L.C.*, 444 S.W.3d 699 (Tex. App—Dallas 2014, no pet.).

Lead Counsel for Appellant:
Daniel G. Altman
115 West 7th Street, Suite 411
Fort Worth, Texas 76102
(817) 215-5534

Lead Counsel for Appellee:
David Fisk
Kane Russell Coleman Logan
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
(214) 777-4229

8. *Neese v. Lyon*, 479 S.W.3d 368 (Tex. App.—Dallas 2015, no pet.).

Counsel for Appellants:
Bobby G. Pryor
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

Dana G. Bruce
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

Matthew D. Hill
Pryor & Bruce
302 North San Jacinto
Rockwall, Texas 75087
(972) 771-3933

Counsel for Appellee Lyon:
Charles W. McGarry
Law Office of Charles McGarry
701 Commerce Street, Suite 400
Dallas, Texas 75202
(214) 748-0800

Brian P. Lauten
Brian Lauten P.C.
3811 Turtle Creek Boulevard, Suite 1450
Dallas, Texas 75219
(214) 414-0996

Rod Phelan
Baker Botts
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6609

Counsel for Appellee Wolf:
Carmen S. Mitchell
Mitchell, Goff & Mitchell, LLP
10440 North Central Expressway, Suite 1100
Dallas, Texas 75231

9. *Global Tel*Link Corp. v. Securus Tech. Inc.*, No. 05-16-01224-CV, 2017 WL 3275921 (Tex. App.—Dallas July 31, 2017, pet. dism'd) (mem. op.).

Counsel for Appellant:
E. Leon Carter
Carter Arnett
8150 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188

John Christopher Rozendaal
Sterne Kessler
1100 New York Avenue MW, Suite 600
Washington, D.C. 20005
(202) 772-8747

Linda Stahl
Carter Arnett
8150 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188

Courtney Simmons Elwood
Central Intelligence Agency
Office of Public Affairs
Washington, D.C. 20505
(703) 482-0623

Matthew R. Huppert
Kellogg, Huber, Hansen, Todd, Evans and Figel, PLLC
1615 M Street, N.W., Suite. 400
Washington, D.C. 20036
Tel: (202) 326-7958

Counsel for Appellee:
Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500

Craig W. Budner
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500

10. *RBC Capital Markets, LLC v. Highland Capital Mgmt., L.P.*, No. 05-13-00948-CV, 2015 WL 7873712 (Tex. App. –Dallas Dec. 4, 2015, pet. denied) (mem. op.)

Counsel for Appellants:
Craig T. Enoch
Enoch Kever PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1202

Melissa Lorber
Enoch Kever PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1205

Monica Wiseman Latin
Carrington, Coleman, Sloman
& Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000

Lyndon F. Bittle
Carrington, Coleman, Sloman
& Blumenthal, L.L.P.

901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000

Tim Chastain
AT&T
208 South Akard Street
Dallas, Texas 75202
(214) 757-3186

Lead Counsel for Appellees:
Paul B. Lackey
Stinson Leonard Street LLP
3102 Oak Lawn Avenue Suite 777
Dallas, Texas 75219-4359
(214) 560-2201

Jamie R. Welton
Barnes and Thornburg LLP
2121 North Pearl Street
Suite 700
Dallas, TX 75201
(214) 258-4147

Robert M. Castle, III
Barnes and Thornburg LLP
2121 North Pearl Street
Suite 700
Dallas, TX 75201
(214) 258-4149

Kristen A. Miller Reinsch
TRT Holdings, Inc.
4001 Maple Avenue
Dallas, Texas 75219
(214) 283-8500

e. Provide a list of all cases in which certiorari was requested or granted.

*Dunnington v. State*, No. 05-14-00127-CR, 2015 WL 5121383 (Tex. App.—Dallas Aug. 31, 2015, pet. ref'd) (mem. op., not designated for publication), cert. denied, 137 S. Ct. 86 (2016).

f. Provide a brief summary of and citations for all of your opinions where your decisions were reversed by a reviewing court or where your judgment was affirmed with significant criticism of your substantive or procedural rulings. If

any of the opinions listed were not officially reported, provide copies of the opinions.

*In re Inppamet Ltd.*, 466 S.W.3d 1 (Tex. App.—Dallas 2018, orig. proceeding) (mem. op.), *mand. granted sub nom. In re RSR Corp.*, No. 18-0189, 2019 WL 638769 (Tex. Feb. 15, 2019) (per curiam).

The trial court denied as "untimely, dilatory in nature, and/or waived" relators'/defendants' motion to reconsider the disqualification of plaintiff's attorneys under the standard set out in *In re Meador*, 968 S.W.2d 346 (Tex. 1998) (orig. proceeding). My opinion granted relators' petition for writ of mandamus and ordered the trial court to reconsider the merits of the motion under *Meador*. The Texas Supreme Court determined the trial court did not clearly abuse its discretion in declining to reconsider the merits of disqualification.

*RSL Funding, LLC v. Newsome*, 559 S.W.3d 169 (Tex. App.—Dallas 2016), *rev'd*, 2018 WL 6711316 (Tex. 2018).

This case involved a dispute that arose about the trial court's orders approving the transfer of payments under a structured settlement agreement. The transfer agreement contained an arbitration clause. My opinion affirmed the trial court's denial of arbitration under the unique facts. The Supreme Court of Texas reversed, concluding that the issue of arbitrability was for an arbitrator to decide.

*ExxonMobil Pipeline Co. v. Coleman*, 464 S.W.3d 841 (Tex. App.—Dallas 2015), *rev'd*, 512 S.W.3d 895 (Tex. 2017) (per curiam).

Coleman sued his former employer and supervisors for defamation and other claims, alleging the supervisors made false statements about his job performance. The defendants moved to dismiss the lawsuit under the Texas anti-SLAPP law. I wrote an opinion holding the defendants did not show the anti-SLAPP law applied to the lawsuit. The Texas Supreme Court reversed, holding the statements related to a matter of public concern and thus were made in the exercise of the right of free speech.

*State v. Hill*, Nos. 05-13-00421-CR, 05-13-00423-CR, 05-13-00424-CR, 05-13-00425-CR, 2014 WL 7497992 (Tex. App.—Dallas Dec. 29, 2014) (mem. op., not designated for publication), *rev'd*, 499 S.W.3d 853 (Tex. Crim. App. 2016).

The State of Texas appealed the trial court's order dismissing with prejudice four indictments against Defendant. My opinion held the trial court erred in conducting a pretrial evidentiary hearing on Defendant's motion to quash and dismiss the indictments because Defendant did not establish a prima facie case of alleged constitutional violations. We vacated the dismissal order and remanded with instructions to reinstate the indictments. The court of criminal appeals disagreed and held the trial court did not abuse its discretion in conducting an evidentiary hearing.

g. Provide a description of the number and percentage of your decisions in which you issued an unpublished opinion and the manner in which those unpublished opinions are filed and/or stored.

Practically all of my criminal opinions, which constitute about 50 percent of my opinions, are not published. The unpublished opinions are filed in electronic form and kept in perpetuity.

All civil opinions are considered published and all have precedential value.

h. Provide citations for significant opinions on federal or state constitutional issues, together with the citation to appellate court rulings on such opinions. If any of the opinions listed were not officially reported, provide copies of the opinions.

I do not have any significant opinions on federal or state constitutional issues.

i. Provide citations to all cases in which you sat by designation on a federal court of appeals, including a brief summary of any opinions you authored, whether majority, dissenting, or concurring, and any dissenting opinions you joined.

I have never sat by designation on a federal court of appeals.

14. **Recusal:** If you are or have been a judge, identify the basis by which you have assessed the necessity or propriety of recusal (If your court employs an "automatic" recusal system by which you may be recused without your knowledge, please include a general description of that system.) Provide a list of any cases, motions or matters that have come before you in which a litigant or party has requested that you recuse yourself due to an asserted conflict of interest or in which you have recused yourself sua sponte. Identify each such case, and for each provide the following information:

a. whether your recusal was requested by a motion or other suggestion by a litigant or a party to the proceeding or by any other person or interested party; or if you recused yourself sua sponte;

b. a brief description of the asserted conflict of interest or other ground for recusal;

c. the procedure you followed in determining whether or not to recuse yourself;

d. your reason for recusing or declining to recuse yourself, including any action taken to remove the real, apparent or asserted conflict of interest or to cure any other ground for recusal.

I have never been asked to recuse myself from any cases, and I have only volunteered to recuse myself once. In that circumstance, I was dating a district court judge whose cases I would normally have reviewed on appeal. Before I began dating him, I voluntarily recused myself from hearing his cases.

My court does not have an automatic recusal system. It is up to the individual justice to determine when recusal is appropriate unless a party moves for recusal on a particular justice. I have never had anyone file a recusal motion directed towards me.

15. **Public Office, Political Activities and Affiliations**:

a. List chronologically any public offices you have held, other than judicial offices, including the terms of service and whether such positions were elected or appointed. If appointed, please include the name of the individual who appointed you. Also, state chronologically any unsuccessful candidacies you have had for elective office or unsuccessful nominations for appointed office.

I was appointed by Governor Rick Perry as a Commissioner on the Texas Public Safety Commission in 2008 and reappointed by Governor Perry in 2011.

I have had no unsuccessful candidacies for elective non-judicial office or unsuccessful nominations for appointed non-judicial office.

b. List all memberships and offices held in and services rendered, whether compensated or not, to any political party or election committee. If you have ever held a position or played a role in a political campaign, identify the particulars of the campaign, including the candidate, dates of the campaign, your title and responsibilities.

In 2002, I volunteered each Saturday for several months with the campaign to re-elect Republican District Attorney Bill Hill. I walked neighborhoods throughout Dallas County, knocking on doors and encouraging Republican voters to vote for Bill Hill and to vote straight ticket for Republican candidates on the ballot in 2002.

At the same time, I also worked the phone bank at the Dallas County GOP headquarters and helped bundle and distribute campaign literature for District Attorney Hill, Congressman Pete Sessions, and for other Republican judicial candidates.

16. **Legal Career:** Answer each part separately.

a. Describe chronologically your law practice and legal experience after graduation from law school including:

i. whether you served as clerk to a judge, and if so, the name of the judge, the court and the dates of the period you were a clerk;

I was not a clerk to a judge.

ii. whether you practiced alone, and if so, the addresses and dates;

I have never practiced alone.

iii. the dates, names and addresses of law firms or offices, companies or governmental agencies with which you have been affiliated, and the nature of your affiliation with each.

2000 – 2005
Dallas County District Attorney's Office
133 North Riverfront Boulevard, L.B. 19
Dallas, Texas 75207
(214) 653-3600
Assistant District Attorney

2007 – 2013
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
Litigation Attorney

iv. whether you served as a mediator or arbitrator in alternative dispute resolution proceedings and, if so, a description of the 10 most significant matters with which you were involved in that capacity.

I have never served as a mediator or an arbitrator.

b. Describe:

i. the general character of your law practice and indicate by date when its character has changed over the years.

I was a criminal prosecutor from 2000–2005. I left the DA's office to become a judge. I served as a trial court judge from 2005 – 2007 and was defeated in the general election in November 2006. In 2007, I joined the civil law firm of McKool Smith where I practiced primarily civil law in federal court. I left McKool Smith in 2013 when I was appointed to the appellate bench.

ii. your typical clients and the areas at each period of your legal career, if any, in which you have specialized.

From 2000–2005 my typical clients were crime victims. From 2007–2013 my typical clients were businesses involved in patent infringement or

commercial disputes. I also handled a significant pro bono docket during this time, where my typical client would be a citizen charged with a misdemeanor crime or needing to file for divorce. Most of the pro bono cases I handled were criminal but a handful dealt with child custody and divorce.

c. Describe the percentage of your practice that has been in litigation and whether you appeared in court frequently, occasionally, or not at all. If the frequency of your appearances in court varied, describe such variance, providing dates.

i. Indicate the percentage of your practice in:

| | |
|---|---|
| 1. federal courts: | 30% |
| 2. state courts of record: | 70% |
| 3. other courts: | 0% |
| 4. administrative agencies: | 0% |

ii. Indicate the percentage of your practice in:

| | |
|---|---|
| 1. civil proceedings: | 40% |
| 2. criminal proceedings: | 60% |

d. State the number of cases in courts of record, including cases before administrative law judges, you tried to verdict, judgment or final decision (rather than settled), indicating whether you were sole counsel, chief counsel, or associate counsel.

I have tried approximately 215 cases to verdict—100 bench trials and 115 jury trials. I was chief counsel in all of these cases and sole counsel in approximately 25% of these cases.

i. What percentage of these trials were:

| | |
|---|---|
| 1. jury: | 53% |
| 2. non-jury: | 47% |

e. Describe your practice, if any, before the Supreme Court of the United States. Supply four (4) copies of any briefs, amicus or otherwise, and, if applicable, any oral argument transcripts before the Supreme Court in connection with your practice.

I have not practiced before the Supreme Court of the United States.

17. **Litigation**: Describe the ten (10) most significant litigated matters which you personally handled, whether or not you were the attorney of record. Give the citations, if the cases were reported, and the docket number and date if unreported. Give a capsule summary of the substance of each case. Identify the party or parties whom you represented; describe in detail the nature of your participation in the litigation and the final disposition of the case. Also state as to each case:

a. the date of representation;

b. the name of the court and the name of the judge or judges before whom the case was litigated; and

c. the individual name, addresses, and telephone numbers of co-counsel and of principal counsel for each of the other parties.

1. *Seibert v. State,* No. 05–03–01131–CR, 2004 WL 2804795 (Tex. App.—Dallas 2004, pet. ref'd) (not designated for publication).

Trial Judge: Mark Nancarrow, 204th Judicial District Court, Dallas County, Texas

Date of representation: 2002

In this murder case, I prosecuted a man who was accused of shooting and killing a man in the parking lot of a Dallas commercial complex. Defendant raised and then abandoned an insanity defense, ultimately choosing to argue that the killing was in self-defense. At the first trial, the jury was unable to reach a verdict. At the second trial, the jury convicted the Defendant of murder and sentenced him to twenty-five years' confinement. The conviction and sentence were affirmed on appeal. I was the lead prosecutor in both trials and prepared the case, presented the evidence, picked the jury, made opening and closing arguments, and examined most of the witnesses.

<u>Co-counsel on original trial:</u>
Kate Porter (deceased)

<u>Co-counsel on retrial:</u>
Andy Beach
*Then with the Dallas County District Attorney's Office*
P.O. Box 101464
Fort Worth, Texas 76185-1464
(817) 271-5408

<u>Lead Counsel for Defendant:</u>
Paul Johnson
The Law Offices of Paul Johnson
900 Jackson Street, Suite 650
Dallas, Texas 75202
(214) 761-0707

2. *Jordan v. Holder*, No. 2:09-CV-00396 (E.D. Tex).

Trial Judge: The Honorable David Folsom, United States District Court for the Eastern District of Texas

Date of representation: 2009

I represented a retired police officer, and sued the federal government on his behalf for employment discrimination when he was wrongly terminated after an inconclusive hearing test ended his career as a marshal in federal court. I handled all discovery, found and retained an expert witness, devised a litigation strategy, and ultimately helped conduct settlement negotiations on my client's behalf. The case settled after discovery and my client received a significant financial settlement. This was a pro bono case.

Co-counsel:
Samuel Baxter
McKool Smith
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000

Lead Counsel for Defendant:
Bradley E. Visosky
US Attorney's Office
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1217

3. *Burden v. State*, Nos. 05-02-01796-CR, 05-02-01797-CR, 2004 WL 237758 (Tex. App.—Dallas Feb. 10, 2004, no pet.) (mem. op., not designated for publication).

Trial Judge: The Honorable Mark Nancarrow, 204th Judicial District Court, Dallas County, Texas

Date of representation: 2005

I was the lead prosecutor in the aggravated kidnapping and aggravated sexual assault jury trial of Defendant. Defendant kidnapped a young woman who was walking to her car late at night. She was taken hostage and terrorized when Defendant repeatedly stabbed and raped her over the course of several days. Defendant's aggravated sexual assault and aggravated kidnapping convictions and sentences were affirmed on appeal. I prepared the case for trial, presented most of the evidence, picked the jury, and made closing arguments to the jury during the guilt/innocence phase and during the punishment phase of the trial. I performed

direct examination of most of the witnesses called by the State. I also cross-examined of most of the witnesses called to testify by the defense.

Co-counsel:
Kate Porter (deceased)

Lead Counsel for Defendant:
Paula Michelle Moore
Dallas County Public Defender's Office
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

Brad Lollar
Dallas County Public Defender's Office
133 North Riverfront Boulevard, L.B. 2
Dallas, Texas 75207
(214) 653-3550

4. *Hanks v. State*, No. 05-04-00456-CR, 2005 WL 704807 (Tex. App.—Dallas Mar. 29, 2005, pet. ref'd) (mem. op., not designated for publication).

Trial Judge: The Honorable Faith Johnson, 363rd Judicial District Court, Dallas County, Texas

Date of representation: 2003

I was the lead prosecutor in the jury trial of Defendant for felony solicitation of a minor to commit a sexual assault. Defendant was a Little League umpire who had contact with thousands of children during his career. Defendant believed he had been grooming a deaf girl in an internet chat room he frequented online. Defendant showed up at the child's school with the intent to molest her, but was instead arrested as part of a sting operation by a local police department. I prepared the case for trial, selected the jury, and performed direct examination of all witnesses called by the State. I also cross-examined all witnesses called by defense. I presented all of the evidence during the trial and presented opening and closing arguments. Defendant had no criminal record and was eligible for probation. I asked the jury to give him the maximum prison sentence available for his crime, and they did. Defendant's conviction and ten-year prison sentence were both affirmed on appeal.

Lead Counsel for Defendant:
Deric K. Walpole
5900 South Lake Forest Drive, Suite 410
McKinney, Texas 75070
(214) 726-1450

5. *Medtronic Vascular, Inc., v. Boston Scientific Corp.*, No. 2:06-cv-00078 (E.D. Tex.).

Trial Judge: The Honorable T. John Ward, United States District Court for the Eastern District of Texas

Date of representation: 2007

I was a member of the trial team representing Plaintiffs in a medical device patent infringement lawsuit against Defendants. After a week-long trial, the jury found that nine of the Defendants' stent delivery catheters infringed asserted claims of Plaintiffs' '364 patent; that ten of the Defendants' products infringed asserted claims of Plaintiffs' '358 and '057 patents. During the jury trial, I presented Plaintiffs' evidence and expert witness testimony related to damages for all three of Plaintiffs' patents at issue. The jury awarded my client $250 million. This was the 12th highest civil verdict in the nation for 2008. The lawsuit settled after judgment was entered by the district court.

Lead Counsel for Plaintiffs Medtronic USA, Inc., Medtronic Vascular Galway, Ltd., Medtronic Vascular, Inc., Medtronic, Inc.:
Samuel Baxter
McKool Smith
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000

Lead Counsel for Defendants Boston Scientific Corp., Boston Scientific Scimed, Inc., Scimed Life Systems Inc.:
Sidney Calvin Capshaw, III
Capshaw DeRieux LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770

6. *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07–cv–153 (E.D. Tex.).

Trial Judge: The Honorable Roy S. Payne, United States District Court for the Eastern District of Texas

Date of representation: 2009

I was a member of the trial team that represented Plaintiff in a retrial of a patent infringement case against Defendant. The patents involved product configuration and pricing software. In the original trial, the jury found Defendant infringed two of Plaintiff's patents and awarded Plaintiff a $138.6 million verdict. The trial

court later granted Defendant judgment as a matter of law on noninfringement of one of the two patents at issue, ordered the judgment set aside, and ordered a retrial on damages. I presented evidence to the jury in the one-week retrial on damages. My witnesses and evidence explained the history and technology of Plaintiff's '350 patented invention. I also assisted with jury selection, prepared witnesses to testify and be cross-examined, and prepared evidence for admission at trial. At the conclusion of the retrial, the jury found Defendant infringed Plaintiff's '350 patent. The jury awarded my client $260 million in lost profit damages and $85 million in reasonable royalties. The $345 million verdict increased to $391 million on final judgment, including prejudgment interest. This was the tenth largest civil verdict in the nation for 2011.

Lead Counsel for Plaintiff:
Samuel Baxter
McKool Smith
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000

Lead Counsel for Defendant:
Thomas Melsheimer
Winston and Strawn
2121 North Pearl Street, Suite 900
Dallas, Texas 75201
(214) 453-6500

7. *Wi-LAN v. Acer, Inc. et al*, No. 2:07-cv-00473 (consolidated with 2:07-cv-474) and *Wi- LAN v. Research In Motion Corp. et al,* 2:08-cv-00247 (E.D. Tex.).

Trial Judge: The Honorable T. John Ward, United States District Court for the Eastern District of Texas

Date of representation: 2010

I represented Plaintiff in its patent infringement lawsuits against Defendants Intel, Broadcom, Apple, Dell, Hewlett-Packard, Sony, LG Electronics, and Motorola, among others. Our lawsuit alleged Defendants infringed Plaintiff's patents related to wireless computer communications and power consumption in digital subscriber line products as well as patents involved in Wideband Orthogonal Frequency Division Multiplexing and other wireless technologies used in WiFi, Code Division Multiple Access, and Bluetooth devices. My role in both cases was primarily related to discovery. I was responsible for obtaining and organizing information about the many accused products from each Defendant for discovery and depositions, and for amicably resolving discovery disputes. This case involved complex technology, many parties and many lawyers, so organization

was paramount. The *Wi-LAN v. Acer* case settled after jury selection. The *Wi-LAN v. RIM* case settled after a motions hearing.

Lead Counsel for Plaintiff Wi-LAN:
Samuel Baxter
McKool Smith
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000

Lead Counsel for Defendant Intel Corporation:
Robert M. Parker
Parker, Bunt and Ainsworth, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535

Lead Counsel for Defendants 2Wire, Inc., Acer America Corp., Gateway, Inc., Netgear, Inc., Sony Computer Entertainment America Inc., Sony Electronics Inc., Westell Technologies, Inc.:
Eric Hugh Findlay
Findlay Craft
102 North College Avenue, Suite 900
Tyler, Texas 75702
(903) 534-1100

Lead Counsel for Defendant Apple, Inc.:
Mark Scarsi
Milbank, Tweed, Hadley, McCloy
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4580

Lead Counsel for Defendants Atheros Communications, Inc. and D-Link Systems, Inc.:
Rickey L. Faulkner
Coglan Crowson
P.O. Box 2665
Longview, Texas 75606
(903) 758-5543

Lead Counsel for Defendant Belkin International, Inc.:
Trey Yarbrough
Yarbrough Wilcox PLLC
100 East Ferguson, Suite 1015
Tyler, Texas 75702

(903) 595-3111

Lead Counsel for Defendant Broadcom Corporation:
Clyde Moody Siebman
Siebman Forrest LLP
300 North Travis Street
Sherman, Texas 75090
(903) 870-0070

Lead Counsel for Defendant Dell, Inc.:
Daniel T. Conrad
Kraft Heinz Foods Company
200 East Randolph Street, Suite 7600
Chicago, Illinois 60601
(847) 646-2000

Lead Counsel for Defendant Hewlett-Packard Co.:
David J. Levy
Morgan Lewis Bockius
1000 Louisiana Street, Suite 4200
Houston, Texas 77002
(713) 890-5170

Lead Counsel for Defendant Lenovo:
Fred I. Williams
Vinson and Elkins
2801 Via Fortuna, Suite 100
Austin, Texas 78746
(512) 542-8430

Lead Counsel for Marvell Semiconductor, Inc.:
Jennifer Parker Ainsworth
Wilson, Robertson & Cornelius LLP
909 ESE Loop 323, Suite 400
Dallas, Texas 75711
(903) 509-5000

Lead Counsel for Defendant Toshiba America Information Systems, Inc.:
Guy N. Harrison
P.O. Box 2845
Longview, Texas 75606
(903) 758-7361

8. *Myklatun v. Halliburton Energy Services, Inc.*, No. 5:09-cv-00770 (W.D. Okla).

Trial Judge: The Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma

Date of representation: 2011

I represented Defendant Halliburton in a lawsuit filed against it by Plaintiffs, an individual and a Norwegian oil company that accused Halliburton of tortiously interfering with a contract the oil company had with another defendant to distribute chemical microemulsion additives. The court granted summary judgment on Plaintiffs' fraud claim and tortious interference with contract claim, leaving the remaining civil conspiracy claim to be tried before a jury. I spent several weeks in Oklahoma preparing trial exhibits for admission into evidence, drafting proposed voir dire questions, preparing witnesses to testify and to be cross-examined, and preparing cross-examinations for Plaintiffs' witnesses. Two days before jury selection was scheduled to begin, we settled the case.

<u>Lead Counsel for Plaintiffs Bjorn Myklatun and Oil Innovations, AS:</u>
Charles L. Richardson
Richardson, Richardson, Boudreaux PLLC
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 347-6456

David R. Keesling
McMurray Keesling
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 998-9350

<u>Lead Counsel for Defendant Halliburton:</u>
Robert Manley
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000

<u>Counsel for Defendants Flotek Industries, Inc., Chemical and Equipment Specialties Inc., Jerry D. Dumas, Sr., and John Todd Sanner:</u>

Anton J. Rupert
Rupert & Steiner PLLC
14001 Quail Springs Parkway
Oklahoma City, Oklahoma 73134
(405) 607-1494

Geren T. Steiner
Rupert & Steiner PLLC
14001 Quail Springs Parkway
Oklahoma City, Oklahoma 73134
(405) 607-1494

9. *Candela Corp. v. Palomar Medical Technologies, Inc.*, No. 9:06-cv-00277 (E.D. Tex.).

Trial Judge: The Honorable Ron Clark, United States District Court for the Eastern District of Texas

Date of representation: 2008

I represented Plaintiffs in their patent infringement lawsuit against Defendant. This lawsuit concerned patents related to laser and pulsed-light skin rejuvenation and wrinkle reduction technology. I was a member of the trial team who presented Plaintiffs' case to the jury. I cross-examined Defendant's damages expert at trial. I also prepared witnesses and evidence for the damages portion of Plaintiffs' case. At the conclusion of the nine-day trial, the jury found Defendant did not infringe Plaintiffs' patents and the patents were obvious due to prior art.

Lead Counsel for Plaintiffs Candela Corporation and the General Hospital Corporation d/b/a Massachusetts General Hospital:
Samuel Baxter
McKool Smith
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000

Lead Counsel for Defendant:
David J. Beck
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
One Houston Center
Houston, Texas 77010
(713) 951-3700

10. *Ericsson Inc., v. D–Link Corp.*, No. 6:10–cv–473, (E.D. Tex.).

Judge: The Honorable Leonard Davis, United States District Court for the Eastern District of Texas

Date of representation: 2011 – 2013

I represented Plaintiffs in their patent infringement action against wireless chipmaker Intel and laptop and router manufacturers D-Link Systems, Netgear, Acer, Gateway, Dell, Toshiba, and Belkin. Plaintiffs sued Defendants for infringing Ericsson's patents related to Wi-Fi technology and which are standard essential patents for the Institute of Electrical and Electronics Engineers (IEEE) 802.11(n) standard. Defendant Dell raised licensing with Plaintiffs' subsidiary as an affirmative defense. I spent several weeks before the jury trial and during trial preparing witnesses to testify and to be cross-examined. I also assisted with the presentation of evidence on damages. The case took eight days to try, and ultimately the jury found three patents infringed and awarded Plaintiffs $10 million in damages.

<u>Lead Counsel for Plaintiffs Ericsson, Inc., Telefonaktiebolaget LM Ericsson, and Wi- Fi One LLC:</u>
Mike McKool
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000

<u>Lead Counsel for Defendants Acer, Inc., Acer America Corp., D-LinkSystems, Inc., and Gateway, Inc.:</u>
Robert A. Van Nest
Keker, Van Nest and Peters LLP
633 Battery Street
San Francisco, California 94111
(415) 391-5400

<u>Lead counsel for Defendant Belkin International, Inc.:</u>
Ryan K. Yagura
O'Melveny & Myers
400 South Hope Street
Los Angeles, California 90071
(213) 430-6189

<u>Lead Counsel for Defendant Dell, Inc.:</u>
Michael J. Newton
Alston & Bird, LLP
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201
(214) 922-3423

<u>Lead Counsel for Defendant Intel, Corp.:</u>
Adam R. Alper
Kirkland & Ellis LLP
555 California Street, 24th Floor

San Francisco, California 94104
(415) 439-1876

Counsel for Defendant Netgear, Inc.:
Scott D. Baker
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, California 94105
(415) 659-5901

Debra Elaine Gunter
Findlay Craft PC
102 North College Avenue, Suite 900
Tyler, Texas 75702
(903) 534-1100

Lead Counsel for Defendants Toshiba America Information Systems, Inc. and Toshiba Corporation:
John J. Feldhaus
Foley & Lardner
3000 K Street NW, Suite 500
Washington, DC 20007
(202) 672-5403

18. **Legal Activities**: Describe the most significant legal activities you have pursued, including significant litigation which did not progress to trial or legal matters that did not involve litigation. Describe fully the nature of your participation in these activities. List any client(s) or organization(s) for whom you performed lobbying activities and describe the lobbying activities you performed on behalf of such client(s) or organizations(s). (Note: As to any facts requested in this question, please omit any information protected by the attorney-client privilege.)

I spent approximately 25% of my time while at the McKool Smith law firm representing defendants in criminal and civil pro bono cases. With the exception of one case, they never went to trial. I was usually the lead lawyer who communicated with both opposing counsel and the court about the case.

19. **Teaching**: What courses have you taught? For each course, state the title, the institution at which you taught the course, the years in which you taught the course, and describe briefly the subject matter of the course and the major topics taught. If you have a syllabus of each course, provide four (4) copies to the committee.

Trial Advocacy, Dedman School of Law, Southern Methodist University, 2008, 2009, 2012. The course taught the fundamentals of trial skills to law students. I do not have a syllabus of the course.

20. **Deferred Income/ Future Benefits**: List the sources, amounts and dates of all anticipated receipts from deferred income arrangements, stock, options, uncompleted contracts and other future benefits which you expect to derive from previous business relationships, professional services, firm memberships, former employers, clients or customers. Describe the arrangements you have made to be compensated in the future for any financial or business interest.

    I do not have any arrangements to be compensated in the future for any financial or business interest.

21. **Outside Commitments During Court Service**: Do you have any plans, commitments, or agreements to pursue outside employment, with or without compensation, during your service with the court? If so, explain.

    I do not have any plans, commitments or agreements to pursue outside employment.

22. **Sources of Income**: List sources and amounts of all income received during the calendar year preceding your nomination and for the current calendar year, including all salaries, fees, dividends, interest, gifts, rents, royalties, licensing fees, honoraria, and other items exceeding $500 or more (if you prefer to do so, copies of the financial disclosure report, required by the Ethics in Government Act of 1978, may be substituted here).

    See attached Financial Disclosure Report.

23. **Statement of Net Worth**: Please complete the attached financial net worth statement in detail (add schedules as called for).

    See attached Net Worth Statement.

24. **Potential Conflicts of Interest**:

    a. Identify the family members or other persons, parties, categories of litigation, and financial arrangements that are likely to present potential conflicts-of-interest when you first assume the position to which you have been nominated. Explain how you would address any such conflict if it were to arise.

       If confirmed, I will recuse in any litigation where I have ever played a role. I will evaluate any other real or potential conflict, or relationship that could give rise to an appearance of conflict, on a case-by-case basis and determine appropriate action with the advice of parties and their counsel, including recusal where necessary.

    b. Explain how you will resolve any potential conflict of interest, including the procedure you will follow in determining these areas of concern.

       If confirmed, I will carefully review and address any real or potential conflicts by reference to 28 U.S.C. § 455, Canon 3 of the Code of Conduct for United States

Judges, and any and all other laws, rules, and practices governing such circumstances.

25. **Pro Bono Work**: An ethical consideration under Canon 2 of the American Bar Association's Code of Professional Responsibility calls for "every lawyer, regardless of professional prominence or professional workload, to find some time to participate in serving the disadvantaged." Describe what you have done to fulfill these responsibilities, listing specific instances and the amount of time devoted to each.

As an attorney with McKool Smith, I provided pro bono representation to numerous individuals charged with misdemeanor offenses and individuals seeking divorces or child custody. I devoted approximately 25% of my time to such matters while at the law firm.

26. **Selection Process**:

a. Please describe your experience in the entire judicial selection process, from beginning to end (including the circumstances which led to your nomination and the interviews in which you participated). Is there a selection commission in your jurisdiction to recommend candidates for nomination to the federal courts? If so, please include that process in your description, as well as whether the commission recommended your nomination. List the dates of all interviews or communications you had with the White House staff or the Justice Department regarding this nomination. Do not include any contacts with Federal Bureau of Investigation personnel concerning your nomination.

In April 2018, I interviewed with the Federal Judicial Evaluation Committee set up by Senator Cornyn and Senator Cruz. I then received a call in July from the senators informing me that I had been selected to move forward in the process. I interviewed with White House Counsel's Office and the Department of Justice on July 23, 2018. Since then, I have been in contact with officials from the White House Counsel's Office and the Office of Legal Policy. On March 15, 2019, the President announced his intent to nominate me, and on March 26, he transmitted my nomination to the Senate.

b. Has anyone involved in the process of selecting you as a judicial nominee discussed with you any currently pending or specific case, legal issue or question in a manner that could reasonably be interpreted as seeking any express or implied assurances concerning your position on such case, issue, or question? If so, explain fully.

No.

SMU

Dedman School of Law



# Federal Judicial Externship Program

**The Federal Judicial Externship Course is an academic program that combines an 8-week judicial writing class with hands-on fieldwork in the chambers of a federal circuit, district, magistrate, or bankruptcy judge, working directly with the judge and judicial law clerks.**

Over the course of the semester, students work in their placement a minimum of 120 hours (for two credits) and concurrently participate in an 8-week seminar for one additional credit. The course is offered every fall and spring semester. A mandatory information session describing the course and the application and selection process is held each October and March for the upcoming semester.

For the Judicial Clerkship Class of 2024, we had 24 graduates secure 26 clerkships.

## Program Overview



The Federal Judicial Externship Course allows students to work in chambers of a federal judge for a semester for academic credit. Along with an 8 -week companion course seminar (75 minute classes), the externships deliver invaluable learning experiences for students, providing a window into the federal judicial process, from the judicial perspective, as well as focused real-world experience in honing legal research, analysis and writing skills. The seminar course is "front-loaded," to teach externs the types of motions, briefing and orders they will encounter in chambers, and includes academic inquiry through readings and journal writing. Externs work under close supervision and receive regular feedback from the judge, judicial law clerks, and the law school faculty supervisor, and engage in self-reflection and assessment. Both the work in chambers and the class are graded Credit/No Credit, and there is no final examination. The two credits earned for work in chambers count as two of the permitted six hours of academic credit that can be earned through externships.

During the mandatory 8-week seminar course, co-taught by a federal district judge and SMU Dedman Law professor, students will work on skills to maximize the learning outcomes for their externships. Topics include: Introduction and Orientation to The Role of the Law Clerk/Extern in Chambers, Research and Writing for the Judicial

Extern, Confidentiality, Conflicts and Other Ethical Issues in the Courtroom, Common Legal Issues Externs Will Address in Chambers, and the Role of Federal Courts and Federal Judges.

## Placement Opportunities

Approximately 24 federal judges in the United States Courts for the Northern and Eastern Districts of Texas, located in Dallas, Fort Worth, Plano, Sherman, and Tyler. participate in the course each semester. Interested students attend an information session on the course and the application and selection process the semester before they hope to participate in the course. Students choose to which judges they apply (and are encouraged to numerous judges) and the judges select their own externs from those who apply to their chambers. Participating judges have included: Judge Catharina Haynes, 5th Circuit; from the Northern District: District Judges Barbara Lynn, Sam Lindsay, Jane Boyle, Reed O'Connor, Brantley Starr, Ada Brown, and Senior Judges Joe Fish, Sidney Fitzwater, Terry Means, Magistrate Judges Rebecca Rutherford, Irma Ramirez, Renee Toliver, David Horan, and Hal R. Ray, and Chief Bankruptcy Judge Stacey Jernigan, and Bankruptcy Judges Mark Mullin, Lee Morris, Michelle Larson, and Scott Everett; and from the Eastern District, District Judges Amos Mazzant, Sean Jordan, and Jeremy Kernodle and Magistrate Judge Kimberly Priest Johnson, and Chief Bankruptcy Judge Brenda Rhoades.

## For More Information

Watch for announcements of the information sessions that occur in October and March for the upcoming semesters in the "This Week at SMU Dedman Law" emails. For other questions, contact Mary Beth Nielsen, Director of Judicial Internships, Externships and Post-Graduate Clerkships at mnielsen@smu.edu .

Dedman School of Law

Dedman School of Law
3315 Daniel Avenue
Dallas TX 75205

214-768-2000

QUICK LINKS

- Business Office
- Consumer Information (ABA Required Disclosures)
- Department Directory
- Law Library
- News Media

FOLLOW US

- Facebook
- Instagram
- LinkedIn
- YouTube
- X

APPLY NOW REQUEST INFO

SMU

© SOUTHERN METHODIST UNIVERSITY



## Christa Bunce · 3rd

Associate at Jackson Walker LLP

- Jackson Walker LLP
- SMU Dedman School of Law

Dallas, Texas, United States · Contact info

500+ connections

Message | + Follow | More

## Activity

544 followers

**Christa Bunce** commented on a post • 4mo

YAY come back already!!!!!! Can't wait

**Christa Bunce** commented on a post • 4mo

YAY!! We can't wait!!!!!!!!!

**Christa Bunce** commented on a post • 8mo

Amazing! So excited for you!

Show all comments →

## Experience

**Associate**

Jackson Walker LLP · Full-time
Sep 2024 - Present · 1 yr 3 mos
Dallas, Texas, United States

**Term Law Clerk**

U.S. District Courts · Full-time
Aug 2023 - Aug 2024 · 1 yr 1 mo

**SMU Law Review Association**

1 yr 11 mos

**Comment Editor**

May 2022 - May 2023 · 1 yr 1 mo

**Staff Editor**

Jul 2021 - May 2022 · 11 mos

**Summer Associate**

Jackson Walker LLP
May 2022 - Jul 2022 · 3 mos
Dallas, Texas, United States

**Judicial Extern to Hon. Ada Brown**

U.S. District Courts
Jan 2022 - May 2022 · 5 mos
Dallas, Texas, United States

Show all 9 experiences →

## Education

**SMU Dedman School of Law**

Doctor of Law - JD
2020 - 2023

**Texas A&M University**

B.S., Industrial Distribution
Grade: Business Minor
2014 - 2018
Activities and societies: Sigma Delta Honor Society, Kappa Kappa Gamma

## Skills

**MATLAB**

**Microsoft Office**

Show all 3 skills →

## Interests





**Ezra Ishmael, explore relevant opportunities with Ford Foundation**

Get the latest jobs and industry news

Follow


**More profiles for you**



**Sarah Starr** · 3rd

Associate at Jackson Walker LLP
Message



**Antonio Partida** · 2nd

Corporate & Securities Attorney at Jackson Walker LLP
Connect

**Will Farmer** · 3rd

Associate at Jackson Walker

Message

**Ross Forbes** · 2nd

Business Trial Lawyer

Connect

**Lauren Ceckowski** · 3rd

Litigation Associate at Jackson Walker LLP

Message

Show all

**People you may know**

From Christa's company

**David Schlottman**

Partner at Jackson Walker LLP

Connect

**Heidi Angel**

Trusts and Estates Partner at Jackson Walker LLP

Connect

**Chevazz Brown**

Litigator, Jackson Walker | Founder, DiversePro

Connect

**Sarah Patel Pacheco**

Partner at Jackson Walker LLP

Connect

**Raman Dewan**

Partner & IP Practice Leader at Jackson Walker LLP

Connect

Show all

**You might like**

Pages for you

**Tulane University Law School**

Higher Education

8 connections follow this page

followers

+ Follow

**NAACP Legal Defense and Education Fund, Inc.**

Law Practice

1 connection works here

followers

+ Follow

Show all

Jackson Walker



# Christa Bunce

Associate, Dallas
214.953.5657
cbunce@jw.com

**Practice Areas**

- Trial & Appellate Litigation

## Biography

Christa Bunce is an attorney in the Trial & Appellate Litigation practice of Jackson Walker's Dallas office.

Prior to joining Jackson Walker, Christa was a term law clerk for the Honorable Ada Brown of the Northern District of Texas. During her clerkship, Christa gained exposure to a variety of civil matters, including cases that involved statutory interpretation, employment discrimination , municipal liability, and the Hague Convention. Christa's clerkship experience built upon her previous externship with Judge Brown during law school.

While in law school, Christa was involved with the SMU Law Review Association, where she was awarded Best Comment and subsequently published. She also served as an attorney ad litem and advocate on behalf of children in the Texas foster care system through SMU's Child Advocacy

Clinic. Christa was also a summer associate at the firm and served as a research assistant for Professor Joanna Grossman.

## Education

B.S., *cum laude,* Texas A&M University

J.D., *magna cum laude,* SMU Dedman School of Law

- SMU Law Review Association
- Order of the Coif

## Bar Admissions

Texas

## Court Admissions

U.S. District Court for the Eastern, Northern, and Southern Districts of Texas

Case: 26-10436 Document: 55-3 Page: 176 Date Filed: 03/30/2026

# SMU Dedman SCHOOL OF LAW



# CELEBRATING ALUMNI

## 30 Years of the Distinguished Alumni Awards

2016-17 LAW ADJUNCT FACULTY

# Thank you to our Dedman Law Adjunct Professors!

Val J. Albright '86
Jay Balfour
Daniel Baucum
Matthew S. Beard '06
Mitsy Birdsong '02
Jeffry M. Blair
Jonathan Blum
Vickie S. Brandt '03
Ada Brown
Christa Brown-Sanford
John G. Browning
Brooke Busbee
Judge Don D. Bush '86
Martin L. Camp
William F. Carroll
David W. Carstens
Eric Cedillo
David Cho
Wilson Chu '84
Susan Mills Cipione '06
Robert Colwell '94
John M. Cone '83
Susan C. Cox
Timothy Curren '07
Karen H. Currie
Anthony P. Daddino
Joseph R. Dancy
William Dawkins
Steve P. Doyle
Dennis B. Drapkin
Joanne Early '89
Yolanda Einstein '04
Paul Enriquez
Sander L. Esserman '76
Lisa Evert
Stephen P. Fahey (misspelled)
Randy W. Fickel
Justice Robert M. Fillmore
Judge Allen Joe Fish
C.W. "Peter" Flynn
Patricia H. Flynn
Zeke Fortenberry
Jason B. Freeman
David Gair
Judge Dennise Garcia '93
Bryan A. Garner
Larry E. Glasgow '83
Rebecca A. Gregory
Shannon Guthrie
Judge H. Dewayne "Cooter" Hale
Susan M. Halpern
Chris Hamilton
Sally Helppie
Eric Hinton
Dale Hortenstine
Charles M. Hosch
Marc A. Hubbard '88
Clifton T. Hutchinson '80
James T. Jacks
Thomas Jackson
Jay Johnson
Judge Kimberly C. Priest Johnson '00
Larry Jones
Ralph C. Jones '73
Kent C. Krause '82
Gary M. Lawrence
David J. Lowery '78
Jay J. Madrid '77
Eric D. Marchand '00
Ernest Martin, Jr.
Errin Blythe Martin
Mike McCollum
Alex G. McGeoch
Patsy Young Micale
Dana Nahlen
Charlotte Noel '01
Christopher Nolland
Judge James A. Nugent
Gerald N. Olson '71
David James Parsons
Michael P. Penick
Don Peterson
Phillip B. Philbin
Ellen A. Presby '84
Robert D. Probasco
Will Pryor
Judge Irma Ramirez
Shane Read
Stuart Reynolds
G. Thomas Rhodus '71
Laura K. Rogers
Douglas K. Rudley
Michelle P. Scheef
Mark A. Shank '81
Eliot Shavin
Bart Showalter '93
Ronald F. Shuff
Maxel "Bud" Silverberg '59
Steven Smathers
Stephen P. Smith
Bruce Sostek
Jaime Spellings
Sally Spurgin
Clifton A. Squibb '05
Sid Stahl '56
Marjorie Stephens '81
Harry W. Sullivan, Jr. '84
Harriet Tabb
Walter O. Theiss
Michael Threet
Don Tittle
Cody L. Towns
Robert Udashen
Michael J. Uhl '85
John Vernon
Peter Vogel
Lewis M. Wasserman
Brian L. Webb '75
George E. West, II
Glenn D. West
Russell Wilson, II
Denney L. Wright

Thank you!

## CORPORATE COUNSEL EXTERNSHIP PROGRAM

Our Corporate Counsel Externship Program places more than 70 students each year inside the legal departments of major corporations. SMU Law thanks all the corporations who make this opportunity possible.

SMU
Dedman School of Law

# THE QUAD

ALUMNI MAGAZINE | FALL 2023



## Celebrating Experiential Education:

# 75th Anniversary of SMU Dedman Law Clinical Program

ALSO IN THIS ISSUE:
Louise B. Raggio Endowed Lecture Series - A Conversation with Amal Clooney

PLUS:
- SMU Dedman Law Tax Program
- Distinguished Alumni Awards
- Class Notes & Much More!

CONGRATULATIONS

# JUDICIAL CLERKSHIP CLASS OF 2023

**23 GRADUATES SECURED 27 FEDERAL, STATE, AND TERRITORIAL CLERKSHIPS**



**ADNAN BAJRAMOVIC '23**
**The Honorable Brendan L. Shannon**
*Judge, United States Bankruptcy Court for the District of Delaware*

**CHRISTA LEE BUNCE '23**
**The Honorable Ada Brown**
*District Judge, United States District Court for the Northern District of Texas*

**SAMUEL W. CALKINS '23**
**The Honorable Michelle V. Larson**
*Judge, United States Bankruptcy Court for the Northern District of Texas*

**JACQUELINE CREME '20**
**The Honorable Sean H. Lane**
*Judge, United States Bankruptcy Court for the Southern District of New York*

**RYAN J. DEMAREST '23**
**The Honorable Jane J. Boyle**
*District Judge, United States District Court for the Northern District of Texas*

**ARIANA ERFANI '23**
**The Honorable Alan S. Trust**
*Chief Judge, United States Bankruptcy Court for the Eastern District of New York*

**KELSEY FLORES '19**
**The Honorable Brantley Starr**
*District Judge, United States District Court for the Northern District of Texas*

**The Honorable Don R. Willett**
*Circuit Judge, United States Court of Appeals for the Fifth Circuit*

**MEGAN FLORES '22**
**The Honorable Jessica Gallivan**
*Judge, Superior Court of the Virgin Islands*

**SHANNON GLASSCOCK '21**
**The Honorable Reed O'Connor**
*District Judge, United States District Court for the Northern District of Texas*

**WILL HAMILTON '20**
**The Honorable Catharina Haynes**
*Circuit Judge, United States Court of Appeals for the Fifth Circuit*

**STACEY CHO HERNANDEZ '09**
**The Honorable Karen Gren Scholer**
*District Judge, United States District Court for the Northern District of Texas*

**BOBBY HILL '21**
**The Honorable Patrick E. Higginbotham**
*Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit*

**The Honorable Barbara M.G. Lynn**
*District Judge, United States District Court for the Northern District of Texas*

**N. ANDREW KILLIAN '22**
**The Honorable David Counts**
*District Judge, United States District Court for the Western District of Texas*

**ABIGAIL LAHVIS '23**
**The Honorable Sidney A. Fitzwater**
*Senior District Judge, United States District Court for the Northern District of Texas*

**JACOB MATHEW '21**
**The Honorable Nathan L. Hecht**
*Chief Justice, Supreme Court of Texas*

**KIRSTEN PILLMAN '22**
**The Honorable Jessica Gallivan**
*Judge, Superior Court of the Virgin Islands*

**ANDREA REED '20**
**The Honorable Christine A. Nowak**
*Magistrate Judge, United States District Court for the Eastern District of Texas*

**ABIGAIL SCHULTZ '23**
**The Honorable Brantley Starr**
*District Judge, United States District Court for the Northern District of Texas*

**The Honorable Evan A. Young**
*Justice, Supreme Court of Texas*

**SKYANNE LEIGH SIMONSON '23**
**The Honorable John R. Lopez IV**
*Justice, Supreme Court of Arizona*

**JACOB C. SWANSON '23**
**The Honorable Hal R. Ray, Jr.**
*Magistrate Judge, United States District Court for the Northern District of Texas*

**MICHAEL VUONG '23**
**The Honorable F. Michael Cruse**
*Chief Justice, High Court of American Samoa*

**NIKKI WOOD '22**
**The Honorable Mark X. Mullin**
*Judge, United States Bankruptcy Court for the Northern District of Texas*

**The Honorable Joshua P. Searcy**
*Judge, United States Bankruptcy Court for the Eastern District of Texas*

**JACOB W. YOUNG '22**
**The Honorable Jeremy D. Kernodle**
*District Judge, United States District Court for the Eastern District of Texas*

**SMU Federalist Society**
184 followers
1yr • Edited •

+ Follow ···

This Tuesday, we had the privilege of hosting Hon. Ada Brown, Hon. Jeremy Kernodle, Hon. Jason Pulliam, and Hon. Jeffrey Brown for our "VIEWS FROM THE BENCH" event, moderated by Erin Nealy Cox of Kirkland & Ellis. Their insights into originalism, textualism, and the merits of clerkship, coming from all four districts of Texas, were invaluable.

Thank you, also, to SMU Dedman School of Law's Office of Career Services for co-hosting this event.








30 2 reposts

Reactions

**Jason P. Nance** · 2nd

Judge James Noel Dean and Professor of Law at SMU Ded...

1yr ·

+ Follow ···

Congratulations to our four **SMU Dedman School of Law** students (**Jada Wyrick**, **Bradley Kucera**, **Grant Maclaurin**, and Hernan Valles) who earned **DALLAS BAR FOUNDATION** summer clerkships! They were placed in amazing opportunities that included working for Judge Irma Ramirez, U.S. Court of Appeals for the Firth Circuit, Judge Ada Brown, U.S. District Court for the Northern District of Texas, and SMU Law's First Amendment Clinic. The Dallas Bar Foundation hosted a luncheon today to provide an opportunity for these students to share their summer experiences. We are grateful for their mentors and the DBF for helping our students grow professionally!







89

4 comments · 2 reposts



**Marcie Davis, JD, CPCC** · 2nd
Assistant Dean, Office of Career Services at SMU Dedman ...
3yr ·

+ Follow ···

Yesterday, I attended the most unique and historic double investiture ceremony of Judge Brantley Starr and Judge Ada Brown where I both laughed and cried. What amazing humans they both are. I was fortunate to grab a pic with Judge Brown, the first black woman and first Native American to serve as a district judge in the Northern District of Texas in its 140-year history. It was wonderful to be part of the event and to have the opportunity to talk to so many of the judges who hire our talented students through our Federal Judicial Externship Course and for post-grad clerkships. We are most appreciative. #SMULaw #HireSMULaw






# *Views From the Bench*

SMU Student Chapter

Oct
8
2024

Tuesday
12:30 p.m.
CST

Topics:

Jurisprudence

Sponsors:

SMU Student Chapter

In-Person Event

SMU Dedman School of Law
3315 Daniel Ave
Dallas, TX 75205

*******

***As always, the Federalist Society takes no position on particular legal or public policy issues; all expressions of opinion are those of the speaker.***



Ada Brown


Jeffrey Vincent Brown


Jeremy Kernodle


Erin Nealy Cox


Jason K. Pulliam

Case No. 23-10072

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

CHERYL BUTLER,

*Plaintiff-Appellant,*

v.

JENNIFER M. COLLINS; STEVEN C. CURRALL; ROY P. ANDERSON; JULIE P. FORRESTER; HAROLD STANLEY; PAUL WARD; SOUTHERN METHODIST UNIVERSITY,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

# PETITION FOR PANEL REHEARING BY PLAINTIFF-APPELLANT CHERYL BUTLER

EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, New York 14850
Telephone: (949) 291-3185

*Counsel for Professor Cheryl Butler*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

ARGUMENT .......... 1

REVIEW OF THE RULE 6(B)(1)(A) MOTION IS PREMISED ON ERRORS OF LAW AND FACT .......... 1

Legal error .......... 1

Factual error .......... 4

REVIEW OF THE RULE 56(D) MOTION IS PREMISED ON ERRORS OF LAW AND FACT .......... 6

Legal error .......... 6

Factual error .......... 8

REVIEW OF SUMMARY JUDGMENT IS PREMISED ON ERRORS OF LAW AND FACT .......... 12

Legal error .......... 12

Factual error .......... 15

REASSIGNMENT SHOULD BE GRANTED .......... 20

CERTIFICATE OF SERVICE .......... 22

CERTIFICATE OF COMPLIANCE .......... 23

Case: 24-40367 Document: 51-2 Page: 13 Date Filed: 09/30/2026

# TABLE OF AUTHORITIES

## Cases

*Austin v. Kroger Tex.*,
864 F.3d 326 (5th Cir. 2017) ........................................................14

*Boumediene v. Bush*,
553 U.S. 723 (2008) ..................................................................19

*Davis v. Fletcher*,
598 F.2d 469 (5th Cir. 1979) ......................................................1, 7

*Doe v. Rice University*,
67 F.4th 702 (5th Cir. 2023) ...................................................17, 18

*Dominick v. Mayorkas*,
52 F.4th 992 (5th Cir. 2022) ..........................................................6

*Felton v. Dillard University*,
122 Fed. Appx. 726, 2004 WL 2943283 (2004) ...............................3

*Geiserman v. MacDonald*,
893 F.2d 787 (5th Cir. 1990) ..........................................................6

*Higgenbotham v. Ochsner Found. Hosp.*,
607 F.2d 653 (5th Cir. 1979) ...................................................14, 15

*Judwin Props. v. US Fire Ins*,
973 F.2d 432 (5th Cir. 1992) ........................................................12

*Keiser v. Coliseum Properties*,
614 F.2d 406 (5th Cir. 1980) ........................................................15

*LA Pub. Ins. Adjusters, Inc. v. Nelson*,
17 F.4th 521 (5th Cir. 2021) ..........................................................6

Case: 24-40672 Document: 51-2 Page: 48 Date Filed: 07/03/2026

*Leatherman v. Tarrant Cty Narcotics*,
28 F.3d 1388 (5th Cir. 1994) .......................................................12

*Raby v. Livingston*,
600 F.3d 552 (5th Cir. 2010) .......................................................7

*Ragas v. Tenn. Gas Pipeline Co.*,
136 F.3d 455 (5th Cir. 1998) .......................................................14

*Sauceda v. City of San Benito, Texas*,
78 F.4th 174 (5th Cir. 2023) .......................................................3

*Skotak v. Tenneco Resins*,
935 F.2d 909 (5th Cir. 1992) .......................................................14

*Stanley v. City of Sanford, Florida*,
606 US ___, 2025 WL 176138 (June 23, 2025) ..............................19

*Strong v. University Healthcare System*,
482 F.3d 802 (5th Cir. 2007) .......................................................17

*Trump v. CASA, Inc.*,
2025 WL 1773631 (June 27, 2025) .........................................19, 20

*US v. Garza*,
593 F.3d 385 (5th Cir. 2010) .......................................................2

*US v. Jackson*,
30 F.3d 572 (5th Cir. 1994) .........................................................2

*US v. Suttle*,
2022 WL 1421164 (5th Cir. May 5, 2022) .......................................2

*US v. Taylor*,
487 US 326 (1988) .......................................................................2

*US v. Torres-Magana*,
938 F.3d 213 (5th Cir. 2019) .................................................4, 8, 9

Case: 23-10362 Document: 51-2 Page: 13 Date Filed: 07/09/2025

*Vikas WSP v. Economy Mud Products*,
23 F.4th 442 (5th Cir. 2022) ....................................................3

*Washington v. Allstate Ins. Co.*,
901 F.3d 1281 (5th Cir. 1990) ....................................................7

*Williams v. DeKalb County*,
577 F.2d 248 (5th Cir. 1978) ....................................................17

**Statutes**

Americans with Disabilities Act, Section 12112(a) ................................19

**Rules**

Fed. R. Civ. Pro. 6(b)(1)(A).................................................... 1, 3, 4, 5, 6

Fed. R. Civ. Pro. 6(b)(1)(B)....................................................... 1, 3, 6

Fed. R. Civ. Pro. 16 ....................................................................6

Fed. R. Civ. Pro. 26(a)(1).........................................................10

Fed. R. Civ. Pro. 34 ..................................................................10

Fed. R. Civ. Pro. 37 ..................................................................11

Fed. R. Civ. Pro. 56 ..................................................................15

Fed. R. Civ. Pro. 56(a)...............................................................19

Fed. R. Civ. Pro. 56(c) ..............................................................14

Fed. R. Civ. Pro. 56(d)................................................... 6, 7, 8, 10, 11

Case: 26-10036 Document: 51-2 Page: 60 Date Filed: 01/30/2026

### Miscellaneous

*Ada Elene Brown*, Federal Judicial Center,
https://www.fjc.gov/history/judges/brown-ada-elene ......................20

*Federal Judicial Externship Program*, SMU Law,
https://www.smu.edu/law/academics/externship-programs/federaljudicialexternshipprogram .................................21

Case: 24-10367 Document: 51-2 Page: 17 Date Filed: 09/09/2025

## ARGUMENT

## REVIEW OF THE RULE 6(b)(1)(A) MOTION IS PREMISED ON ERRORS OF LAW AND FACT

The panel opinion holds that denying Butler's Rule 6(b)(1)(A) motion is not an abuse of discretion because the Northern District determined "Butler [] had not established excusable neglect and good faith, and lack of prejudice to the defendants, are not clearly erroneous." Op. at 6. This is both legally and factually erroneous.

***As to law,*** the panel's opinion conflates the standard for Rule 6(b)(1)(A) and 6(b)(1)(B) motions. Op. at 6. The former governs motions seeking relief *before* a deadline is missed, the latter governs motions seeking relief *after* a deadline is missed. Rule 6(b)(1)(A)'s text does not impose an excusable neglect requirement, whereas Rule 6(b)(1)(B) does.

With respect to good faith, the opinion fails to cite legal authority that explains how it is possible that the Northern District, confronted with three motions filed the same day that make the same proffers, could possibly conclude two were made in good faith, but one was not. At best, this Circuit is left to guess on this record—which itself is evidence of the abuse of discretion sown below. *Davis v. Fletcher*, 598 F.2d 469, 470 (5th Cir. 1979) (trial court must articulate some reasons for order otherwise

Case: 24-10036 Document: 55-2 Page: 18 Date Filed: 09/30/2026

this Circuit has "no basis on which to review the exercise of discretion"). This Circuit cannot guess that post hoc rationales support an order issued without any stated rationales. *See US v. Suttle*, 2022 WL 1421164, at *1 (5th Cir. May 5, 2022) (limitedly approving review of transcripts from earlier in time).

This Circuit is in no position to guess what the Northern District's true rationales at the time Butler's motion was denied. Where the Court must apply a multi-factor test, a failure to provide rationales contemporaneously is an abuse of discretion. *See, e.g.*, *US v. Taylor*, 487 US 326, 336–37 (1988) (if "a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review."); *US v. Garza*, 593 F.3d 385, 391 (5th Cir. 2010) (similar); *US v. Jackson*, 30 F.3d 572, 575 (5th Cir. 1994) ("comment that it had 'considered all relevant facts in light of factors set forth' [] affords us no material to gauge the appropriateness of its ruling").

Moreover, it is an inherent abuse of discretion for a Court to withhold rationales until *after* the consequence of the decision is

irreversible. This one was irreversible because once denied under Rule 6(b)(1)(A), Butler was forced to meet a more stringent standard under Rule 6(b)(1)(B). This is an abuse because an order without contemporaneous rationales bars "meaningful appellate review by withholding the formal disposition of the motion." *Felton v. Dillard University*, 122 Fed. Appx. 726, 2004 WL 2943283, at *1 (2004).

This is especially so where the Court proffers post hoc rationales irreconcilable with earlier decisions. For example, if prior counsel is granted withdrawal, the Court cannot later hold that withdrawal against the party. *Vikas WSP v. Economy Mud Products*, 23 F.4th 442, 455 (5th Cir. 2022) (such rationale is "baffling"). As another, bald accusations of party or counsel misconduct or bad faith unsubstantiated by reference to evidence in support are unavailing. *Id.* at 456.

With respect to prejudice, Appellees categorical refusal to agree to scheduling relief of any kind is not evidence of prejudice. It was Appellees' obligation to proffer evidence of prejudice. Simply insisting one will be prejudiced by an extension of time to an adversary to file opposition to summary judgment with nothing more is insufficient. *Sauceda v. City of San Benito, Texas*, 78 F.4th 174, 191 (5th Cir. 2023). Moreover, the Court

should not have considered "unsworn objections and arguments" to make a finding of prejudice. *See US v. Torres-Magana*, 938 F.3d 213, 217 (5th Cir. 2019).

***As to facts,*** the opinion misstates the findings the Northern District made at the time it denied Butler's Rule 6(b)(1)(A) motion. On January 7, 2022, the same day Butler's summary judgment opposition was due, the Northern District summarily denied Butler's Rule 6(b)(1)(A) motion via electronic docket entry devoid of any explanation or rationale (ROA.23). This conflicts with the finding that Butler's motion was denied because Butler had not established "good faith" or "lack of prejudice" to Appellees. Op. at 6.

The opinion also fails to account for how it is possible that the Northern District granted Young's motion seeking relief from a requirement to associate with local counsel (ROA.2286 to ROA.2288) with the Rule 6(b)(1)(A) motion, despite both relying upon the same exact proffers. Both were premised upon: (i) Dunlap's disclosure to Butler that he had not prepared and could not file her summary judgment opposition by the January 7 deadline (ROA.2287, ROA.2292); (ii) Dunlap's representation to Butler that he was unavailable and unreachable on

January 6 to discuss this problem (ROA.2287, ROA.2293); and (iii) Butler's agreement to additional scheduling relief necessary to prevent prejudice to Defendants (ROA.2288, ROA.2295).

The opinion also fails to identify how the Northern District was apprised of "bad faith" or "prejudice" to Appellees at the time the Rule 6(b)(1)(A) motion was denied. Appellees filed no opposition (ROA.22 to ROA.23). The only representation Appellees made at conferral is that,

> Defendants do not agree to any further extension of the summary judgment response deadline or postponement of the pretrial and trial deadlines, which have been set for months and with the agreement of Ms. Butler. (ROA.2298).

The opinion also fails to reckon with the Northern District's proclamation that it need not and thus refused to give explanations for summary denials. A judge who truly believes her only obligation is to say "yes" or "no" (ROA.3492), believes "I do not owe you a reasoned opinion on denying your motion" (ROA.3493), insists "under the law, even if you do have good cause, I can still deny it" (ROA.3490), and "I just want to disabuse you of" the notion "that you are entitled to some reasoned opinion on my denial" (ROA.3490) in actual fact engaged in a multi-factor assessment of a summarily denied motion months earlier. The opinion

also fails to confront that Northern District's insistence that the claimed "prejudice" to Appellees was "having to prove a case at all" (ROA.5217).

## REVIEW OF THE RULE 56(d) MOTION IS PREMISED ON ERRORS OF LAW AND FACT

The panel opinion does not expressly decide whether denial Butler's Rule 56(d) motion constitutes an abuse of discretion. This is error.

***As to law***, the opinion correctly holds that denial of a Rule 56(d) motion is evaluated for abuse of discretion. Op. at 5 (citing *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022)). But the remainder goes on to assess only abuses of discretion for extensions of time under Rules 6(b)(1)(B) and 16, which have different requirements than Rule 56(d).

The opinion recognizes that Rules 56(d), 6, and 16 have different requirements. Op. at 5 (citing *Dominick v. Mayorkas*, 52 F.4th 992 at 995 (5th Cir. 2022) (Rule 56(d): where diligent efforts to obtain evidence from the moving party are unsuccessful) *with LA Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (Rule 6(b): before the deadline for "any reason," but after only upon showing of "excusable neglect"); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (Rule 16(b): good cause)).

The opinion holds that a "more indulgent judge" may have granted Butler's motion. Op. at 6. However, the inquiry on appeal is not whether the judge herself is permissive, but whether she abided by the "broadly favored" and "liberally granted" touchstones of Rule 56(d). *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). The opinion also misses that a Rule 56(d) movant's burden is simply to proffer a "plausible basis for believing that specific facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (cleaned up). Denial should only be affirmed if "the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.3d 1281, 1285 (5th Cir. 1990).

Again, this Circuit cannot rely upon any post hoc justifications made by the Northern District because its review is limited to whether, at the time the motion was denied, facts justifying denial existed on the record. *Fletcher*, 598 F.2d at 470. No such facts existed at the time Butler's motion was denied.

***As to facts,*** statements by the Northern District ten months after denying Butler's motion reflect it did not understand that a Rule 56(d) allows for discovery after it has closed but before summary judgment issues. *See, e.g.*, ROA.3596, ROA.3613. And other statements evidence that the Northern District was operating under the mistaken belief that Butler had no right to be heard on her Rule 56(d) motion (ROA.3598). And that a Rule 56(d) motion filed before summary judgment has been ruled upon is untimely (ROA.3603).

Additionally, Butler's motion was not obviated by Appellees' summary judgment appendix. There is no confusion as to what the tenure box is, because the Northern District defined it at summary judgment, as containing "a personal statement, syllabi, resume of qualifications, teaching evaluations, and other materials" (ROA.3123). ***None of those items appear in the appendix*** (ROA.1937 to ROA.2271). Thus, the record does not support the Northern District's finding that the tenure box "was attached to summary judgment" (ROA.3599).

As another example, the Northern District's insistence that Appellees' trial counsel, Kim Askew, would be taken at her word that the tenure box was produced during discovery is error. *See Torres-Magana*,

938 F.at 217. So too was the finding that Appellees could not be compelled to identify the tenure box by bates number because doing so would prejudice them because Butler sought evidence to prove her merits case (ROA.3601, ROA.2602). Similarly, nothing in the record supported the Northern District finding that it would be "malpractice" for Appellees' counsel Kim Askew to produce or identify the tenure box let alone agree to not oppose Butler's motions (ROA.3604).

Moreover, Appellees have yet to explain why Askew told the Northern District in 2019 that they did not have the tenure box in their possession (ROA.3066), but from Young's appearance onward that they produced it "years ago" (ROA.3029). Nevertheless, the Northern District insisted the tenure box was "produced more than once" (ROA.3593) without any evidence "because I believe it to be true" (ROA.3594).

Other post hoc findings are fabricated. For example, the Northern District held that Young falsely accused Appellees' trial counsel Kim Askew of misconduct in the Rule 56(d) motion, and that was deemed to merit sanctions and evidenced "bad faith" and intent to "harass" (ROA). The Rule 56(d) motion contains no such accusation.

And as yet another example, the Northern District held Butler had not confirmed the tenure box had not been produced (ROA.3081), despite affirmations from the undersigned that he reviewed everything produced and could not find the tenure box (ROA.2973, ROA.3569, ROA.3003, ROA.3571).

As another example, the Northern District found that Butler did not make any attempts to seek production of her tenure box pursuant to Federal Rules of Civil Procedure 26–37 (ROA.3080). That is contrary to the record. In 2019, Butler timely filed Rule 26(a)(1) disclosures (ROA.1138). Later that year Butler informed Appellees pursuant to Rule 34 that she did not have her tenure box materials and indicated that SMU had them "due to their purported use of the materials by the tenure committee" (ROA.1330) and in open Court Butler asked Appellees to produce the tenure box to her (ROA.3329 to ROA.3334). On March 8, 2022, prior to filing the Rule 56(d) motion, raised the missing tenure box at a status hearing (ROA.3485). Later that same day Butler indicated in the joint pretrial order that the tenure box had not been produced and sought adverse inferences against Appellees for suspected spoliation of evidence (ROA.2756 to ROA.25757; ROA.2803 to ROA.2804).

Butler's motion also appended additional evidence of efforts to obtain the tenure box. These include prelitigation demands (ROA.3025), Butler's recollection of requesting the tenure box in discovery but Appellees' refusal to produce it let alone identify even partial contents by bates number (ROA.3027, ROA.3066, ROA.3067). And the Northern District ignored that the undersigned engaged in conferral with Appellees' counsel as is required by Rule 37 as evidenced by emails appended to the Rule 56(d) motion (ROA.3029).

Lastly, Butler respectfully reminds that if left uncorrected, the opinion will perversely incentivize employers in this Circuit to withhold necessary evidence from workers who sue them for civil rights violations. That SMU sought and won sanctions against Butler for not producing evidence that is the core of her case (ROA.3332, ROA.3334), then years later turned around to assert that they had the tenure box in their possession and produced it but steadfastly refuse to proffer corroborating evidence, and that a federal trial judge insisted that forcing production would prejudice the employer, cannot and should not be condoned.

## REVIEW OF SUMMARY JUDGMENT IS PREMISED ON ERRORS OF LAW AND FACT

The panel opinion holds no errors of law or fact were made at summary judgment. Op. at 7.

***As to law***, the opinion does not analyze whether the Northern District abused its discretion by sua sponte raising grounds for summary judgment not brought by Appellees for which Butler was given no opportunity to respond. *See* Op. at 7. This is error.

The District Court's power to enter summary judgment on sua sponte grounds is tempered by the requirement to provide at least ten days prior notice. *Leatherman v. Tarrant County Narcotics*, 28 F.3d 1388, 1398 (5th Cir. 1994) (quoting *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 436–37 (5th Cir. 1992)).

To refresh, the Northern District summarily entered summary judgment on April 11, 2025. That order states summary judgment is granted based upon Appellees' motion and that an "opinion containing the grounds for the Court's decision is forthcoming" (ROA.3069). The Northern District issued its merits summary judgment opinion on January 19, 2023 on both grounds brought by Appellees and raised sua

sponte. Butler was not given an opportunity to respond to the sua sponte grounds. This is error.

For instance, all claims against the Individual Appellees/Defendants were dismissed for Butler's failure to proffer evidence in support of her prima facie case on those claims (ROA.3134). This is troubling because Appellees only challenged them as a matter of law, so no factual proffer was required (ROA.1922 to ROA.1925). Nevertheless, the Northern District declined to consider the legal grounds raised by Appellees, holding instead that it "pretermits any adjudication of whether Plaintiff may assert such claims" (ROA.3134). The Northern District also failed to abide by the law of the case—Appellees were denied dismissal as a matter of law earlier in the litigation on the same legal theory proffered at summary judgment (ROA.1158).

Additionally, Butler's claims for associational disability discrimination (ROA.3147), FMLA harassment (ROA.3158), and FMLA invasion of privacy (ROA.3158) were all dismissed on the alternative grounds that Butler did not meet her evidentiary burden (ROA.3159)

despite Appellees only challenging those claims as a matter of law (ROA.1917; ROA.1908; ROA.1909).

The panel opinion also erroneously holds that under Rule 56(c), the trial judge need not "search for evidence" supporting the nonmovant's defense of her claims at summary judgment. Op. at 7. The opinion erroneously relies on Circuit opinions, the earliest of which was issued in 1992. Op. at 7–8 (citing *Austin v. Kroger Tex.*, 864 F.3d 326, 335 (5th Cir. 2017); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins*, 935 F.2d 909, 915 (5th Cir. 1992)).

There are at least two prior panel decisions which hold that the district court cannot ignore evidence before it at summary judgment even if the nonmovant's lawyer did not bring it directly to the judge's attention.

The first in time opinion is *Higgenbotham v. Ochsner Foundation Hospital*, 607 F.2d 653, 656 (5th Cir. 1979), which holds in pertinent part that it "is bootless to contend [that although evidence] was filed in the record, it could properly be ignored by the judge in ruling on the motion for summary judgment because plaintiff's counsel did not in some manner bring it directly to the judge's attention."

The second is *Keiser v. Coliseum Properties*, 614 F.2d 406, 410–11 (5th Cir. 1980), which holds in pertinent part that "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention the court must consider both before granting a summary judgment."

This Circuit abides by the prior panel rule. Under that rule, the earliest in time panel precedent is law of the Circuit unless (a) the Circuit overrules the precedent sitting en banc or (b) intervening Supreme Court precedent abrogates the holding. Neither *Higgenbotham* nor *Keiser* have been overruled by this Circuit en banc. And there is no intervening Supreme Court precedent.

***As to fact,*** the Northern District's failure to evaluate all evidence at summary judgment is not harmless error. Several of the Court's factual findings are ***contrary to the evidence proffered by Appellees*** at summary judgment.

For example, the Northern District dismissed all of Butler's ***retaliation claims*** on the pretense that Butler had not engaged in any protected activities before being denied tenure (ROA.3144). This conflicts with Appellees' own appendix which includes an affidavit and email by

Collins which states Butler complained about her "civil rights" with respect to the tenure process in September 2015 prior to her being denied tenure (ROA.2056, ROA.2096).

As another example, Butler's ***disability failure to accommodate claims*** were dismissed on the factual pretense that "achieving tenure" is not an essential job function of a tenure-track professor at SMU Law (ROA.3154). This finding is absurd on its face—Butler's job title indicates the goal of her position is to go up for and achieve tenure. This alone should have afforded her the benefit of inference as nonmovant. Moreover, that finding conflicts with a November 10, 2015 letter from Stanley to Butler advising she is obliged as a tenure track professor to go up for tenure that year (ROA.2033). It also conflicts with SMU Law's Guidelines, which oblige faculty to take affirmative steps to demonstrate qualification upon notice by the dean that she is being put up for tenure (ROA.2079).

Similarly, the Northern District erred in finding that Butler did not request reasonable accommodations before receiving negative tenure recommendations from decisionmakers (ROA.3156). This conflicts with an April 22, 2016 letter from Collins to Butler which acknowledges that

Butler had made several requests for reasonable accommodations previously (ROA.2110). And a May 4, 2016 letter from Collins to Currall recommending that Butler be denied tenure (ROA.2097). A supervisor haranguing a worker for seeking reasonable accommodations ***eleven days prior to taking an adverse action*** is evidence of temporal proximity. *Strong v. University Healthcare System*, 482 F.3d 802, 808 (5th Cir. 2007) (temporal proximity establishes prima face retaliation if "very close").

Additionally, the Northern District erred in holding that SMU complied with *all internal rules* during Butler's tenure bid (ROA.3135). For example, SMU's rules require that the Dean's tenure recommendation be given "to the Provost by no later than February 1" (ROA.2080), but Collins recommendation letter to Currall is dated May 4, 2015 (ROA.2097), missing SMU's deadline by *ninety-three days*. Procedural irregularities in the tenure process are sufficient evidence to survive summary judgment. *Williams v. DeKalb County*, 577 F.2d 248, 256 (5th Cir. 1978) (procedural irregularities trump "self-serving assertions" of employer that illicit bias was not factor in adverse action); *Doe v. Rice University*, 67 F.4th 702, 711 (5th Cir. 2023) (accumulation

Case: 24-10472 Document: 51 Page: 24 Date Filed: 09/30/2026

of procedural irregularities all disfavoring worker looks like a biased proceeding) (cleaned up).

The Northern District dismissed several of Butler's claims on the pretense that as nonmovant she bore the burden of establishing her claims are legally cognizable. This is error. Appellees bore the burden to establish the legal nonviability of claims since it is they must establish entitlement to judgment as a matter of law pursuant to Rule 56(a). That burden is not carried where movants represent that no precedent governs. Where that occurs, all that has been shown is there is no legal authority supporting the movant's position. This same error appears several times in the summary judgment order. *See, e.g.*, ROA.3146 (segregation in the workplace and invasion of medical privacy); ROA.3147 (associational disability discrimination); ROA.3158 (FMLA harassment); ROA.3158 (FMLA invasion of privacy); ROA.3168 (FMLA retaliation); ROA.3169 (Title IX). Two examples are illustrative.

First, Butler's ***associational disability discrimination claim*** was dismissed on the pretense that there was no Fifth Circuit precedent on point. This is error. Lack of precedent is not dispositive. It simply indicates an issue of first impression has not yet been decided by

precedent. *Cf. Boumediene v. Bush*, 553 U.S. 723, 752 (2008) ("lack of precedent" on issue does not support a party's position and it poses no barrier to court answering legal question).

The panel opinion also errors as a matter of law affirming dismissal in light of the Supreme Court's intervening decision in *Stanley v. City of Sanford, Florida*, 606 US ___, 2025 WL 176138, at *9 n.4 (June 23, 2025), which holds that Section 12112(a)'s plain text allows claims of "associational discrimination—that is, discriminating against a qualified individual 'because of the known disability of an individual with whom the qualified individual is known to have a relationship or association'."

Second, Butler's ***FMLA harassment claim*** was dismissed for want of a Fifth Circuit precedent on point. Compounding that error, the Northern District pointed to two trial court opinions, one that supported Butler and another than did not, and decided that it would adopt the latter because Butler had not briefed this issue, contrary to Rule 56(a).

On rehearing, dismissal of Butler's ***FMLA harassment claim*** should be reversed in light of the Supreme Court's intervening precedent in *Trump v. CASA, Inc.*, 2025 WL 1773631, at * 13–14 & n.17 (June 27, 2025), which holds that trial court opinions lack precedential force on

other judges in the same let alone different districts. Carrying *CASA*'s rule forward to the summary judgment context, a District Court cannot deem a claim legally nonviable simply because two cited trial court opinions take opposite positions and the nonmovant did not brief the issue (ROA.3158 to ROA.3159). Allowing otherwise would impermissibly aggrandize the precedential effect of trial court opinions in contravention of *Trump v. Casa*.

## REASSIGNMENT SHOULD BE GRANTED

The panel opinion declines to order reassignment, instead inviting the Honorable Judge Ada Brown to consider recusal. Op. at 8–9. But the opinion fails to take into account Judge Brown's insistence that the entirety of Butler's case is "trash" (ROA.3649) and that she decided as much before January 6, 2022 (ROA.3649).

The panel may also consider whether Judge Brown should have disclosed that she is both a ***former employee*** of SMU Law and actively participated in their ***judicial externship program*** while this case was pending below. These are facts for which this Circuit may take judicial notice. *Ada Elene Brown*, Federal Judicial Center, https://www.fjc.gov/history/judges/brown-ada-elene (last visited July 9, 2025);

*Federal Judicial Externship Program*, SMU Law, https://www.smu.edu/law/academics/externship-programs/federaljudicialexternshipprogram (last visited July 9, 2025).

Dated: July 9, 2025

Respectfully submitted,

/s/ Ezra Young
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, New York 14850
Telephone: (949) 291-3185

*Counsel for Professor Cheryl Butler*

## CERTIFICATE OF SERVICE

I certify that on July 9, 2025, I electronically filed the foregoing Brief for Plaintiff-Appellant Professor Cheryl Butler using the Court's CM/ECF systems, which constitutes service under the Court's rules.

/s/ Ezra Young  
Ezra Ishmael Young  
LAW OFFICE OF EZRA YOUNG

*Counsel for Professor Cheryl Butler*

## FRAP 40 CERTIFICATE OF COMPLIANCE

I certify that this Brief has been prepared in Microsoft Word using 14-point, proportionally spaced font, and that based on word processing software, the brief contains 3,898 words, excluding items that do not count towards the word limit pursuant to Fed. R. App. P. 32(f).

Date: July 9, 2025

/s/ Ezra Young____________
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG

*Counsel for Professor Cheryl Butler*

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2025

Lyle W. Cayce
Clerk

No. 23-10072

CHERYL BUTLER,

*Plaintiff—Appellant*,

*versus*

JENNIFER M. COLLINS; STEVEN C. CURRALL; ROY P. ANDERSON; JULIE P. FORRESTER; HAROLD STANLEY; PAUL WARD; SOUTHERN METHODIST UNIVERSITY,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-37

Before SOUTHWICK, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellee Southern Methodist University ("SMU") previously employed Plaintiff-Appellant Cheryl Butler as a non-tenured law professor at the SMU Dedman School of Law. After being denied tenure in 2016 and leaving the law school in 2017, Butler sued SMU and a number of its administrators and professors (the "Individual Defendants"), asserting

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

federal- and state-law claims arising from and/or related to her tenure application and its denial. Deciding that the Texas Commission on Human Rights Act, Texas Labor Code §21.001 *et seq*., preempts Butler's negligent supervision claim against SMU, as well as her fraud, defamation, and conspiracy-to-defame claims against the Individual Defendants, the district court granted the defendants' Rule 12(b)(6) motion to dismiss as to those claims. Thereafter, following additional motion practice, Butler's remaining claims were dismissed by summary judgment granted in the defendants' favor.

On appeal, Butler challenges the district court's dismissal rulings and certain of the district court's non-dispositive orders. Given the answer provided to the preemption question that we previously certified to the Supreme Court of Texas, we REVERSE the district court's Rule 12(b)(6) dismissal of Butler's common-law tort claims against the Individual Defendants, VACATE that aspect of the district court's judgment, and REMAND for further proceedings regarding those claims. Otherwise, we AFFIRM, and decline Butler's request that we reassign the matter to another district judge.

I.

In 2011, SMU hired Butler as an assistant law professor. After a mandatory third-year performance review, Butler's employment contract with SMU was renewed and she was eligible for tenure consideration in the 2015 fall semester. At some point during that semester, however, an illness caused Butler to seek an extension of the tenure vote to a later semester. That request was denied, but SMU later approved Butler's request for leave under the Family Medical Leave Act for the 2016 spring semester.

Butler's tenure committee, chaired by Professor Roy Anderson, submitted a report concluding that Butler met SMU's tenure standards for scholarship and service but not teaching. And, in January 2016, the law faculty voted to not recommend tenure for Butler. After Butler

unsuccessfully appealed the negative recommendation to SMU Law School Dean Jennifer Collins, and then to SMU's then-Provost Stephen Currall, the denial of her tenure application became final. Butler completed the 2016–2017 "terminal year" of her contract but taught no classes during that academic year.

After her employment at SMU ended, Butler filed this lawsuit, asserting various claims arising from and/or related to SMU's consideration and/or denial of tenure, including breach of contract, discrimination, retaliation, and defamation. Butler sued SMU and several of its employees, including the Individual Defendants—Anderson, Collins, Currall, Associate Provost Julie Forrester, Vice President for Executive Affairs Harold Stanley, and General Counsel Paul Ward.[1] As set forth in her second amended complaint, Butler asserted Texas common-law claims for breach of contract, fraud, defamation, conspiracy to defame, and negligent supervision, as well as statutory claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17; the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701–794a; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2664; and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.001 *et seq*.

Following removal of the action to federal court in January 2018, the defendants filed a Rule 12(b)(6) motion to dismiss, contending that the TCHRA preempts Butler's claim for negligent supervision against SMU, and her fraud, defamation, and conspiracy-to-defame claims against the

[1] Although Butler initially named several additional SMU employees as defendants, the district court dismissed the claims against those defendants without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service.

Individual Defendants. In March 2019, the district court granted the motion as to Butler's negligent supervision claim against SMU (Count 8) and the fraud, defamation, and conspiracy-to-defame claims against the Individual Defendants (Counts 1–7), but denied it as to her FMLA and § 1981 claims (Counts 10–12 and 23–26). After discovery and various motion practice, the district court granted SMU's motion for summary judgment regarding the entirety of Butler's remaining claims, dismissing them with prejudice. This appeal followed.

Insofar as the district court decided that the TCHRA preempts the fraud, defamation, and conspiracy-to-defame claims that Butler asserted against the Individual Defendants—SMU employees—we previously certified the following question to the Supreme Court of Texas:

> Does the Texas Commission on Human Rights Act "TCHRA"), Texas Labor Code § 21.001, *et seq.*, preempt a plaintiff-employee's common-law defamation and/or fraud claims against another employee to the extent that the claims are based on the same course of conduct as discrimination and/or retaliation claims asserted against the plaintiff's employer?

*See Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024).

The Supreme Court of Texas accepted our certified question, responding:

> Chapter 21 of the Texas Labor Code authorizes suits against employers arising out of various forms of discrimination, harassment, and retaliation in the workplace. In *Waffle House, Inc. v. Williams*, we held that Chapter 21 provides the exclusive remedy against an employer when the "gravamen of a plaintiff's case" is Chapter 21-covered discrimination. 313 S.W.3d 796, 799 (Tex. 2010). The Fifth Circuit asks via

> certified question whether Chapter 21 similarly forecloses common law causes of action—here, for defamation and fraud— against another employee when the claims are based on the same course of conduct. We answer that narrow question "no." Chapter 21 subjects only employers to statutory liability for covered discriminatory and retaliatory conduct and does not purport, either expressly or by implication, to immunize individuals from liability for their own tortious conduct merely because that conduct could also give rise to a Chapter 21 claim against a different defendant.

*Butler v. Collins*, No. 24-0616, 2025 WL 1478180, at *1 (Tex. May 23, 2025). Considering the answer to our certified question, we reverse the district court's dismissal of Butler's state-law tort claims against the Individual Defendants as preempted by the TCHRA, and remand for further proceedings regarding those claims.

## II.

In addition to challenging the district court's state-law preemption ruling, Butler appeals a number of the district court's non-dispositive orders, as well as its summary judgment dismissal of her remaining claims. A grant of summary judgment is reviewed *de novo*. *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). The other rulings are reviewed for an abuse of discretion. *See, e.g.*, *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (attorney's withdrawal as counsel of record); *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (denial of Butler's Rule 56(d) motion); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (Rule 6(b) extensions of time); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (modification of Rule 16(b) scheduling orders).

Regarding the district court's other rulings, including the district court's summary judgment dismissal of Butler's remaining claims, we have carefully reviewed the parties' submissions, applicable law, and the record in

this matter. After granting two motions seeking extensions of the deadline for filing an opposition to SMU's motion for summary judgment, modifying other pre-trial deadlines at the parties' request, and permitting Butler to substitute new counsel of record five times, the district court did not abuse its discretion in denying Butler's third and fourth requests for additional extensions of that deadline. Our cases have long recognized the significant discretion accorded to district courts relative to the management of their dockets. *See, e.g.*, *Kendricks v. Methodist Children's Home*, No. 21-50336, 2022 WL 944295, at *2 (5th Cir. Mar. 29, 2022) (unpub.) (per curiam) (citing cases); *Geiserman*, 893 F.2d at 792–93. And Rules 6 and 16 of the Federal Rules of Civil Procedure condition a movant's entitlement to extensions of time, and modification of scheduling orders, on court approval and demonstrating good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b), 16(b)(3).

Although a more indulgent judge might have been persuaded to grant Butler's third and/or fourth extensions of time, that fact does not invalidate the district court's refusals to grant those requests. Rather, on the instant record, the court's determinations that Butler (and her counsel) had not established excusable neglect and good faith, and lack of prejudice to the defendants, are not clearly erroneous. Thus, no abuse of discretion occurred. *See L.A. Public Ins. Adjusters*, 17 F.4th at 524–25 (client's *and* attorney's neglect must be excusable (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 391–92, 396–97 (1993)); *id*. at 525 (client's ill-advised reliance on counsel does not justify late filing)); *see also Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) ("[The] district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment . . . and has discretion to deny extending the deadline when no excusable neglect is shown." (citing *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 (5th Cir. 2006)).

Butler contends that the district court erred in treating the defendants' motion for summary judgment as unopposed, accepting the defendants' assertions of fact as undisputed, and determining that the defendants had established entitlement to summary judgment on her remaining claims. For the same reasons that the district court did not abuse its discretion in denying Butler's third and fourth requests to extend the deadline for filing an opposition to the motion for summary judgment, the district court also was not required to consider Butler's untimely submitted opposition memorandum. *Kitchen*, 952 F.3d at 254 (confirming that "district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment" (citing *Adams v. Travelers Indem.*, 465 F.3d 156, 161–62 (5th Cir. 2006)). The district court did not err in treating the motion as unopposed, and accepting its assertions of fact as undisputed. *See* Fed. R. Civ. P. 56(e).

Nor are we convinced that the district court improperly granted a "default" summary judgment based solely on Butler's failure to timely file an opposition to the motion for summary judgment. The district court evaluated the defendants' citations of legal authority, identifying the elements of each of Butler's claims addressed therein, and the lack of supporting proof for each element, in determining that SMU had established the necessary *prima facie* showing of entitlement to summary judgment on each of Butler's claims. Because Butler bears the burden of proof on all of her claims, the defendants satisfied their summary judgment burden under Rule 56 by asserting the absence of supporting evidence establishing a genuine dispute of material fact and demonstrating their entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c), (e); *Austin v. Kroger Tex.*, 864 F.3d 326, 335 & n. 10 (5th Cir. 2017); *Geiserman*, 893 F.2d at 792; *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The defendants were not required to negate the existence of evidence supporting Butler's claims, and the district court

was not obligated to search for such evidence. *See, e.g.*, *Austin*, 864 F.3d at 335; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (district court not required to "sift through record looking for evidence to support a party's opposition to summary judgment" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992))). Finally, Butler has not identified any reversible error in the district court's analysis of governing law and its application here. The district court's summary judgment ruling is affirmed.

III.

Butler finally asks that, in the event we remand this matter to the district court for additional proceedings, we also order that it be assigned to a different district judge. In support of the request for reassignment, Butler maintains that "[t]here is considerable evidence that Judge Brown acted inappropriately and was otherwise incapable of acting neutrally in these proceedings. It is not reasonable to expect that she could set aside her preconceptions of Butler and [Attorney Young] let alone cast aside prejudicial favoritism of SMU Law." Butler also asserts that "Judge Brown did not conduct herself or these proceedings in a manner expected of federal judges in any matter, let alone a civil rights case." Disagreeing, the defendants contend that "the district court has diligently applied this court's precedent," and that none of the statements that Butler references constitutes a personal attack on Butler or her attorneys.

Our power to reassign "is an extraordinary one and is rarely invoked." *Miller v. Sam Houston State Univ.*, 986 F.3d 88, 892 (5th Cir. 2021) (cleaned up). We see insufficient reason and decline to do so here, but leave

to the district court, on remand, to consider whether recusal may be warranted.

REVERSED; VACATED, AND REMANDED, IN PART; AFFIRMED IN PART.

ADR,CLOSED,JURY

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:18-cv-02036-L

Premier Electronics LLC v. ADT LLC et al
Assigned to: Judge Sam A. Lindsay
Case in other court: USCA5, 23-10715
298th Judicial District Court Dallas County, Texas, DC-17-13962
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/06/2018
Date Terminated: 06/12/2023
Jury Demand: Plaintiff
Nature of Suit: 360 Torts/Pers Inj: Other Personal Injury
Jurisdiction: Diversity

**Plaintiff**

**Premier Electronics LLC** represented by

**John M Frick**
Reid & Dennis PC
2600 Dallas Parkway
Suite 380
Frisco, TX 75034
972-991-2626
Fax: 972-991-2678
Email: jfrick@reiddennis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Jean Beck**
Womble Bond Dickinson (US) LLP
550 S Main Street, Suite 400
Greenville, SC 29601
864-239-5915
Email: Shannon.beck@wbd-us.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ADT LLC** represented by

**Norma N Bennett**
Shook Hardy & Bacon LLP
600 Travis Street, Suite 3400
Houston, TX 77002
713-227-8008
Fax: 713-227-9508
Email: nbennett@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Carson Eblen**

Shook Hardy & Bacon LLP
2555 Grand Blvd
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: ceblen@shb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Stephen Boos**
Shook Hardy & Bacon LLP
201 S Biscayne Blvd
Suite 3200
Miami, FL 33131
305-358-5171
Fax: 305-358-7470
Email: eboos@shb.com
*TERMINATED: 10/13/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kerensa E Cassis**
Shook Hardy & Bacon LLP
2555 Grand Blvd
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: kcassis@shb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul A Williams**
Shook Hardy & Bacon LLP
1660 17th Street
Suite 450
Denver, CO 80202
303-285-5300
Fax: 303-285-5301
Email: pwilliams@shb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanya Lynn Chaney**
Tanya Chaney Law PLLC
6107 Queenswood Ln
Houston, TX 77008
832-428-5728
Email: tanya@chaneymediation.com
*TERMINATED: 05/19/2021*

**Defendant**

**Insight Association Management GP Inc**
*TERMINATED: 03/21/2022*

**Defendant**

**Insight Association Management LP**
*TERMINATED: 03/21/2022*

**Mediator**

**ADR Provider** represented by **William Royal Furgeson**
Furgeson Malouf Law PLLC
6125 Luther Lane, Suite 439
Dallas, TX 75225
972-765-1959
Email: royal@furgesonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2018 | 1 | NOTICE OF REMOVAL from 298th J.D., Dallas County, Texas, case number DC-17-13962 filed by Insight Association Management LP, Insight Association Management GP Inc, ADT LLC. (Filing fee $400; receipt number 0539-9364349) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Cover Sheet, # 6 Cover Sheet Supplement, # 7 Notice of Related Case) (Chaney, Tanya) (Entered: 08/06/2018) |
| 08/06/2018 | 2 | MOTION Leave to Proceed without Local Counsel filed by ADT LLC (Attachments: # 1 Proposed Order) (Chaney, Tanya) (Entered: 08/06/2018) |
| 08/06/2018 | 3 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (zkc) (Entered: 08/07/2018) |
| 08/06/2018 | | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by ADT LLC (see document attachment 1 -4 for image). (zkc) (Entered: 08/07/2018) |
| 08/07/2018 | 4 | ORDER granting 2 Motion for Leave to Appear Without Local Counsel. (Ordered by Judge Karen Gren Scholer on 8/7/2018) (zkc) (Entered: 08/07/2018) |
| 08/15/2018 | 5 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by ADT LLC. (Chaney, Tanya) (Entered: 08/15/2018) |

| | | |
|---|---|---|
| 09/10/2018 | 6 | ANSWER to Complaint filed by ADT LLC. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Chaney, Tanya) (Entered: 09/10/2018) |
| 09/26/2018 | 7 | ORDER SETTING SCHEDULING CONFERENCE: Pursuant to Federal Rules of Civil Procedure 16(a) and 26(f), the Court hereby sets this case for a scheduling conference hearing on 10/9/2018, at 1:00 p.m., at the United States District Court, 1100 Commerce Street, Courtroom 1632, Dallas, Texas 75242. (Ordered by Judge Karen Gren Scholer on 9/26/2018) (aaa) (Entered: 09/27/2018) |
| 10/05/2018 | 8 | Unopposed MOTION to Continue *Scheduling Conference* filed by ADT LLC (Chaney, Tanya) (Entered: 10/05/2018) |
| 10/05/2018 | 9 | ORDER granting 8 Motion to Continue Scheduling Conference. Scheduling Conference reset for 11/13/2018 01:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Karen Gren Scholer. (Ordered by Judge Karen Gren Scholer on 10/5/2018) (epm) (Entered: 10/05/2018) |
| 11/05/2018 | 10 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $25; Receipt number 0539-9563573) filed by ADT LLC (Attachments: # 1 Exhibit(s) Certificate of Good Standing, # 2 Proposed Order Proposed Order Granting Application for Admission PRO HAC VICE)Attorney Eric Stephen Boos added to party ADT LLC(pty:dft) (Boos, Eric) (Entered: 11/05/2018) |
| 11/08/2018 | 11 | ORDER granting 10 Application for Admission Pro Hac Vice of Eric S. Boos. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Judge Karen Gren Scholer on 11/8/2018) (zkc) (Entered: 11/08/2018) |
| 11/08/2018 | 12 | Unopposed MOTION to Continue *Scheduling Conference* filed by ADT LLC (Attachments: # 1 Proposed Order) (Chaney, Tanya) (Entered: 11/08/2018) |
| 11/09/2018 | 13 | ORDER granting 12 Unopposed Motion to Continue Scheduling Conference. Scheduling Conference continued to 11/27/2018 10:00 AM before Judge Karen Gren Scholer. (Ordered by Judge Karen Gren Scholer on 11/9/2018) (axm) (Entered: 11/09/2018) |
| 11/26/2018 | 14 | Joint STATUS REPORT filed by ADT LLC. (Chaney, Tanya) (Entered: 11/26/2018) |
| 11/27/2018 | 15 | ELECTRONIC Minute Entry for proceedings held before Judge Karen Gren Scholer: Scheduling Conference held on 11/27/2018. Attorney Appearances: Plaintiff - John Frick; Defense - Eric Boos and Paul Williams. (Court Reporter: Lanie Smith) (No exhibits) Time in Court - :10. (chmb) (Entered: 11/27/2018) |
| 12/11/2018 | 16 | Proposal for contents of scheduling and discovery order *Agreed* by Premier Electronics LLC. (Frick, John) (Entered: 12/11/2018) |
| 12/13/2018 | 17 | MEDIATION ORDER. The court appoints William Royal Furgeson as mediator. Alternative Dispute Resolution Summary form provided electronically or by US Mail as appropriate. Deadline for mediation is on or before 8/2/2019. (Ordered by Judge Karen Gren Scholer on 12/13/2018) (axm) (Entered: 12/14/2018) |

| | | |
|---|---|---|
| 12/14/2018 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:17. and ADR Form Fri Dec 14 14:56:33 CST 2018 (crt) (Entered: 12/14/2018) |
| 12/14/2018 | 18 | SCHEDULING ORDER: Jury Trial set for 5/4/2020 09:00 AM before Judge Karen Gren Scholer. Joinder of Parties due by 2/1/2019. Amended Pleadings due by 12/21/2018. Motions due by 1/10/2020. Discovery due by 1/11/2019. Settlement Status Report due by 6/7/2019. Pretrial Order due by 4/10/2020. Pretrial Materials due by 4/10/2020. Pretrial Conference set for 4/23/2020 01:30 PM before Judge Karen Gren Scholer. Deadline for mediation is on or before 8/2/2019. Royal Ferguson appointed as mediator. (Ordered by Judge Karen Gren Scholer on 12/14/2018) (rekc) (Entered: 12/14/2018) |
| 12/14/2018 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:18. Fri Dec 14 16:56:16 CST 2018 (crt) (Entered: 12/14/2018) |
| 06/07/2019 | 19 | SETTLEMENT CONFERENCE REPORT filed by Premier Electronics LLC. (Frick, John) (Entered: 06/07/2019) |
| 09/18/2019 | 20 | Special Order 3-335: Effective September 18, 2019, the cases listed on Exhibit A to this order are transferred to Judge Ada E. Brown's docket and shall henceforth be designated by the suffix letter "E." (The clerk has mailed a copy to all non-ECF users.) (Ordered by Chief Judge Barbara M. G. Lynn on 9/18/2019) (cea) (Entered: 09/19/2019) |
| 10/08/2019 | 21 | ORDER: Per Special Order 3-335 issued on September 18, 2019, your case has been transferred to Judge Ada Brown. All parties are instructed that any existing scheduling orders and deadlines imposed by the previous judge remain in place unless the parties are otherwise notified by this Court. (Ordered by Judge Ada Brown on 10/8/2019) (cea) (Entered: 10/08/2019) |
| 11/13/2019 | 22 | *Rule 29* STIPULATION *Regarding Rebuttal Expert Disclosures* by ADT LLC. (Chaney, Tanya) (Entered: 11/13/2019) |
| 01/10/2020 | 23 | MOTION for Summary Judgment filed by ADT LLC (Chaney, Tanya) (Entered: 01/10/2020) |
| 01/10/2020 | 24 | Brief/Memorandum in Support filed by ADT LLC re 23 MOTION for Summary Judgment (Chaney, Tanya) (Entered: 01/10/2020) |
| 01/10/2020 | 25 | Appendix in Support filed by ADT LLC re 24 Brief/Memorandum in Support of Motion *for Summary Judgment* (Chaney, Tanya) (Entered: 01/10/2020) |
| 01/21/2020 | 26 | MOTION to Strike *Plaintiff Premier Electronics' Untimely Expert Report* filed by ADT LLC (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Proposed Order) (Chaney, Tanya) (Entered: 01/21/2020) |
| 01/31/2020 | 27 | RESPONSE filed by Premier Electronics LLC re: 23 MOTION for Summary Judgment (Frick, John) (Entered: 01/31/2020) |
| 01/31/2020 | 28 | Appendix in Support filed by Premier Electronics LLC re 27 Response/Objection *Motion for Summary Judgment* (Frick, John) (Entered: 01/31/2020) |
| 01/31/2020 | 29 | Brief/Memorandum in Support filed by Premier Electronics LLC re 27 Response/ Objection *Motion for Summary Judgment* (Frick, John) (Entered: 01/31/2020) |

| | | |
|---|---|---|
| 02/07/2020 | 30 | MOTION Motion to Exclude Plaintiff Premier Electronic's Expert Philip Hogan filed by ADT LLC (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Proposed Order) (Chaney, Tanya) (Entered: 02/07/2020) |
| 02/11/2020 | 31 | First MOTION to Continue *Trial* filed by Premier Electronics LLC with Brief/ Memorandum in Support. (Attachments: # 1 Proposed Order Granting Continuance and Amended Scheduling Order) (Frick, John) (Entered: 02/11/2020) |
| 02/11/2020 | 32 | RESPONSE filed by Premier Electronics LLC re: 26 MOTION to Strike *Plaintiff Premier Electronics' Untimely Expert Report* (Attachments: # 1 Exhibit(s) Exhibits for Plaintiff's Response to Motion to Strike Expert Report) (Frick, John) (Entered: 02/11/2020) |
| 02/14/2020 | 33 | Defendant ADT LLC'S Evidentiary Objections and MOTION to Strike *Certain Summary Judgment Evidence* re: 29 Response to ADTs Motion for Final Summary Judgment filed by ADT LLC (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Chaney, Tanya) Modified text and document linkage on 2/14/2020 (ykp). (Entered: 02/14/2020) |
| 02/14/2020 | 34 | Brief/Memorandum in Support filed by ADT LLC re 23 MOTION for Summary Judgment (Chaney, Tanya) Modified text and document linkage on 2/14/2020 (ykp). (Entered: 02/14/2020) |
| 02/25/2020 | 35 | REPLY filed by ADT LLC re: 26 MOTION to Strike *Plaintiff Premier Electronics' Untimely Expert Report* (Chaney, Tanya) (Entered: 02/25/2020) |
| 02/28/2020 | 36 | RESPONSE filed by Premier Electronics LLC re: 30 MOTION Motion to Exclude Plaintiff Premier Electronic's Expert Philip Hogan (Frick, John) (Entered: 02/28/2020) |
| 02/28/2020 | 37 | Appendix in Support filed by Premier Electronics LLC re 36 Response/Objection *Plaintiff Premiers Response to Defendant ADTs Mtn to Exclude Plaintiff Premier Electronics Expert Philip Courtney Hogan with Supporting Memorandum of Law* (Frick, John) (Entered: 02/28/2020) |
| 03/04/2020 | 38 | RESPONSE AND OBJECTION filed by ADT LLC re: 31 First MOTION to Continue *Trial* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7) (Chaney, Tanya) (Entered: 03/04/2020) |
| 03/10/2020 | 39 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Charles C. Eblen (Filing fee $100; Receipt number DS122929) filed by ADT LLC. (oyh) (Entered: 03/11/2020) |
| 03/12/2020 | 40 | ELECTRONIC ORDER granting 39 Application for Admission Pro Hac Vice of Charles C. Eblen. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 3/12/2020) (chmb) (Entered: 03/12/2020) |
| 03/13/2020 | 41 | ***DISREGARD, FILED IN ERROR*** REPLY filed by ADT LLC RE: 30 MOTION Motion to Exclude Plaintiff Premier Electronic's Expert Philip Hogan (Chaney, Tanya) Modified text on 3/13/2020 (krr). (Entered: 03/13/2020) |

| | | |
|---|---|---|
| 03/13/2020 | 42 | REPLY filed by ADT LLC re: 30 MOTION Motion to Exclude Plaintiff Premier Electronic's Expert Philip Hogan (Chaney, Tanya) (Entered: 03/13/2020) |
| 03/18/2020 | 43 | ELECTRONIC ORDER: Due to the outbreak of the novel COVID-19 and consistent with Special Order No. 13-5 entered by Chief Judge Barbara Lynn on March 13, 2020, the remaining pretrial deadlines, pretrial conference, and trial setting in this case are continued until further notice from the Court. (Ordered by Judge Ada Brown on 3/18/2020) (chmb) (Entered: 03/18/2020) |
| 03/18/2020 | 44 | Special Orders 13-5 and 13-6 re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (Ordered by Chief Judge Barbara M. G. Lynn on 3/16/2020 and 3/18/2020)(lrl) (Entered: 03/19/2020) |
| 03/19/2020 | 45 | ELECTRONIC ORDER: The undersigned orders that all civil and criminal bench and jury trials, in-person court hearings, and sentencing proceedings scheduled to take place through May 1, 2020, are continued due to concerns about COVID-19 and consistent with the Northern District of Texas's Special Order Nos. 13-5 and 13-6, entered by Chief Judge Barbara Lynn on March 13, and March 18, 2020, respectively.<br><br>In addition, if the attorneys have been ordered to conduct a face-to-face meeting for purposes of preparing a Rule 26(f) Joint Report, an in-person meeting is no longer required.<br><br>These continuances do not modify any pending deadlines other than the trial or hearing dates mentioned above. Attorneys should file a motion with the Court to modify any other deadlines unless, as is the case in some cases transferred to this Court from other judges, the scheduling order allows the parties to reset deadlines by agreement without Court approval.<br><br>Due to the Court's reduced ability to obtain an adequate spectrum of jurors, and due to the reduced availability of attorneys and court staff to be present in courtrooms because of the public health considerations associated with COVID-19, the period of the continuances associated with this Order and Special Order Nos. 13-5 and 13-6 are excluded by the Speedy Trial Act, 18 U.S.C. § 3161(h) and 18 U.S.C. §3161 (h)(7)(A). The Court finds that the ends of justice served by ordering these continuances outweigh the best interests of the public and each defendants right to a speedy trial. In fact, the best interests of the public are served by these continuances.<br><br>The Court encourages the parties to communicate with opposing counsel and litigants by video or telephone whenever possible.<br><br>(Ordered by Judge Ada Brown on 3/19/2020) (lrl) (Entered: 03/19/2020) |
| 03/31/2020 | 46 | ORDER denying 31 Motion to Continue. (Ordered by Judge Ada Brown on 3/31/2020) (chmb) (Entered: 03/31/2020) |
| 04/03/2020 | 47 | Exhibit List by ADT LLC. (Attachments: # 1 Exhibit(s) List of Resident Complaints re Premier Electronics) (Chaney, Tanya) (Entered: 04/03/2020) |
| 04/03/2020 | 48 | Witness List by ADT LLC. (Chaney, Tanya) (Entered: 04/03/2020) |
| 04/03/2020 | 49 | Designation of Deposition by ADT LLC. (Chaney, Tanya) (Entered: 04/03/2020) |

| | | |
|---|---|---|
| 04/09/2020 | 50 | MOTION Clarification of Recent Court Orders filed by Premier Electronics LLC (Frick, John) (Entered: 04/09/2020) |
| 04/09/2020 | 51 | Plaintiff Premier's First Supplement to its 50 MOTION Clarification of Recent Court Orders filed by Premier Electronics LLC (Frick, John) Modified text on 4/10/2020 (ykp). (Entered: 04/09/2020) |
| 04/10/2020 | 52 | Proposed Pretrial Order *Joint* by Premier Electronics LLC. (Frick, John) (Entered: 04/10/2020) |
| 04/13/2020 | 53 | ELECTRONIC ORDER granting 50 Motion for Clarification. Per Doc. No. 43, any pretrial deadlines pending as of March 18, 2020, have been continued. (Ordered by Judge Ada Brown on 4/13/2020) (chmb) (Entered: 04/13/2020) |
| 06/19/2020 | 54 | MEMORANDUM OPINION AND ORDER granting 26 Motion to Strike. Accordingly, the Court strikes Premier's expert report dated 12/12/2019. (Ordered by Judge Ada Brown on 6/19/2020) (axm) Modified filed date on 6/22/2020 (axm). (Entered: 06/22/2020) |
| 06/19/2020 | 55 | ORDER denying 30 Motion to Exclude Plaintiff's Expert Philip Hogan. (Ordered by Judge Ada Brown on 6/19/2020) (axm) (Entered: 06/22/2020) |
| 07/22/2020 | 56 | MEMORANDUM OPINION AND ORDER re: 23 Motion for Summary Judgment; 33 Motion to Strike. The Court grants both motions in part and denies them in part. (Ordered by Judge Ada Brown on 7/22/2020) (oyh) (Entered: 07/23/2020) |
| 10/23/2020 | 57 | ELECTRONIC AMENDED SCHEDULING ORDER: Jury Trial set on the Court's three-week docket beginning 2/2/2021. Pretrial Disclosures due by 12/4/2020. Pretrial Materials due by 1/4/2021. Pretrial Conference set for 2/1/2021 at 10:00 AM. (Ordered by Judge Ada Brown on 10/23/2020) (chmb) (Entered: 10/23/2020) |
| 12/04/2020 | 58 | *Plaintiff's Rule 26(a)(3)(A)* Pretrial Disclosures filed by Premier Electronics LLC. (Frick, John) (Entered: 12/04/2020) |
| 12/11/2020 | 59 | *Plaintiff Premier's Objections to Defendant ADT's Rule 26(a)(3)(A)(ii) & (iii)* Pretrial Disclosures filed by Premier Electronics LLC. (Frick, John) (Entered: 12/11/2020) |
| 12/16/2020 | 60 | OBJECTION filed by ADT LLC re: 58 Pretrial Disclosures (Attachments: # 1 Appendix) (Chaney, Tanya) (Entered: 12/16/2020) |
| 12/28/2020 | 61 | MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3) (Chaney, Tanya) (Entered: 12/28/2020) |
| 01/04/2021 | 62 | Joint MOTION to Extend Time Certain Pretrial Deadlines filed by ADT LLC (Chaney, Tanya) (Entered: 01/04/2021) |
| 01/07/2021 | 63 | ORDER GRANTING 62 JOINT MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES. Pretrial Materials due by 1/11/2021. Pretrial Order due by 1/11/2021. (Ordered by Judge Ada Brown on 1/7/2021) (mjr) (Entered: 01/07/2021) |
| 01/11/2021 | 64 | Final MOTION in Limine filed by Premier Electronics LLC (Frick, John) (Entered: 01/11/2021) |
| 01/11/2021 | 65 | Exhibit List *Amended* by ADT LLC. (Chaney, Tanya) (Entered: 01/11/2021) |

| | | |
|---|---|---|
| 01/11/2021 | 66 | Exhibit List by Premier Electronics LLC. (Frick, John) (Entered: 01/11/2021) |
| 01/11/2021 | 67 | Witness List by ADT LLC. (Chaney, Tanya) (Entered: 01/11/2021) |
| 01/11/2021 | 68 | MOTION in Limine *to Exclude Unsupported Testimony Regarding a Purported Conspiracy Involving ADT* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Chaney, Tanya) (Entered: 01/11/2021) |
| 01/11/2021 | 69 | Witness List by Premier Electronics LLC. (Frick, John) (Entered: 01/11/2021) |
| 01/11/2021 | 70 | MOTION in Limine *to Exclude Evidence of Previously Excluded Damages* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Chaney, Tanya) (Entered: 01/11/2021) |
| 01/11/2021 | 71 | MOTION in Limine *to Exclude Evidence of Damages Related to Premier's Claims Involving Light Farms, Walsh, and "Builders"* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Chaney, Tanya) (Entered: 01/11/2021) |
| 01/11/2021 | 72 | MOTION in Limine *to Exclude Extrinsic Evidence Related to the Bulk Monitoring Agreement* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1) (Chaney, Tanya) (Entered: 01/11/2021) |
| 01/11/2021 | 73 | Proposed Pretrial Order *Joint* by Premier Electronics LLC. (Frick, John) (Entered: 01/11/2021) |
| 01/13/2021 | 74 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11509745) filed by ADT LLC (Attachments: # 1 Proposed Order)Attorney Paul A Williams added to party ADT LLC(pty:dft) (Williams, Paul) (Entered: 01/13/2021) |
| 01/13/2021 | 75 | Joint MOTION to Continue *Trial* filed by ADT LLC (Chaney, Tanya) (Entered: 01/13/2021) |
| 01/14/2021 | 76 | ELECTRONIC ORDER granting 74 Application for Admission Pro Hac Vice of Paul A. Williams. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 1/14/2021) (chmb) (Entered: 01/14/2021) |
| 01/14/2021 | 77 | ELECTRONIC ORDER granting 75 the parties' Joint Motion to Continue Trial due to Covid-19 concerns. Jury Trial is reset on the Court's three-week docket beginning 6/8/2021. The Pretrial Conference is reset for 6/7/2021 at 10:00 AM. (Ordered by Judge Ada Brown on 1/14/2021) (chmb) (Entered: 01/14/2021) |
| 01/19/2021 | 78 | Proposed Voir Dire by Premier Electronics LLC. (Frick, John) (Entered: 01/19/2021) |
| 01/19/2021 | 79 | Proposed Jury Charge filed by Premier Electronics LLC. (Frick, John) (Entered: 01/19/2021) |
| 01/19/2021 | 80 | Proposed Jury Instructions filed by ADT LLC. (Chaney, Tanya) (Entered: 01/19/2021) |
| 01/19/2021 | 81 | OBJECTION filed by ADT LLC re: 69 Witness List (Chaney, Tanya) (Entered: 01/19/2021) |
| 01/19/2021 | 82 | OBJECTION filed by ADT LLC re: 66 Exhibit List (Chaney, Tanya) (Entered: 01/19/2021) |

| | | |
|---|---|---|
| 01/21/2021 | 83 | MOTION for Extension of Time to File Response/Reply to 61 MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* filed by Premier Electronics LLC (Frick, John) (Entered: 01/21/2021) |
| 01/22/2021 | 84 | ELECTRONIC ORDER granting 83 Unopposed Motion to Extend Time to File Plaintiff's Response to Motion to Strike Witnesses. Response due by 1/22/2021. (Ordered by Judge Ada Brown on 1/22/2021) (chmb) (Entered: 01/22/2021) |
| 01/22/2021 | 85 | RESPONSE filed by Premier Electronics LLC re: 61 MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s)) (Frick, John) (Entered: 01/22/2021) |
| 01/22/2021 | 86 | RESPONSE filed by Premier Electronics LLC re: 68 MOTION in Limine *to Exclude Unsupported Testimony Regarding a Purported Conspiracy Involving ADT* (Frick, John) (Entered: 01/22/2021) |
| 01/25/2021 | 87 | RESPONSE filed by Premier Electronics LLC re: 72 MOTION in Limine *to Exclude Extrinsic Evidence Related to the Bulk Monitoring Agreement* (Frick, John) (Entered: 01/25/2021) |
| 01/25/2021 | 88 | RESPONSE filed by Premier Electronics LLC re: 70 MOTION in Limine *to Exclude Evidence of Previously Excluded Damages* (Frick, John) (Entered: 01/25/2021) |
| 01/25/2021 | 89 | AMENDED DOCUMENT by Premier Electronics LLC. Amendment to 88 Response/ Objection. *Plaintiff Premiers Response to ADT LLCs Motion in Limine to Exclude Evidence of Previously Excluded Damages*. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (Frick, John) (Entered: 01/25/2021) |
| 01/25/2021 | 90 | RESPONSE filed by Premier Electronics LLC re: 71 MOTION in Limine *to Exclude Evidence of Damages Related to Premier's Claims Involving Light Farms, Walsh, and "Builders"* (Frick, John) (Entered: 01/25/2021) |
| 01/25/2021 | 91 | RESPONSE filed by ADT LLC re: 64 Final MOTION in Limine (Attachments: # 1 Exhibit(s) Ex. 1 - Gribbon Rebuttal Report, # 2 Proposed Order re Premier's Motion in Limine) (Chaney, Tanya) (Entered: 01/25/2021) |
| 02/05/2021 | 92 | REPLY filed by ADT LLC re: 61 MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* (Chaney, Tanya) (Entered: 02/05/2021) |
| 02/08/2021 | 93 | REPLY filed by ADT LLC re: 68 MOTION in Limine *to Exclude Unsupported Testimony Regarding a Purported Conspiracy Involving ADT* (Chaney, Tanya) (Entered: 02/08/2021) |
| 02/08/2021 | 94 | REPLY filed by ADT LLC re: 72 MOTION in Limine *to Exclude Extrinsic Evidence Related to the Bulk Monitoring Agreement* (Attachments: # 1 Exhibit(s) 1 - Security System Agreement) (Chaney, Tanya) (Entered: 02/08/2021) |
| 02/08/2021 | 95 | REPLY filed by ADT LLC re: 71 MOTION in Limine *to Exclude Evidence of Damages Related to Premier's Claims Involving Light Farms, Walsh, and "Builders"* (Attachments: # 1 Exhibit(s) 1 - Premier's Initial Disclosures, # 2 Exhibit(s) 2 - Security System Agreement) (Chaney, Tanya) (Entered: 02/08/2021) |
| 02/08/2021 | 96 | REPLY filed by ADT LLC re: 70 MOTION in Limine *to Exclude Evidence of Previously Excluded Damages* (Attachments: # 1 Exhibit(s) 1 - Premier's Initial |

| | | |
|---|---|---|
| | | Disclosures) (Chaney, Tanya) (Entered: 02/08/2021) |
| 05/18/2021 | 97 | ELECTRONIC ORDER: The Court modifies paragraph 12(b)(2) of the original scheduling order (Doc. 18) regarding voir dire as follows: The Court will ask preliminary questions relating to the burden of proof and juror qualification and excuses, but leaves any remaining issues for the lawyers to discuss with the jury panel. Each side will be limited to 30 minutes for questioning. (Ordered by Judge Ada Brown on 5/18/2021) (chmb) (Entered: 05/18/2021) |
| 05/18/2021 | 98 | ORDER OF PARTIAL SEQUESTRATION: the jury is to be sequestered from the time they report to the jury room each day until released by the court at the end of each day. (Ordered by Judge Ada Brown on 5/18/2021) (chmb) (Entered: 05/18/2021) |
| 05/19/2021 | 99 | Unopposed MOTION to Withdraw as Attorney *Tanya L. Chaney*, Unopposed MOTION to Substitute Attorney, added attorney Norma N Bennett,Norma N Bennett for ADT LLC. Motion() filed by ADT LLC (Attachments: # 1 Proposed Order Granting Unopposed Motion for Withdrawal and Substitution of Counsel)Attorney Norma N Bennett added to party ADT LLC(pty:dft) (Bennett, Norma) (Entered: 05/19/2021) |
| 05/19/2021 | 100 | ELECTRONIC ORDER granting 99 Defendant ADT LLC's Unopposed Motion for Withdrawal and Substitution of Counsel. The Court permits Tanya Lynn Chaney to withdraw as counsel, and Norma N. Bennett is substituted as counsel for ADT. (Ordered by Judge Ada Brown on 5/19/2021) (chmb) (Entered: 05/19/2021) |
| 05/19/2021 | 101 | First MOTION to Quash *Deposition Notice* filed by Premier Electronics LLC (Attachments: # 1 Exhibit(s), # 2 Proposed Order) (Frick, John) (Entered: 05/19/2021) |
| 05/21/2021 | 102 | ELECTRONIC ORDER: The Court expedites the deadline for ADT LLC's response to Plaintiff's Motion for Protective Order and to Quash Late Deposition Notice (Doc. 101). Response due by 5/24/2021 at 5 p.m. (Ordered by Judge Ada Brown on 5/21/2021) (chmb) (Entered: 05/21/2021) |
| 05/21/2021 | 103 | RESPONSE filed by ADT LLC re: 101 First MOTION to Quash *Deposition Notice* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4) (Bennett, Norma) (Entered: 05/21/2021) |
| 05/24/2021 | 104 | ELECTRONIC ORDER denying 101 Plaintiff's Motion for Protective Order and to Quash Late Deposition Notice. After considering the relevant factors, the Court finds that Defendant should be allowed to take the deposition of William T. Urban to preserve his testimony for trial because the deposition will not unfairly prejudice the other side. See Charles v. Wade, 665 F.2d 661, 663-65 (5th Cir. Unit B 1982). (Ordered by Judge Ada Brown on 5/24/2021) (chmb) (Entered: 05/24/2021) |
| 06/01/2021 | 105 | MOTION in Limine *to Exclude Testimony Regarding Unrelated Lawsuits Involving ADT* filed by ADT LLC (Attachments: # 1 Exhibit(s) 1) (Bennett, Norma) (Entered: 06/01/2021) |
| 06/01/2021 | 106 | Designation of Experts by ADT LLC. (Bennett, Norma) (Entered: 06/01/2021) |
| 06/02/2021 | 107 | Designation of Deposition by Premier Electronics LLC. (Frick, John) (Entered: 06/02/2021) |
| 06/03/2021 | 108 | OBJECTION filed by Premier Electronics LLC re: 106 Designation of Experts (Frick, John) (Entered: 06/03/2021) |

| | | |
|---|---|---|
| 06/03/2021 | 109 | ORDER: Before the Court is Defendant ADT LLC's Motion to Strike Premier Electronics' Previously Undisclosed Witnesses and Exhibits (Doc. 61 ). ADT asks the Court to strike 20 of Premier's witnesses and four exhibits because they were allegedly either not disclosed or inadequately disclosed under Federal Rule of Civil Procedure 26. For reasons that follow, after considering the motion, Plaintiff's response, and ADT's reply, the Court finds that the motion is moot in part, grants the motion in part, and denies it in part. (Ordered by Judge Ada Brown on 6/3/2021) (ndt) (Entered: 06/03/2021) |
| 06/03/2021 | 110 | MOTION for Leave to Bring Electronic Equipment to Trial filed by ADT LLC (Attachments: # 1 Proposed Order) (Bennett, Norma) (Entered: 06/03/2021) |
| 06/03/2021 | 111 | Designation of Deposition by ADT LLC. (Bennett, Norma) (Entered: 06/03/2021) |
| 06/04/2021 | 112 | NOTICE of *Pending In Limine Items* filed by ADT LLC (Bennett, Norma) (Entered: 06/04/2021) |
| 06/04/2021 | 113 | ELECTRONIC ORDER granting 110 Defendant's Motion for Leave to Bring Electronic Equipment to Trial. ADT, its counsel, and its witnesses are permitted to bring the electronic equipment described in the motion to the courthouse for trial. (Ordered by Judge Ada Brown on 6/4/2021) (chmb) (Entered: 06/04/2021) |
| 06/04/2021 | 114 | RESPONSE filed by Premier Electronics LLC re: 105 MOTION in Limine *to Exclude Testimony Regarding Unrelated Lawsuits Involving ADT* (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s)) (Frick, John) (Entered: 06/04/2021) |
| 06/04/2021 | 115 | MOTION for leave to bring electronic equipment to trial filed by Premier Electronics LLC (Attachments: # 1 Proposed Order) (Frick, John) (Entered: 06/04/2021) |
| 06/04/2021 | 116 | OBJECTION filed by Premier Electronics LLC re: 111 Designation of Deposition (Frick, John) (Entered: 06/04/2021) |
| 06/04/2021 | 117 | ELECTRONIC ORDER granting 115 Plaintiff's Motion for Leave to Bring Electronic Equipment to Trial. Plaintiff, its counsel, and its witnesses are permitted to bring the electronic equipment described in the motion to the courthouse for trial. (Ordered by Judge Ada Brown on 6/4/2021) (chmb) (Entered: 06/04/2021) |
| 06/07/2021 | 118 | Court Request for Recusal: Judge Ada Brown recused. Pursuant to instruction in Special Order 3-249, the Clerk has reassigned the case to Judge Sam A. Lindsay for all further proceedings. Future filings should indicate the case number as: 3:18-cv-2036-L. (ctf) (Entered: 06/07/2021) |
| 06/07/2021 | 119 | Letter of Recusal: Judge Brown hereby recuses herself from this case. The trial will be reset by the newly appointed District Judge Sam Lindsay. (Signed by Judge Ada Brown on 6/7/2021) (chmb) (Entered: 06/07/2021) |
| 06/07/2021 | 120 | ELECTRONIC Minute Entry for proceedings held before Judge Ada Brown: granting in part and denying in part 64 Motion in Limine (**Section A-D is granted; Section E is moot; Section F & G were denied**) ; denying 68 Motion in Limine; granting 70 Motion in Limine; granting 71 Motion in Limine; denying 72 Motion in Limine; granting 105 Motion in Limine; Pretrial Conference held on 6/7/2021. Attorney Appearances: Plaintiff - John Frick; Defense - Paul Williams, Charles Eblen, Eric Boos. (Court Reporter: Nikki Barr) (No exhibits) Time in Court - 01:53. (chmb) |

| | | |
|---|---|---|
| | | (Entered: 06/07/2021) |
| 06/15/2021 | 121 | Joint MOTION for Telephonic Status Conference filed by ADT LLC. (Bennett, Norma) Modified text on 6/16/2021 (mjr). (Entered: 06/15/2021) |
| 06/17/2021 | 122 | ORDER: 121 Joint MOTION for Telephonic Status Conference is Granted. Telephone Conference set for 6/23/2021 10:00 AM before Judge Sam A. Lindsay. (Ordered by Judge Sam A. Lindsay on 6/17/2021) (svc) (Entered: 06/17/2021) |
| 06/23/2021 | 123 | NOTICE of *Trial Availability* filed by Premier Electronics LLC (Frick, John) (Entered: 06/23/2021) |
| 06/23/2021 | 124 | ELECTRONIC Minute Entry for proceedings held before Judge Sam A. Lindsay: Telephone Conference held on 6/23/2021. Attorney Appearances: Plaintiff - John Frick; Defense - Charles Carson Eblen, Eric Stephen Boos. (Court Reporter: Charyse Crawford) (No exhibits) Time in Court - 0:30. (chmb) (Entered: 06/24/2021) |
| 06/29/2021 | 125 | ORDER: The court sets this matter for trial the week of February 14, 2022 commencing at 9:00 AM. (Ordered by Judge Sam A. Lindsay on 6/29/2021) (svc) (Entered: 06/29/2021) |
| 07/09/2021 | 126 | Notice of Filing of Official Electronic Transcript of Pre-Trial Proceedings held on 06-07-2021 before Judge Brown. Court Reporter/Transcriber Nikki Barr, Telephone number 214.753.2661. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (54 pages) Redaction Request due 7/30/2021. Redacted Transcript Deadline set for 8/9/2021. Release of Transcript Restriction set for 10/7/2021. (nbb) (Entered: 07/09/2021) |
| 10/12/2021 | 127 | Unopposed MOTION to Withdraw as Attorney *and Substitution of Counsel of Record* filed by ADT LLC (Attachments: # 1 Proposed Order) (Bennett, Norma) (Entered: 10/12/2021) |
| 10/13/2021 | 128 | ELECTRONIC ORDER granting 127 Motion to Withdraw as Attorney. Accordingly, the court allows Attorney Eric Stephen Boos to withdraw as counsel for Defendant ADT, LLC ("ADT"), and he is relieved of any further obligation to or representation of ADT in this case. The court allows Attorney Kerensa Cassis and the law firm of Shook, Hardy & Bacon, LLP to be substituted in as counsel for ADT in this case. (Ordered by Judge Sam A. Lindsay on 10/13/2021) (chmb) (Entered: 10/13/2021) |
| 10/20/2021 | 129 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Karensa Cassis (Filing fee $100; Receipt number 0539-12316402) filed by ADT LLC (Attachments: # 1 Exhibit(s) Certificate of Good Standing, # 2 Proposed Order) (Bennett, Norma) (Entered: 10/20/2021) |
| 10/21/2021 | 130 | ELECTRONIC ORDER granting 129 Application for Admission Pro Hac Vice of Kerensa Cassis. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case |

| | | |
|---|---|---|
| | | pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Sam A. Lindsay on 10/21/2021) (chmb) (Entered: 10/21/2021) |
| 12/28/2021 | 131 | NOTICE of *Firm Change* filed by Premier Electronics LLC (Frick, John) (Entered: 12/28/2021) |
| 01/13/2022 | 132 | Joint MOTION to Continue *Trial* filed by ADT LLC (Eblen, Charles) (Entered: 01/13/2022) |
| 01/18/2022 | 133 | ORDER granting 132 Motion to Continue. The parties request a trial date in July or August 2022. Currently, the court has no space on its docket to try this action in the requested months. Accordingly, the court will review its docket and inform the parties of available dates. (Ordered by Judge Sam A. Lindsay on 1/18/2022) (mla) (Entered: 01/18/2022) |
| 03/04/2022 | 134 | ORDER: The parties shall jointly notify the court in writing by 3/18/22, of three time periods in 2023 that they are both available to try this case and the number of days required for the trial. Further, by 3/18/22, Plaintiff shall explain to the court in writing why the Insight Defendants should not be dismissed from this action for its failure to comply with Rule 4. (Ordered by Judge Sam A. Lindsay on 3/4/2022) (chmb) (Entered: 03/04/2022) |
| 03/17/2022 | 135 | NOTICE of *Parties' Trial Availability* filed by Premier Electronics LLC (Frick, John) (Entered: 03/17/2022) |
| 03/21/2022 | 136 | ORDER: In its Order of 3/4/2022 (Doc. 134 ), the court directed Plaintiff to explain in writing why Defendants Insight Association Management GP Inc. and Insight Association Management LP should not be dismissed from this action for its failure to comply with Federal Rule of Civil Procedure 4(m), by 3/18/2022. Accordingly, pursuant to Rule 4(m), the court dismisses without prejudice this action against Defendants Insight Association Management GP Inc. and Insight Association Management LP. (Ordered by Judge Sam A. Lindsay on 3/21/2022) (mjr) (Entered: 03/21/2022) |
| 03/22/2022 | 137 | AMENDED SCHEDULING ORDER: Jury Trial set for 4/3/2023 before Judge Sam A. Lindsay. Pretrial Materials due by 3/6/2023. Status Report due by 3/6/2023. Pretrial Conference set for 3/30/2023 10:00 AM before Judge Sam A. Lindsay. As all that remains is the trial of this case, which will not occur until next year, the court, to prevent the action from continuing to age unnecessarily, administratively closes it for now and will reopen it before the trial date or the parties' pretrial deadlines. The United States District Clerk is hereby instructed to submit JS-6 form to the Administrative Office, thereby removing this case from the statistical records. (Ordered by Judge Sam A. Lindsay on 3/22/2022) (oyh) (Entered: 03/22/2022) |
| 02/28/2023 | 138 | ORDER: Jury Trial set for four-week docket beginning 4/4/2023 09:00 AM before Judge Sam A. Lindsay. Pretrial Conference set for 3/30/2023 10:00 AM before Judge Sam A. Lindsay. (Ordered by Judge Sam A. Lindsay on 2/28/2023) (oyh) (Entered: 03/01/2023) |
| 03/06/2023 | 139 | NOTICE of *Settlement Status - Case Not Resolved* filed by ADT LLC (Cassis, Kerensa) (Entered: 03/06/2023) |
| 03/06/2023 | 140 | Exhibit List by ADT LLC. (Cassis, Kerensa) (Entered: 03/06/2023) |

| | | |
|---|---|---|
| 03/06/2023 | 141 | Witness List by ADT LLC. (Cassis, Kerensa) (Entered: 03/06/2023) |
| 03/06/2023 | 142 | Proposed Voir Dire by ADT LLC. (Cassis, Kerensa) (Entered: 03/06/2023) |
| 03/13/2023 | 143 | Exhibit List by Premier Electronics LLC. (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 144 | Witness List by Premier Electronics LLC. (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 145 | *Plaintiff's* Pretrial Disclosures filed by Premier Electronics LLC. (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 146 | Proposed Voir Dire by Premier Electronics LLC. (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 147 | *Plaintiff's Objections to ADT's* Pretrial Disclosures filed by Premier Electronics LLC. (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 148 | Final MOTION in Limine filed by Premier Electronics LLC (Frick, John) (Entered: 03/13/2023) |
| 03/13/2023 | 149 | Unopposed MOTION for Leave to File Pretrial Materials filed by Premier Electronics LLC (Attachments: # 1 Proposed Order) (Frick, John) (Entered: 03/13/2023) |
| 03/14/2023 | 150 | ORDER granting 149 Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) **(documents 143 144 145 146 filed on 3/13/2023)**. (Ordered by Judge Sam A. Lindsay on 3/14/2023) (sxf) (Entered: 03/14/2023) |
| 03/20/2023 | 151 | RESPONSE filed by Premier Electronics LLC re: 70 MOTION in Limine *to Exclude Evidence of Previously Excluded Damages* (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 152 | RESPONSE filed by Premier Electronics LLC re: 72 MOTION in Limine *to Exclude Extrinsic Evidence Related to the Bulk Monitoring Agreement* (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 153 | RESPONSE filed by Premier Electronics LLC re: 71 MOTION in Limine *to Exclude Evidence of Damages Related to Premier's Claims Involving Light Farms, Walsh, and "Builders"* (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 154 | RESPONSE filed by Premier Electronics LLC re: 68 MOTION in Limine *to Exclude Unsupported Testimony Regarding a Purported Conspiracy Involving ADT* (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 155 | Appendix in Support filed by Premier Electronics LLC re 151 Response/Objection (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 156 | RESPONSE filed by Premier Electronics LLC re: 105 MOTION in Limine *to Exclude Testimony Regarding Unrelated Lawsuits Involving ADT* (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s)) (Frick, John) (Entered: 03/20/2023) |
| 03/20/2023 | 157 | RESPONSE filed by Premier Electronics LLC re: 61 MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s)) (Frick, John) (Entered: 03/20/2023) |

| | | |
|---|---|---|
| 03/22/2023 | 158 | NOTICE of *RELATED TO LAW OF THE CASE OF PRIOR IN LIMINE RULINGS/ ORDERS IN THIS CASE* filed by ADT LLC (Attachments: # 1 Exhibit(s) A - Transcript of Pretrial Conference) (Eblen, Charles) (Entered: 03/22/2023) |
| 03/22/2023 | 159 | MOTION for Leave to File Bring Electronic Equipment to Trial filed by ADT LLC (Attachments: # 1 Proposed Order) (Cassis, Kerensa) (Entered: 03/22/2023) |
| 03/22/2023 | 160 | Unopposed MOTION for Leave to File Bring Electronic Equipment to Trial filed by Premier Electronics LLC (Attachments: # 1 Proposed Order) (Frick, John) (Entered: 03/22/2023) |
| 03/23/2023 | 161 | ***VACATED PER **163** ORDER*** ORDER granting 160 Motion for Leave to Bring Electronic Equipment to Trial. (Ordered by Judge Sam A. Lindsay on 3/23/2023) (sxf) Modified text on 3/27/2023 (sxf). (Entered: 03/23/2023) |
| 03/24/2023 | 163 | CORRECTIVE ORDER: In its Order of 3/23/2023, the court stated that Plaintiff Premier Electronics LLCs "witness, Courtney Hogan is permitted to bring his mobile phone into the courthouse for those day(s) in which he provides testimony.". Upon further review by the court, it determines that Courtney Hogan is not permitted to bring his mobile phone or other electronic devices into the courthouse, in keeping with the court's standard courtroom practice of not permitting witnesses to have mobile phones or other electronic devices during trial. Accordingly, the court apologizes for this oversight and vacates that part of the Order in which is granted Courtney Hogan permission to bring his mobile phone into the courthouse. (Ordered by Judge Sam A. Lindsay on 3/24/2023) (sxf) (Entered: 03/27/2023) |
| 03/24/2023 | 164 | ORDER granting in part and denying in part 159 Motion for Leave to Bring Electronic Equipment to Trial. (Ordered by Judge Sam A. Lindsay on 3/24/2023) (sxf) (Entered: 03/27/2023) |
| 03/27/2023 | 162 | Proposed Pretrial Order by ADR Provider, Premier Electronics LLC. (Frick, John) (Entered: 03/27/2023) |
| 03/29/2023 | 165 | RESPONSE filed by Premier Electronics LLC re: 158 Notice (Other) (Attachments: # 1 Exhibit(s)) (Frick, John) (Entered: 03/29/2023) |
| 03/30/2023 | 166 | ELECTRONIC Minute Entry for proceedings held before Judge Sam A. Lindsay: Pretrial Conference held on 3/30/2023. Trial will be reset. Attorney Appearances: Plaintiff - John Frick; Defense - Kerensa Cassis, Charlie Eblen. (Court Reporter: Charyse Crawford) (No exhibits) Time in Court - 2:20. (chmb) (Entered: 03/31/2023) |
| 04/05/2023 | 167 | AMENDED SCHEDULING ORDER: Jury Trial set for 7/11/2023 09:00 AM before Judge Sam A. Lindsay. Pretrial Order due by 6/13/2023. Pretrial Materials due by 6/13/2023. Pretrial Conference set for 7/7/2023 10:00 AM before Judge Sam A. Lindsay. (Ordered by Judge Sam A. Lindsay on 4/5/2023) (ndt) (Entered: 04/05/2023) |
| 04/07/2023 | 168 | Brief/Memorandum in Support filed by ADT LLC re 109 Order on Motion to Strike,, (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Bennett, Norma) (Entered: 04/07/2023) |
| 04/07/2023 | 169 | Brief/Memorandum in Support filed by Premier Electronics LLC re 109 Order on Motion to Strike,, 61 MOTION to Strike *Premier Electronics' Previously Undisclosed Witnesses and Exhibits* (Attachments: # 1 Exhibit(s) Appendix) (Frick, John) (Entered: 04/07/2023) |

| | | |
|---|---|---|
| 06/12/2023 | 170 | MEMORANDUM OPINION AND ORDER granting 23 Motion for Summary Judgment. As Premier has failed to raise a genuine dispute of material fact as to its claims, they are hereby dismissed with prejudice. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58. (Ordered by Judge Sam A. Lindsay on 6/12/2023) (sxf) (Entered: 06/12/2023) |
| 06/12/2023 | 171 | JUDGMENT: It is therefore ordered, adjudged, and decreed that Plaintiff Premier Electronics, LLC's ("Plaintiff") claims against Defendant ADT, LLC ("Defendant") and this action are dismissed with prejudice; that Plaintiff take nothing against Defendant; that Defendant recover all allowable and reasonable costs of court from Plaintiff; and that all relief not granted herein is denied. (Ordered by Judge Sam A. Lindsay on 6/12/2023) (oyh) (Entered: 06/12/2023) |
| 07/11/2023 | 172 | NOTICE OF APPEAL as to 170 Memorandum Opinion and Order, 171 Judgment, to the Fifth Circuit by Premier Electronics LLC. Filing fee $505, receipt number ATXNDC-13872581. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Frick, John) (Entered: 07/11/2023) |
| 07/18/2023 | | USCA Case Number 23-10715 in USCA5 for 172 Notice of Appeal filed by Premier Electronics LLC. (svc) (Entered: 07/18/2023) |
| 07/19/2023 | 173 | Transcript Order Form: re 172 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Frick, John) (Entered: 07/19/2023) |
| 08/04/2023 | | Record on Appeal for USCA5 23-10715 (related to 172 appeal): Record consisting of: ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,.<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 08/04/2023) |
| 07/12/2024 | 174 | Opinion of USCA in accordance with USCA judgment re 172 Notice of Appeal filed by Premier Electronics LLC. AFFIRMED. (axm) (Entered: 07/15/2024) |
| 07/12/2024 | 175 | JUDGMENT/MANDATE of USCA as to 172 Notice of Appeal filed by Premier Electronics LLC. The judgment of the District Court is AFFIRMED. Issued as |

| | | |
|---|---|---|
| | | Mandate: 7/12/2024. (axm) (Entered: 07/15/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/25/2025 18:26:55 | | | |
| **PACER Login:** | ezrasaurus | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:18-cv-02036-L |
| **Billable Pages:** | 14 | **Cost:** | 1.40 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER ELECTRONICS, LLC, | ) | 3:18-CV-2036-S |
| Plaintiff, | ) | |
| VS. | ) | DALLAS, TEXAS |
| ADT, LLC | ) | |
| Defendant. | ) | JUNE 7, 2021 |

------------------------------

TRANSCRIPT OF

PRETRIAL HEARING

VOLUME 1

BEFORE THE HONORABLE ADA E. BROWN

UNITED STATES DISTRICT JUDGE

------------------------------

A P P E A R A N C E S

FOR THE PLAINTIFF:

JOHN M. FRICK
BENNETT, WESTON, LAJONE & TURNER, P.C.
1603 Lyndon B Johnson Fwy #280
Dallas, TX 75234
(214) 691-1776
Jfrick@bennettweston.com

FOR THE DEFENDANT:

CHARLES C. EBLEN
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Phone: (816) 474-6550
Ceblen@shb.com

FOR THE DEFENDANT:

ERIC S. BOOS
SHOOK, HARDY & BACON, LLP
Citigroup Center
201 S. Biscayne Blvd.
Suite 3200
Miami, Florida 33131
Eboos@shb.com

# C H R O N O L O G I C A L   I N D E X

June 7, 2021 PAGE
Proceedings.........................................4
Appearances.........................................4
Court's remarks.....................................6
Motions in Limine...................................7
End of proceedings.................................54
Reporter's Certificate.............................55

(P R O C E E D I N G S)

THE COURT: On the record. This is Premier Electronics, LLC versus ADT, LLC, et al., Cause Number 3:18-CV-02036. Today the Court is doing a pretrial conference with both parties in preparation for a jury trial that will begin tomorrow.

May I have the attorney for the plaintiff announce himself for the record.

MR. FRICK: John Frick for the plaintiff, Premier Electronics LLC.

THE COURT: Okay. And introduce, too, if you would, everyone at your table.

MR. FRICK: With me today is my paralegal, Amanda, and the manager and president of Premier Electronics, Shawn Griffith.

THE COURT: Okay. Hold on just a second. And I'm sorry. Who was the third person?

MR. FRICK: The center seat is my paralegal, Amanda Bratcher.

THE COURT: Okay. And your corporate rep is?

MR. FRICK: Shawn Griffith.

THE COURT: Griffith?

MR. FRICK: Griffith, G-r-i-f-f-i-t-h.

THE COURT: Griffith. Got you. Well, you can get the early example of how hard it is to hear everything.

Okay. And for defense?

MR. EBLEN: Charlie Eblen for Defendant ADT, Your Honor.

THE COURT: All right. And --

MR. BOOS: Eric Boos on behalf of Defendant ADT, Your Honor.

THE COURT: Fantastic. And who else is on your team?

MR. BOOS: So our paralegal is Daniella Koronis.

THE COURT: That's beautiful. Is that Greek? I always thought I needed a spicier last name than Brown.

Okay. And who else do we have?

MR. BOOS: And then our trial graphic specialist is Jennifer Buso.

THE COURT: And don't let me forget to talk about trial graphics and all that stuff while we're walking through this.

And this is my fantastically fabulous law clerk, Liz, who helps me with everything. I'll introduce my staff and then I'll hear about the other people there.

Off the record.

(Off-the-record discussion.)

THE COURT: So who have you got behind you?

MR. BOOS: So right behind me we have Paul Williams, who's another attorney from our firm helping out.

THE COURT: Hi, Mr. Williams. Okay.

MR. BOOS: And then directly behind me is Daniel McGrath. He's our client representative from ADT. He's their chief litigation counsel and vice president.

THE COURT: All right.

Well, thank you all for being here today.

So what my goal is, my goal is when we leave pretrial today, for you to know exactly what's in and what's out so that you can spend tonight nailing everything down.

What I decide, you can file a motion for me to reconsider. I'll almost never grant that. And part of it is because I want you to have -- be able to rely on what I say today for preparing your openings and to know what's in for trial.

For objections, what I'll do is I'll read through it. I'll let whoever objected have the first word, then you can have the rebuttal, and then whoever made the objection has the last word. I'll rule on it. We'll move to the next one, okay? So we'll just do it all on the record.

So let's start with -- so I'm going to pick seven jurors. You know judges are kind of everywhere, all over the courthouse. I -- I try to lean toward fewer because I don't want your burden of proof to be higher for either side.

So the typical number in the courthouse is seven, so that's what I go with.

Okay. So let's -- why don't we start with the motions in limine. So I'm turning to ECF Number 64.

And some of these I'll want argument on; some of them I won't.

So looking at Premier -- 64 is Premier -- Plaintiff Premier's motion in limine. And the first motion in limine -- I'm looking at A on Document 64. Any question, testimony or reference to any other lawsuits or arbitration proceedings filed by or against Premier. Granted.

Any question, testimony or reference to any other lawsuits or arbitration proceedings filed by or against Premier's managing member, Shawn Griffith. And my question is, is there anything in these other lawsuits that is in any way tied to the facts of this case?

MR. FRICK: No, Your Honor.

THE COURT: Okay. Granted, B is granted.

C: Any question, testimony or reference to any other lawsuits or arbitration proceedings filed by or against Powell Protection Systems, Inc., or corporation owned by Premier's managing member, Shawn P. Griffith. Granted.

D: Any question, testimony or reference to any settlement negotiations, offers or proposals exchanged between the parties, including during mediation of this case.

That's granted.

Any question, testimony or reference to any

confidential communications between Premier and its attorneys in connection with this or any other litigation. This includes any person who to facilitate the rendition of professional services to Premier made or received confidential communication while acting in the scope of employment for Premier, such as Premier's current and former employees.

And I've got a question about that.

So the first part is -- is clearly dealing with attorney client or work product, that first part of it. Now, that second part, I want to ask you about: Any person who to facilitate the rendition of professional services made or received confidential communication.

So what are you imagining -- who would be covered by this second part that wouldn't be covered by the first?

MR. FRICK: ADT has identified two former Premier employees as potential witnesses in this case, Danielle Paige (phonetic) and Carolina Salas. Both of those individuals worked for Premier. Danielle Paige was the office manager. She participated in direct communications, as did Ms. Salas, with me and provided information to me during the course and scope of my representation of Premier that should be covered by the privilege in accordance with Texas Rules of Evidence.

So I'm asking that they not inquire into any of the communications that I had with those individuals while they

were employees of Premier.

THE COURT: Okay. So question about that. So first we have Paige. And I remember later in motion in limine --

MR. FRICK: Correct.

THE COURT: -- we have an exhibit or an impeachment issue on that.

MR. EBLEN: Your Honor, I can help the Court with this. We don't intend to call either of those witnesses.

THE COURT: All right. Well, that moots that. If that changes, because the ball game can change sometimes, then let me know, approach, and we'll kick the jury out and have a hearing on that. Thank you.

Okay. So I'm going to find that moot.

Or would you like to withdraw that for this time without prejudice?

MR. FRICK: Yeah, it's -- it's moot until they call one of those individuals.

THE COURT: Got you. All right. Well, I'll find for appellate purposes that this has been lodged timely. We think it's not going to be an issue in the trial, but if it pops up, it will be timely for appeals purposes to -- to raise with the Court and I'll rule on it then. So you've not waived anything.

Okay. Going down to F: Any question, testimony or

reference to the opinion, mental impression or conclusion of any lay witness which is not rationally based on the perception of the witness.

For example, the witness' interpretation of information acquired through his or her own senses or experiences at the time of the event, unless that witness has been timely designated as a testifying expert witness.

And I -- I think I know where you're going with this. You don't want witnesses speculating, right?

MR. FRICK: Correct. I don't want their lay witnesses who are employees of ADT testifying as to things that require some degree of expert knowledge.

THE COURT: Okay. And what do you foresee that -- because I'll tell you, that to me -- when I read that, that to me looks like a great objection if somebody says something.

MR. FRICK: Uh-huh.

THE COURT: I don't know that I would -- I mean, if I -- I guess I -- I don't understand how I can grant this without hearing what they've said.

MR. FRICK: Well, I would agree with that, but I think, and I don't know what they're going to say, but I -- at one point in time, ADT's theory as to how they took over the systems, how they changed the alarm systems so that the alarm signal was being sent to ADT's alarm center instead of

Premier's alarm center, it is something that they opine. They mentioned it in their motion for summary judgment. I believe that all of the experts agree exactly what happened.

THE COURT: Okay.

MR. FRICK: But the lay witnesses and the arguments that they made is, No, that's not how we did it.

THE COURT: Okay. Do you know who those witnesses would be? Who -- like, do you know from looking at their witness list who they would try to get that in through?

MR. FRICK: There are only four witnesses as lay witnesses on their exhibit list. It could be any one of them.

THE COURT: Okay. Okay.

What's your response?

MR. EBLEN: Yeah, I think the Court was on the right track. This is a very context-specific tidbit of testimony and some of the ADT employees through the course of their work and working on those systems and what happened, depending on what the specific testimony is, may have the appropriate foundation to talk about what ADT did, why ADT did it.

And if we lay the appropriate foundation for that testimony, it's perfectly proper. And I think until we get there and know specifically what the objection is and the Court can determine whether there's been appropriate

foundation laid that it's premature.

THE COURT: Okay. I'll let you have the last word on that. I'll tell you that I tend to agree with him.

MR. FRICK: I think that if they lay the predicate, they would have to lay the predicate in accordance with what this says. I was there and I saw it. Now, I don't think any of their witnesses were there and saw it.

THE COURT: Okay.

MR. FRICK: If they -- if they lay an objection that I was there and saw it, this objection doesn't apply. I'm fairly confident that's not what they're talking about here. I'm fairly confident they're talking about using some degree of expert knowledge that these individuals have from being involved in the security field, and none of them were identified in any way as experts in security at all.

THE COURT: Okay.

MR. FRICK: So.

THE COURT: Well, I'm going to deny the motion in limine, but I think that the concern is valid that you have a lay witness speaking about something that they don't have sufficient knowledge.

So if that happens, I think it would be appropriate for you to stand up and take the witness on voir dire; and if the witness, you know, can lay it, we'll let them in, and if not -- if you will give me a heads-up the minute -- the first

minute we think we're going that way, we'll just take a little stretch break for the jury. Does that sound --

MR. FRICK: Understood.

THE COURT: Too hard to unring the bell in front of them.

MR. EBLEN: Understood, Your Honor.

THE COURT: So now we're down to F: Any question, testimony or reference to the opinion --

MR. FRICK: You just did F.

THE COURT: Oh, I'm sorry. You're right. Thank you. Breakfast hadn't hit yet.

MR. FRICK: We're down to G, the long one.

THE COURT: We're down to G. I'm not going to read all that. I'll just hit the high points.

Any question, testimony or reference to an opinion, mental impression or conclusion of any witness, including anyone designated as an expert except for parties to the agreement itself...

And, again, you know, et cetera, et cetera. I think this is also very context specific. I kind of got to hear what they say before I know. I can't just do like a blanket order.

MR. FRICK: Your Honor, many of the concerns that I have are going to be specifically addressed in the deposition excerpts from William Urban. I suspect their other expert,

Stephen Gribbon, did kind of, sort of the same thing. His expert opinion is not based on anything other than his personal interpretation of a contract that he wasn't a party to.

THE COURT: Okay.

MR. FRICK: And I believe that it is inappropriate for an expert to say this is what the contract means unless it's a specific technical term that they're explaining, like what an alarm system is, what a lockout code is, that would be appropriate.

But saying this is how this contract works in conjunction with this other contract, that's something for the jury and the Court to decide, not an expert witness.

THE COURT: Well, and I'm going to find as I did on the other one. I think that's context specific. It sounds like you're going to know if someone's going down that road. If you'll stand up and make an appropriate objection, we'll kick the jury out and have a quick hearing. And if they can lay the foundation, they can talk about it, and if they can't, they won't.

So I'll overrule you on G.

To the extent that I'm not doing a -- a blanket order ahead of time in a motion in limine. I will consider it as the witnesses testify.

Okay. So let's look at number -- okay. So going

now to Document 68, ADT's motions in limine.

Okay. So my read from this is that you don't want anything in about a conspiracy involving ADT; is that right?

MR. BOOS: Well, Your Honor, I think that to the extent counsel wants to make argument that certain documents or testimony that is obtained from ADT witnesses or Insight witnesses, who will be a fact witness in this case. But those amount to a conspiracy. I don't think that that's off limits. I think that's proper.

The concern is that in disclosures that have been made with respect to Mr. Griffith's testimony, he intends to opine as a lay witness that there was a conspiracy between ADT Insight and the developer, Republic, all of which is based on not any documents that he's seen or facts that he knows from firsthand personal knowledge, but from his own intuition about what may have happened behind the scenes in conversations that he was not a party to.

THE COURT: Okay. Well, and I'm going to do a goose and gander on this. That's something that I think when he gets up there, if he starts down that trail, then you object; and if he's speculating and can't back it up, then it's out. So I'll deny that as a motion in limine.

Let's see. Next I have ECF Document Number 70. And this is ADT's motion in limine to exclude evidence of damages unavailable to Premier Electronics. And talk me

through -- I read this last night, but talk me through this about ADT.

MR. BOOS: So, Your Honor, previously ADT had moved to exclude -- exclude Premier's expert, Philip Hogan, who is -- who's been conceded by Mr. Hogan himself and Mr. Griffith that he is their damages expert in this case. And fair enough.

And in Mr. Hogan's expert report, he breaks down Premier's damages into four categories, and just to keep it at a high level for this discussion, there's essentially damages related to current contracts with residents of Phillips Creek Ranch, which you'll hear is referred to as PCR throughout the litigation, throughout the law, throughout the trial.

Both related to the base alarm monitoring, which was subscribed to and paid for by the HOA itself, and ancillary services, such as cellular monitoring -- or cellular signal transmission or fire monitoring.

THE COURT: And just so we're on the same page, my recollection -- I re-read this stuff yesterday -- was that the housing community would have this base model kind of group contract, but if you wanted cellular and fire and whatever, you -- you had to -- another contract on top of that individually.

MR. BOOS: And that's exactly right to -- to a

point, Your Honor. The association entered into an agreement, which we're calling the bulk-monitoring agreement, which essentially says, Hey, as the association, a benefit to our members and our residents is going to be we will pay out of your association dues for basic alarm monitoring service. And, you know, if you have an alarm at your house, you know, they put sensors on the doors, sensors on the windows; and if somebody opens one of those without authorization, the alarm goes off and it triggers an alarm.

And so the association is the party that entered into that agreement with Premier. Each one of the individual homeowners was also given the option to subscribe to additional services, which we're calling the ancillary services, such as the base monitoring signals traditionally go out through a landline, but if the homeowner wanted additional flexibility, say the landline goes out, they could subscribe to a cellular signal transmitter, which it will go out through this other network.

Same thing with fire monitoring. And those would be entered into with ancillary service agreements with those individual homeowners. And ADT's contention throughout this trial will be that, you know, without the underlying base monitoring, those ancillary services are worthless. Now, that's not the point of this motion in limine. And we can save that for argument another day. But that is ADT's theory

of the case to a certain extent.

But with respect to Mr. Hogan's expert report on damages, he separates those damages into four categories, right? So the base monitoring paid for by the association, and then the cellular services paid for by the individual homeowners. And then Premier also has two additional categories of damages related to the future lost profits from those two categories.

The trouble comes in when we look at the motion for summary judgment that was filed by ADT where this Court granted ADT summary judgment as to the base -- there was no tortious interference with that base-monitoring agreement. The issue here that the motion in limine is directed to -- well, once that base-monitoring agreement is no longer the subject of a tortious interference claim, those damages are no longer viable damages in this case.

And both Mr. Hogan has testified to that, and the ancillary service agreements themself demonstrate that there is no cost, no charge, no monthly service fee attached to those individual homeowners for that base monitoring.

So if we don't have tortious interference with base monitoring, well, we don't have damages related to the base-monitoring contract.

THE COURT: Got you. Good summary.

Response.

MR. FRICK: Yes, Your Honor. We do have damages with respect to the base monitoring, because under this program, what was going to happen was if the HOA decided, Hey, we're not paying for this anymore and individual homeowners, you're on your own, the plan was set up so that they would then be able to go and sign contracts with each of these homeowners for base monitoring.

That's -- one of our parts of our theory is the way that this bulk-billing arrangement was set up. Number 1, it precludes the HOA and the developer from bringing any other security company, ever, out to the homeowners association, that's the exclusive right provision of this Security System Agreement. Number 2, the customer contracts are signed on a rolling basis as each customer's home is activated.

So it's not like on day one there's a thousand people in this and we're signing a contract with a thousand people on January 1st for five years. A home is built on January 1st, we sign a contract. A home is built on January 10th, we sign a contract. A home is built on January 17th, we sign a contract.

So there's a rolling basis for individual PCR contracts. Now, I understand why the Court has ruled on the summary judgment with respect to any interference with the bulk-billing agreement with the HOA and the developer, but the Court specifically denied the motion for summary judgment

with respect to the tortious interference claims with the existing contracts, which are three volumes, over 700 contracts with each of the individual PCR homeowners.

And Mr. Hogan testified as to what that would be based upon each of those contracts, both for base monitoring as well as for cellular.

Moreover, this motion goes to other elements of damages that Mr. Hogan wasn't intending to testify about. They were items that Mr. Griffith has always been the one who is going to testify about. For example, the damage to Premier's business relationships with other home builders and the future claims for the Walsh community, which is a separate community. This is the community for which there were no homes.

So I think the motion is overbroad, and if they want to object to Mr. Hogan's testimony at any point in time, they certainly can, but I think his testimony is very clear as to what the damages were for the interference with the existing homeowners.

THE COURT: How's that not covered by my opinion order in Document 56? I'm looking through that right now.

MR. FRICK: I'm not sure what that particular order says.

THE COURT: Okay. Well, it says, Accordingly, the Court grants summary judgment for ADT on Premier's claim for

tortious interference with the existing contract with PCR's developer and the homeowners association.

MR. FRICK: Correct. We're not offering any evidence of damages associated with the termination of that contract.

THE COURT: Okay.

MR. FRICK: We agree with that.

THE COURT: So what are you offering?

MR. FRICK: We're offering evidence of damages associated with PCR -- or with ADT's tortious interference with our 700 -- 800 individual contracts with PCR homeowners.

THE COURT: And by that, you mean these add-on services?

MR. FRICK: By that, we mean all of the services that -- that Premier was providing to those homeowners.

THE COURT: How does that not cover what I have in my order?

MR. FRICK: Because your order concerns damages that we would be entitled to recover from the HOA or -- or the developer, not what we would be entitled to get from individual homeowners.

THE COURT: Okay. And I guess what -- I guess we're ships passing in the night. What damages would you be -- okay. So --

MR. FRICK: Our theory is that if the HOA at some future date canceled the contract, there would be no incumbent security provider because there's nothing anywhere in any of the documents that says the HOA can -- can ever switch to a new security provider. All of those customers would be under contract with Premier. They have a contract for services for security monitoring.

THE COURT: Okay. Back up, because I don't understand the first part of that. Maybe I don't understand the basic facts.

Let's go off the record for a second.

(Off-the-record discussion.)

THE COURT: So if you would, sir, we're discussing the interplay of a motion in limine with my prior order and Document 56, memorandum opinion and order, in which the Court granted summary judgment for ADT on Premier's claim for tortious interference with the existing contract with PCR's developer and homeowners association. And so the discussion is what remains.

And, Plaintiff's Counsel, if you could talk to me on the record about that, and then we'll hear response.

MR. FRICK: Yeah. With respect to the claims against the -- the claims for existing contracts with the developer and the association, there is a level of damages that is associated with the bulk-billing agreement pursuant

to which, under the bulk-billing agreement, the HOA and developer agreed to pay Premier for homes that were built in the development, even if they chose not to activate the alarm service with Premier.

So they were literally getting paid for doing nothing. That was an incentive to participate in a bulk-billing agreement with the HOA.

But if an individual homeowner wished to be monitored by Premier, each individual homeowner under the -- under the bulk-billing agreement and under Texas law is required to sign a written agreement with Premier authorizing the activation and monitoring of their alarm service. The public policy behind this, Your Honor, is so that the individual homeowner is the only individual who can terminate their alarm service or the alarm company and so that a third party can't interfere with that alarm service. And, you know, we occasionally do have incidents where someone cuts someone else's alarm and then robs or burglarizes or does worse to an individual.

This requirement of a written contract between the individual resident of the dwelling and the alarm company requires this.

We are still seeking damages for ADT's tortious interference with those individual monitoring contracts with each of those homeowners. We are not seeking damages for the

payments that the HOA and developer were making for homes that were constructed in the development that they paid Premier for, but Premier didn't actually activate and monitor.

THE COURT: Okay. Thank you. And, Defense Counsel, if you will respond to that.

MR. BOOS: Your Honor, if I could have the ELMO turned on.

THE COURT: Sure.

MR. BOOS: I think the -- the easiest way for us to parse through this thicket is to take a look at what these contracts actually say. And so the discussion here has -- has ventured afield of ADT's motion in limine, which is a motion in limine directed to damages, all right? This is not a backdoor attempt at summary judgment or a backdoor attempt to undermine an order for summary judgment.

This is an -- a motion directed strictly to the damages that Premier is allowed to tell the jury about or make argument about.

So there was a number of references to the bulk-monitoring agreement, or what's officially titled the Security System Agreement, and that's the agreement with the HOA itself as a bulk-billing agreement. Certainly not a bulk-billing -- it's certainly not just a bulk-billing agreement.

THE COURT: And, actually, if you'll give me just a moment. I'm writing out a couple of categories that I had down for --

MR. BOOS: Sure thing, Your Honor. Let me know when you're ready.

THE COURT: Let's go off the record.

(Off-the-record discussion.)

THE COURT: All right. I think I'm ready.

MR. BOOS: So, Your Honor, again, this motion in limine is tied to your order on our motion for summary judgment, but it's not dispositive, the motion for summary judgment is not dispositive. Because that was a liability argument that we made there and this is a damages argument that we're making here.

And so if we take a look at the bulk-billing agreement, Section 3, Monitoring services. Premier shall provide monitoring services as described in this Section 3 for each resident with an installed system during the term of this agreement unless the owner essentially opts out.

And that was the agreement, the negotiations that went on between the HOA and Premier and the deal that they ultimately reached. And so we say, Okay. Well, now we have an agreement that you're going to provide monitoring services to each of our residents with the community unless they say, Hey, I don't want that. I'm going to go with someone else,

or I'm just not going to have monitoring services at all.

Well, there's a cost associated with that, right? Any time you subscribe to a service, there is a cost involved.

Charge for services. During the term of this agreement, Premier shall invoice the association and the association --

THE COURT: Pause for --

MR. BOOS: Sorry, Your Honor.

THE COURT: No, no, no. It's my fault. The ELMO went down.

MR. BOOS: Your Honor, would you like a physical copy? Would that make it easier for you?

THE COURT: That'd be great.

MR. BOOS: Sure.

THE COURT: Welcome to my technology.

(Off-the-record discussion.)

THE COURT: Okay. So what am I looking at? What page?

MR. BOOS: So we're looking at page -- Bates 1904, which is Page 3 of the bulk-monitoring agreement, Paragraph 5, Subparagraph A.

THE COURT: Okay. Got it.

MR. BOOS: And so we're talking about, what did that cost? What did that service cost? What was Premier

paid for the services that it provided? Well, during the term of this agreement, Premier shall invoice the association and the association shall pay to Premier the monthly service fee per included residence for each month during the term of this agreement, regardless of whether or not the homeowner was actually subscribing.

And my colleague told you all about how whether or not Premier was actually providing services, they got paid for that. And good deal on their part, I suppose.

So then what was that charge that -- what was that cost or that fee that Premier was charging? Well, if we take a look at Bates 1915, which is Exhibit C.

THE COURT: Give me just a moment.

MR. BOOS: Monthly fee. The monthly residence monitoring fee will be $13.50.

THE COURT: Okay.

MR. BOOS: Okay. And who's paying that? Well, the association's paying that.

The individual homeowners are not. So then counsel referred, Your Honor -- or spoke about these individual ancillary services agreements, which they're characterizing as individual agreements for monitoring. Not so much, Your Honor.

If you don't mind if I pass this up to you, which is a template agreement.

THE COURT: Okay.

MR. BOOS: In fact, I can give you three of them. They're all the same; they're all identical.

THE COURT: Thank you. Give me -- give me just a moment. I'm taking a note real quick.

(Off-the-record discussion.)

THE COURT: Okay. So just to recap, on the record, so we're talking about the bulk-billing agreement or whatever we're calling it. That's reflected on Bates Number 1904, Paragraph 5, Subsection A.

And I think that's -- what you're telling me is that that's what -- that's where Premier gets paid even if the consumer doesn't choose.

MR. BOOS: Yes, Your Honor.

THE COURT: And then on Bates Number 1905, and this is the Premier agreement with the HOA, that the monthly fees of 13.50, that's being paid by the HOA.

MR. BOOS: Yes, Your Honor.

THE COURT: Okay.

MR. BOOS: And so counsel was correct, each one of the homeowners that subscribed to a service from Premier entered into these ancillary service agreements that were -- I just passed -- a sample of which I just passed up to you. If we take a look at the bulk -- we're still in the bulk-monitoring agreement. If we take a look at

Paragraph 14, which is on Bates 1909.

THE COURT: Okay. And I've got -- pause -- a question for you before you ask --

MR. BOOS: Sure, sure.

THE COURT: -- before you go into that. Okay. So looking back at Bates Number 1915, this 13.50. So the HOA is paying -- just so I'm clear, the HOA is paying this fee whether or not the person actually gets the alarm?

MR. BOOS: Yes, Your Honor.

THE COURT: So -- so help me explain -- if this is the case, are these going to be the individual contracts their claiming that --

MR. BOOS: Yes, Your Honor. That is my understanding of the substance of Premier's argument is that, look, the HOA is free to do whatever the HOA wants to do, and they were paying us for these services. They subscribed to these services, and we're very thankful for that. But at the end of the day, this agreement is -- doesn't matter, because our arguments are actually with the homeowners.

THE COURT: With the homeowners. Okay.

MR. BOOS: And so -- accepting as true for purposes of the argument here today, that that is a correct representation of what happened, okay. But who's paying those fees, right? The homeowners were paying those fees, and they were required to do so -- or the HOA was paying

those fees.

Now, if we look at Page 14 -- or Paragraph 14, rather, of the bulk-monitoring agreement, which is 1909.

THE COURT: Okay. Give me one second. Okay. I'm on 1909.

MR. BOOS: Okay. And we look at Paragraph 14. And these are the agreements that counsel was referring to. As a condition to initiating the services described in Sections 2 and 3 of this agreement with respect to any included residence, Premier shall require the owner of such included residence to execute a residential central alarm monitoring agreement in substantially the same form as attached here to Exhibit D.

So part of the bulk-monitoring agreement that the association entered into with Premier was that Premier agreed to have the individual homeowners when they had to enter into agreements to enter into an agreement that looks like Exhibit D.

Now, why is that important? Well, because we have a price term on Exhibit D. And what does that price term say? If you take a look at Bates 1916, Your Honor, that's the Exhibit D I'm referring to.

THE COURT: Give me just a moment.

MR. BOOS: Sure.

THE COURT: Okay.

MR. BOOS: Okay. So Paragraph 1 basically says you're going to provide basic monitoring services to all of our homes. And then Paragraph 2 says, What are you going charge those individual homeowners for that charge?

The services described in this association agreement are provided to homeowner at no additional charge to homeowner. All fees for services provided under this agreement are to be paid by the association in accordance with the terms of the association agreement. The charge for any products and services provided by Premier to homeowner's request -- that's the cellular transmitter, the fire alarm -- are in addition to those described in the association agreement and they shall be the sole responsibility of the homeowner.

Homeowner understands the association does not provide and has no obligation to provide monitoring or maintenance services.

And so then we take a look at the actual agreements that each one of those individual homeowners allegedly signed and are apparently the source of Premier's contention that it's continued to owe bulk monitoring charges from these homeowners. If we take a look at those ancillary service agreements I provided to you, Your Honor, Paragraph 2, it is identical in scope and language to Exhibit D's Paragraph 2.

THE COURT: Okay. Let me look at that for just a

second.

Got you. And so you're saying there is no separate contract?

MR. BOOS: It -- I mean, even if there were a separate contract, assuming for argument here today that this is a valid contract that survives termination of the bulk-monitoring agreement, the homeowner pays Premier nothing --

THE COURT: Okay.

MR. BOOS: -- for the base monitoring. And if the homeowner is not obligated to pay them anything, they have no damages once that agreement expires.

THE COURT: Okay. Thank you.

I'll let you have the last word on that. What say you?

MR. FRICK: He started out with the exact right -- correct wording, Paragraph 5. During the term of this agreement, during the term of the bulk-billing agreement, that was true. The homeowners weren't charged one penny for security monitoring by Premier.

Why? Because the homeowners were paying for that service as part of their HOA dues. They were paying HOA dues to the homeowners association and the homeowners association was in turn paying Premier.

But that doesn't say what happens once the

bulk-billing agreement ends. Once the bulk-billing agreement ends, the customers owe Premier for monitoring services just like they owe Premier for additional services under the agreement.

There's not a price term specified for that in the individual monitoring agreements because that eventuality is not something that anyone contemplated whatsoever. When the security --

THE COURT: Well, then how could you have an agreement then?

MR. FRICK: I'm sorry?

THE COURT: I mean, if that's not something anyone could contemplate and you don't have any pricing and you don't have any terms, how's that a contract?

MR. FRICK: Well, we do have pricing, and we do have terms. We have an entire written contract that's signed by them. What I'm saying wasn't contemplated by anyone at the time the bulk-billing agreement was entered was the current situation where there's an incumbent provider.

And the reason for that, Your Honor, is because -- if I can turn on the ELMO. Let me see if I can do this.

COURTROOM DEPUTY: It's on.

(Off-the-record discussion.)

MR. FRICK: If you look at Paragraph 6 on Page 1905 --

THE COURT: All right.

MR. FRICK: -- of the bulk-billing agreement.

THE COURT: Let me get that. Give me just a moment. Okay.

MR. FRICK: During the term of the agreement, Premier shall have the exclusive right to furnish monitoring services to the residents through the association.

So no incumbent provider could come in during the term of the agreement and begin to provide services to the homeowners, which is exactly what ADT did. That's what they did in this case.

The contemplation was if an HOA ten years from now said, Our dues are too high, we want to cut our HOA dues, we don't want to pay so much to the homeowners association, let's not -- if you want security, you pay for your own alarm monitoring service, okay?

And we'll reduce your dues accordingly. We're going to cut our dues so we're not paying so much per month. That's what was contemplated by this. No one ever contemplated what happened in this case where someone went and got a different provider and said, Hey, before their contract ends, a month before their contract ends, all of you have to change your alarm monitoring to this other company or else your alarm system won't be monitored anymore, ever.

THE COURT: Okay.

MR. FRICK: Okay. That's the tortious interference claim. The way this system was set up as Mr. Griffith will testify to, there was no way that there would ever be any kind of incumbent provider. What would happen would be individual homeowners who had contracts would phase out on a rolling basis.

If the HOA decided, We're not going to pay anymore, and someone said, You know what? I don't want to pay out of pocket. They would send their written notice 60 days before their individual monitoring agreement were to terminate, okay? And then their contract would terminate. They wouldn't have alarm monitoring and they wouldn't be paying anyone for that service.

THE COURT: Okay.

MR. FRICK: Okay. So the concept that the termination of the bulk-billing agreement automatically terminates the individual homeowner's contracts, that's simply incorrect under the language of the contracts.

THE COURT: Okay. Thank you.

And I will give you the final word.

MR. BOOS: So, Your Honor, I believe I just heard counsel concede that a termination of the bulk-monitoring agreement, no one was paying Premier for these contracts. No one had any obligation to do so.

I think one fact that's important for the Court to

keep in mind, Premier was paid for the bulk-monitoring agreement through its term. Now, it will be an argument at trial whether or not ADT tortiously interfered by going in there and changing these systems out. It was required to in order to make sure these residents had service.

But Premier was paid through the term of the bulk-monitoring agreement, and Premier has no contractual obligations with any of these individual homeowners to receive fees for services provided after the termination of that agreement.

We looked at the ancillary service agreements. I'm not sure where any obligation would come from on any homeowner's part to pay Premier anything, because it's not in the contracts they signed. Whether or not Premier was able to negotiate a future contract at some future undetermined rate, as Your Honor correctly pointed out, that's a material term of the contract, and if it's not there, there is no contract.

So Premier was paid for the work it did. It's owed no damages under the base-monitoring agreement, that base services provided, and ADT's motion in limine should be granted on that basis.

THE COURT: Okay. I'm granting the motion.

Moving on to Number 4. ADT's motion in limine to exclude speculative evidence of damages related to Premier's

claims involving the Walsh development. I just have a question or two about that. Walsh development is something totally different, right?

MR. BOOS: Yes, Your Honor. The Walsh development is -- so all the communities that we're talking about here today and I think at trial -- and you're going to hear the name Republic Property Group an awful lot during trial, even though they're not a party to this litigation -- they're all properties developed by Republic. I believe Walsh is about 15 or so miles outside of Fort Worth off of the I-30. And it is -- it's a larger community than both PCR and Light Farms.

THE COURT: Got you. But it's not connected to our contract?

MR. BOOS: Not at all, Your Honor.

THE COURT: Okay. What say you on that, Plaintiff's Counsel? Do you agree it's not connected to this contract at all?

MR. FRICK: Not connected to this contract, yes. It's -- this is our claim for tortious interference with prospective business relationships with Walsh. Walsh is a separate community that would have had a separate contract just like Light Farms had its separate contract.

THE COURT: Okay. Well, let me ask you this. How would this squarely -- if you're in the Fifth Circuit, how's this squarely before me? How are claims involving the Walsh

development connected to the case that I'm going to give the jury?

MR. FRICK: Because ADT's interference with the PCR development is what killed the deal between Premier and Republic over at the Walsh property.

THE COURT: Okay. Well, I think that's its own lawsuit, so I'm going to grant that.

Okay. ADT's motion in limine to exclude extrinsic evidence related to the bulk-monitoring agreement. Talk to me about that, ADT.

MR. EBLEN: Yes, Your Honor. This is another contract interpretation issue related to the -- kind of base-monitoring agreement. In short, there's a merger and integration clause, Paragraph 19, in the contract in front of Your Honor. And from deposition testimony and otherwise, we believe Mr. Griffith is going to try and testify that despite the clear terms of the agreement, which after the 10th installation set a three-year term that was renewable if it wasn't canceled within 60 days. Which the cancellation -- it's admitted -- happened here.

We anticipate him testifying that even though the contract says this, I had an understanding with a gentleman from Republic that this was going to be a contract in perpetuity or a lifelong contract, something that deviates substantially from the unambiguous duration of terms of the

contract.

And under clear contract law, he should not be allowed to do that given the clarity of the -- the contract terms.

THE COURT: Response.

MR. FRICK: Yes, Your Honor. I think I briefed this pretty thoroughly in my response, that even when a contract is considered to be unambiguous, and I'm not sure that's true in this case, that the Court and the jury can consider extrinsic evidence of the circumstances in which the contract was negotiated and the surrounding circumstances associated with the contract's negotiation, prior negotiations, et cetera.

All of that's going to be relevant for the jury to understand what was happening here. I don't think that -- you know, no one's going to come in and say, This security system agreement was for a ten-year initial term. No one's going to come in here and say, This security system was for a 20-year initial term.

What's -- they're going to come in here and say was, This security system grew out of a bid proposal pursuant to which certain things were represented. It was represented that we were going to install alarms in every home in the development. It was represented that we were going to be paid 100 percent. There would be no attrition.

It was represented that the agreement would automatically renew unless a party canceled it.

So all of the evidence surrounding what this contract was intended to do, how this contract interacts with the individual customer's contracts, how it interacts with the bid proposal are admissible and important for the jury and the Court to be able to understand what these terms mean and why they were put in this contract.

This is not a simple note or anything like that. There are -- there are interplays between a variety of signed documents in this case.

And so these extrinsic circumstances are going to come into -- are going to need to come in so the Court understands what this means.

THE COURT: Okay. Thank you.

Response. Any last words?

MR. EBLEN: Yeah, I think some of the argument that was just made just illustrates additional problems with this type of testimony. We're talking about a contract that didn't involve ADT, that involved Republic. We're talking about 2012, so four years before ADT's even involved and on the scene. And in essence, Premier wants to air its list of grievances regarding its negotiations and problems that it has with Republic, a totally unrelated entity. It has nothing to do with this lawsuit. When the duration term of

the contract is clear, contract law on its own says he shouldn't be able to try to advocate that he thought he was getting a longer term.

And some of these other grievances that Mr. Frick has illustrated to the Court, I think, just add further 403 concerns -- relevance and 403 concerns; that it invites confusion of the issues that takes the jury down a path of frustrations that Premier had with a totally different entity.

THE COURT: All right. Thank you both for sound argument. I'm going to deny your motion in limine.

The last one I show is the motion in limine to exclude testimony regarding unrelated lawsuits involving ADT, and I'm going to grant that.

So I think next let's talk about depo designation testimony. Let me grab that.

Were there -- I think that resolves all pending motions in limine, right?

MR. BOOS: Yes, Your Honor.

MR. FRICK: Yes, Your Honor.

THE COURT: Okay. All right. So turning now to William Urban's testimony.

MR. FRICK: Urban.

THE COURT: Pardon?

MR. FRICK: I'm talking to my paralegal.

THE COURT: Okay. Let's go off the record for just a second to get all my objections together.

(Brief pause.)

THE COURT: Okay. We are looking at Document 107, which is Plaintiff Premier's designation of deposition testimony from the trial deposition of William Urban.

And that's -- I have a list of those designations on Document 107.

Document 111 is Defendant ADT's objections to -- and counter designations to the same deposition of William Urban. And I'm going to refer to that as the trial deposition since there was an earlier deposition, too, I believe, right?

MR. FRICK: No.

THE COURT: Oh, was this the first one?

MR. FRICK: This was the only deposition of this individual.

THE COURT: Okay. For some reason, I thought there was another one. Okay.

All right. So looking at the designation, Page 524 through 614.

MR. WILLIAMS: Your Honor, if helpful --

THE COURT: I'm sorry?

MR. WILLIAMS: I'm Paul Williams. I'm going to help with this particular issue.

THE COURT: Okay. Fantastic. Why don't you come up to the podium so I can hear you.

MR. WILLIAMS: This particular section that you're looking at refers to that in limine motion you just granted relating to the other lawsuits. So, obviously, the issue of bias can be presented but not the particulars of those cases, which is the in limine you just granted.

THE COURT: Right. Well, and I was trying to think of how to chop this up. I think it would be proper to talk about him previously having served as an expert, so, like, 24 -- let me just read this for the record starting with Line 24, Page 5.

Question: Have you ever previously served as an expert witness before?

Page 6, Line 1. Yes, I have.

Line 2. On approximately how many matters?

Line 3. Answer: Four or five previous cases.

4. And have you ever given testimony under oath as an expert witness like you're doing right now?

Line 6. Answer: Yes. I've given four or five depositions and testified once at trial.

I think that much is fine.

MR. WILLIAMS: I agree. And we propose to cut it off.

THE COURT: And the rest I think falls into other

lawsuits.

MR. WILLIAMS: I agree.

THE COURT: Okay. That'll be my ruling on what's allowable. What's allowable is 524 through 5 -- through 6 -- Page 6, Line 7.

MR. FRICK: Your Honor, I think I should also be able to include: So you appeared on behalf of ADT as ADT's expert witness.

THE COURT: No, because that'll -- that -- I'm not allowing that in because that means clearly that -- there's no way they won't think that's connected to another lawsuit. Because it -- clearly, I mean, if he's testifying here and it's not his first time testifying, if I chop it at --

MR. FRICK: Your Honor, I --

THE COURT: Let me finish and then you can talk.

If I chop it at Number 7, we know that he's given four or five depositions and testified once at trial, we'll know whose trial that was. If I allow more, then it's clear that he's testified for ADT, which would mean that now the jury will know ADT has other lawsuits, which I think falls into 403. But I'm welcome to hear you.

MR. FRICK: Your Honor, respectfully, that's the whole point of impeaching the expert witness for bias, not that he's testified as an expert in other lawsuits before, but that every single lawsuit in which he's ever testified as

an expert, he's testified as an expert for ADT.

And the authorities that I provided to you clearly show that where an expert witness has testified for a particular party on a recurring basis, it shows his bias because he wouldn't have an interest in not being honest in his testimony out of fear that he wouldn't be hired by the one client that's ever hired him to give expert testimony before.

THE COURT: Well, what evidence do you have? I mean, why would I let you ask that of the -- you can ask the witness about how much he's paid in this case, but, I mean, what evidence do you have, hypothetically, if I let it in, that because he's testified for them before, he's not going to testify honestly because he is afraid he won't get -- keep his job as an expert? I mean, isn't that just you speculating? Do we know that?

MR. FRICK: Do we know that? I can't say we know whether someone is being honest or not. I don't think that that is something that anyone could ever know. But that's why the Fifth Circuit says I can ask him about his prior experiences as an expert witness to demonstrate that he testified in cases that have very close facts to this case, where ADT was alleging that a competitor of theirs lied to their customers and persuaded them to come in.

THE COURT: Well, let me clear this up for you. I

get that bias is relevant. But in the rock, paper, scissors of rulings I'm going to give, bias is less than 403, 404. So I'm going to allow you to ask him about having testified previously, just not to ADT lawsuits. So that's my ruling.

Okay. Next thing. Okay. 27:17 to 28:13. And objection to this is duplicative and asked and answered. Let me take a look at this again.

MR. WILLIAMS: Your Honor, again, if helpful, we had presented direct designations.

THE COURT: Yes.

MR. WILLIAMS: We specifically did not include this section just because it was a rehash of the conversation on the previous two pages of testimony. If he wants it in, that's fine. In our view, it's rehash, and that's why we tried to streamline it and not add and include extra duplicative information for the jury.

THE COURT: Okay. Well, I find it's a proper designation. It is a little asked and answered, but I'll let it in. So I will overrule ADT's objection to 27:17 through 28:13.

So I have 28:15, 29:3. Is that also part of that duplicative asked and answered, because I don't see an objection on Document 111 for that testimony?

MR. WILLIAMS: Looks like that was intended to be, Your Honor, an additional counterdesignation or reply

designation.

THE COURT: Oh, okay. Got you.

MR. FRICK: I think it's just the answer to the question that ends at 28:13.

THE COURT: Okay.

MR. FRICK: So 28:15 to 29:3 is the continuation of that -- of testimony.

THE COURT: Got you. I -- got you. I'm sorry. I'm looking at the wrong -- these are the counters. Okay. Got it.

This one doesn't have an objection to it then, right?

MR. WILLIAMS: Right. I think we just had a clerical error here. That should have been identified as a further reply designation.

THE COURT: Okay. No problem.

MR. WILLIAMS: Completing a Q-and-A sequence.

THE COURT: All right. So let's turn to Page 37. And thank you for providing me the whole depo. That's so much easier than excerpts.

MR. BOOS: The thanks belongs to Mrs. Koronis, Your Honor.

THE COURT: You rock, girl.

37:24.

MR. WILLIAMS: Your Honor, in this line --

THE COURT: Yes.

MR. WILLIAMS: -- it's actually only Lines 15, 16, 17 on Page 39 that is the objection.

So as you're reading this introductory sequence by Mr. Frick's question to Mr. Urban, it's at the tail end, Page 39, Lines 15, 16 and 17, where he's, again, inquiring about those same DSP cases that Your Honor has already granted the in limine for.

THE COURT: Okay. Got you.

MR. WILLIAMS: So we're just asking that 15, 16 and 17 be precluded.

THE COURT: Okay. Okay. Let me look at this a little bit more.

(Off-the-record discussion.)

THE COURT: I'm looking at the counterdesignation by Premier, 37:24 to 39:17. And the objected to testimony is 39:15 through 17.

MR. WILLIAMS: I'd actually like to start that at Line 7, Your Honor, Line 7 through 17, because that picks up the conversation we just had about those DSP cases.

THE COURT: Well, and that's just exactly where I put my hash mark.

MR. WILLIAMS: Me too.

THE COURT: Page 39, 7 through 17.

Plaintiff, what say you on this?

MR. FRICK: Your Honor, I still believe that is an appropriate method of cross-examining an expert, showing that his only prior expert testimony has been in cases for ADT. I think the jury has a right to consider that when they weigh his testimony and decide who is telling the truth in this case.

THE COURT: Okay. Well, I note your objection for the record. And I -- I overrule it. I'm going to kick out 7 through 17.

MR. WILLIAMS: Thank you.

THE COURT: Okay. So we have two more counterdesignations, no objections, and it looks like the last one we have to deal with is 44.4. And, actually, let me back up. I don't know that you lodged an objection to that, so I withdraw my ruling.

MR. WILLIAMS: As to 7 to 17 would be the objection.

THE COURT: Yeah. I'm talking about -- yeah, the -- your objections, yes. Okay. Never mind. I did it right.

Objection -- so your objection's sustained. I'm just trying to keep track of who did what.

MR. WILLIAMS: Right. Understood.

THE COURT: Sustained as to --

MR. WILLIAMS: Page 39, Line 7 through 17.

THE COURT: That's right. Yes.

Last one is Page 44:4 to 45:22.

Let's go off the record for a second while I reread this.

(Brief pause.)

THE COURT: Okay. And I see that what you're trying to kick out is everything that we covered with the motion in limine.

MR. WILLIAMS: That's right. Related to the homebuilders and the Walsh development, all of which you've kicked.

THE COURT: Okay. I'm going to grant that. So that's out. That -- that depo clip should end at 45:9.

Okay. Let's see. And I've got a hard stop at noon. I've got a lunch appointment I've got to go to. I don't think we'll be done but -- we're off the record, right?

(Off-the-record discussion.)

THE COURT: Okay. So talk to me about your objections, and then I'll hear from the other side.

MR. WILLIAMS: Sure thing.

THE COURT: I see you've got outside the scope of Urban's expert opinions, outside the scope of ADT's direct exam, 401, 403, witness has no personal knowledge.

MR. WILLIAMS: The color I would add to this inquiry, and you'll see a theme as we continue on here, is

asking a finance person a lot of technical questions about things about which he does not know, to which he answers, I do not know, or subject matter that is outside the scope of what he was presented for. I recall this is not a discovery deposition, but a trial testimony deposition. And the scope of the direct kind of defines what arguably I would anticipate would be the scope of the cross, the subject matter that's being proffered for, and the cross-examination of that opinion based on that subject matter.

This is going off on a lark and a whole bunch of things about which Mr. Urban does not know, did not do, was not asked to do and was not presented for, and you get a whole lot of gobbledygook-I-don't-know answers. That doesn't demonstrate anything helpful for the jury. And yet takes an unfair crack at an expert in a subject matter area that is not his area of expertise.

THE COURT: I'll tell you what would help me in making an intelligent ruling on this, if at lunch time, you can pull up the depo notice and give me a copy of what he was noticed up for so I can see what topics were fair games and what topics weren't.

MR. FRICK: There's no topics in the notice.

THE COURT: There's none?

MR. WILLIAMS: This is an expert trial preservation testimony deposition we took just a week or so ago because he

was unavailable and will not able to be here at trial.

THE COURT: I forgot about that. Okay.

MR. WILLIAMS: So he's an offered expert on damages issues and rebuttal to damage evidence that may be offered and may be rebuttaled [sic], depending on what comes in at trial. So I'm not sure it would be helpful.

THE COURT: Got you. Okay. Off the record.

(Off-the-record discussion.)

THE COURT: He was just called up for damages. Let me look at this and think about this over lunch.

MR. WILLIAMS: Sure. And, again, you'll see the theme. You'll see a theme coming up, just to advertise as to what you may take a peek at over lunch, is a whole bunch of the issues that you've already ruled on in the limines. So I will work on over lunch trying to flag for you those areas, that we maybe streamline it when we come back.

THE COURT: Fantastic. And as I've been doing, I'll hear from both sides before I decide something unless it's something I feel so strongly about, I don't need argument.

Okay. Well, can everybody be back by, like, 1:15? Is that good? Give everybody enough time.

(Lunch recess.)

THE COURT: Back on the record.

This is the continuation of Premier Electronics

LLC, Plaintiff, versus ADT LLC, Defendant. Case Number 3:18-CV-2036.

We are resuming after a lunch break our pretrial hearing.

What say you, Plaintiff?

MR. FRICK: Your Honor, during the session just before lunch, the Court advised us of certain facts and proffered a recusal based upon her prior service. The first opportunity, obviously, to visit with my client concerning that was the lunch break. On behalf of Premier Electronics, we accept the proffer of recusal.

THE COURT: You do? Okay. All right. Well, I just need to -- let's see.

Erica, can you enter an order?

Okay. Now, what will happen is you will be assigned to -- I'm not sure who.

MR. FRICK: Okay.

THE COURT: Yeah. And I -- I guess they'll put you back in the queue.

I'll tell you what. As soon as I find out who the judge is, I'll call them and tell them that we have everything kind of in the can and ready to go.

MR. FRICK: Okay.

THE COURT: And so -- how long will it take to do the order?

(Off-the-record discussion.)

THE COURT: Before lunch, I disclosed to the parties that I had previously served as commissioner of the Texas Department of Public Safety for approximately six years. And one of the many jobs of the Texas Department of Public Safety is to oversee security alarm systems and such.

And so I let the parties know that I had been a commissioner in the past. I didn't think it would affect my judgment, but I offered to recuse myself if either side had any concerns about that.

And so after consultation with client, plaintiff's counsel has asked me to refer this to another judge, which I do wholeheartedly with good heart and cheer. And I can't think of anything else we need to put on the record.

Think we got it.

Is that your understanding, Plaintiff?

MR. FRICK: Yes, Your Honor.

THE COURT: All right. Defense?

MR. BOOS: Yes, Your Honor.

MR. EBLEN: Yes, Your Honor.

THE COURT: Okay. Off the record.

(Off-the-record discussion.)

I, BROOKE N. BARR, United States Court Reporter for the United States District Court in and for the Northern District of Texas, Dallas Division, hereby certify that the above and foregoing contains a true and correct transcription of all proceedings in the above-styled and -numbered cause.

WITNESS MY OFFICIAL HAND this the 9th day of July, 2021.

/S/ BROOKE N. BARR
BROOKE N. BARR, CSR NO. 6521
CSR Expiration Date: 12/31/21
United States Court Reporter
1100 Commerce Street
Room 1376
Dallas, Texas 75252
(214) 753-2661

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**1100 COMMERCE STREET**
**DALLAS, TEXAS 75242**

**ADA BROWN** **214/753-2360 Chambers**
**U.S. District Judge** **214/753-2660 Facsimile**

June 7, 2021

Karen Mitchell
Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

Re: 3:18-cv-2036-E; *Premier Electronics, LLC v. ADT, LLC*

Dear Ms. Mitchell:

I hereby voluntarily recuse myself from the above styled and numbered case. No motion to recuse has been filed. I volunteered to recuse myself based on my past position as Commissioner for the Texas Department of Public Safety (DPS). I was the liaison for the board which regulates the private security profession in Texas. The private security profession DPS monitors includes armed and unarmed security guards, personal protection officers, private investigators, alarm systems installers and monitors, armored car couriers, electronic access control device installers, and locksmiths. DPS regulates the private security profession under the authority of the Texas Occupations Code, Chapter 1702 and the related administrative rules. Because this case involves alarm systems, and to avoid the appearance of impropriety, I hereby recuse myself from presiding over this case.

Please see that it is assigned to another judge per the usual procedure.

Sincerely,

Ada Brown
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PREMIER ELECTRONICS, L.L.C, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-cv-2036-L |
| | ) | |
| ADT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR TELEPHONIC STATUS CONFERENCE**

Plaintiff Premier Electronics, LLC and Defendant ADT LLC (collectively, the "Parties"), pursuant to Federal Rule of Civil Procedure 16(a), respectfully move this Court to convene a telephonic status conference to address rescheduling of trial in this matter, and in support state as follows:

1. Pursuant to this Court's Electronic Order Granting the Parties' Joint Motion to Continue Trial Due to COVID-19 Concerns [ECF No. 77], the Court set trial for the three-week docket beginning June 8, 2021, with the pretrial conference to be held on June 7, 2021.

2. On June 7, the Parties attended the pretrial conference, during which Judge Brown recused herself from this matter due to her past position as Commissioner for the Texas Department of Public Safety.[1] *See* Letter of Recusal [ECF No. 119].

3. This matter was subsequently reassigned to the Honorable Judge Sam Lindsay. *See* Court Request for Recusal [ECF No. 118].

[1] The Department of Public Safety oversees the board that regulates the private security profession in Texas. ADT and Premier are competitors in the residential security monitoring industry.

4. In light of this matter's reassignment to Judge Lindsay, the Parties respectfully request a brief telephonic status conference to discuss resetting trial in this matter.

5. The Parties' trial counsel have a number of trial settings and other court-mandated events calendared for the remainder of this year and into next year, and the Parties believe that a telephonic status conference to discuss these scheduling conflicts would aid this Court's rescheduling of trial in this matter.

6. Federal Rule of Civil Procedure 16(a) provides that a court may, in its discretion, direct the parties to appear before it in order to expedite disposition of an action.

7. Accordingly, the Parties respectfully request this Court convene a telephonic status conference at its convenience to address the scheduling of trial, as well as any other trial-specific protocols this Court may require of the Parties to facilitate an orderly and efficient resolution of this matter.

Dated: June 15, 2021

Respectfully submitted,

*/s/ John M. Frick*
John M. Frick
Texas Bar No. 07455200
BENNETT, WESTON, LAJONE & TURNER, P.C.
1603 LBJ Freeway, Suite 280
Dallas, Texas 75234
Telephone: 972-662-4901
Facsimile: 972-393-4043
jfrick@bennettweston.com

***Attorney for Plaintiff Premier Electronics LLC***

*/s/ Eric S. Boos*
Eric S. Boos (*pro hac vice*)
SHOOK, HARDY & BACON LLP
Citigroup Center
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Telephone: 305-358-5171
Facsimile: 305-358-7470
eboos@shb.com

Norma N. Bennett
Texas Bar No. 24028492
JPMorgan Chase Tower
600 Travis Street
Suite 3400
Houston, TX 77002-2926

Telephone: 713-546-5649
Facsimile: 713-227-9508
nbennett@shb.com

Paul A. Williams (*pro hac vice*)
Charles C. Eblen (*pro hac vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
pwilliams@shb.com
ceblen@shb.com

***Attorneys for Defendant ADT LLC***

# United States District Court

NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
DALLAS, TX 75242

ADA BROWN
U.S. DISTRICT JUDGE

CHAMBERS: 214-753-2360
FAX: 214-753-2660

November 12, 2019

Karen Mitchell
Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

Re: 3:17-cv-02977-E United States of America et al v. Medoc Health Services LLC et al

Dear Ms. Mitchell:

I hereby recuse myself from the above styled and numbered cause. Please see that it is assigned to another judge per the usual procedure.

Sincerely,

Ada Brown
UNITED STATES DISTRICT JUDGE

AEB:cat

United States District Court
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
DALLAS, TX 75242

ADA BROWN
U.S. DISTRICT JUDGE

CHAMBERS: 214-753-2360
FAX: 214-753-2660

May 16, 2022

Karen Mitchell
Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

Re: 3:17-CV-243-E-BT United Healthcare Services Inc. et al v. Next Health LLC et al; 3:20-CV-301 United Healthcare Services Inc. et al v. Synergen Health LLC et al; and 3:21-CV-01547-E United Healthcare Services Inc. et al v. Rossel et al.

Dear Ms. Mitchell:

I hereby recuse myself from the above styled and numbered causes. Please see that it is assigned to another judge per the usual procedure.

Sincerely,

Ada Brown
UNITED STATES DISTRICT JUDGE

United States District Court
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
DALLAS, TX 75242

ADA BROWN
U.S. DISTRICT JUDGE

CHAMBERS: 214-753-2360
FAX: 214-753-2660

May 24, 2022

Karen Mitchell
Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

Re: 3:20-cv-00832-E Sanchez et al v. Dallas County Sheriff et al

Dear Ms. Mitchell:

I hereby recuse myself from the above styled and numbered cause. Please see that it is assigned to another judge per the usual procedure.

Sincerely,

ADA BROWN
UNITED STATES DISTRICT JUDGE

AEB:cat

United States District Court
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
DALLAS, TX 75242

ADA BROWN
U.S. DISTRICT JUDGE

CHAMBERS: 214-753-2360
FAX: 214-753-2660

July 21, 2025

Karen Mitchell
Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

Re: DatRec, LLC v. UKG, Inc. #3:25-cv-01886-E

Dear Ms. Mitchell:

I hereby recuse myself from the above styled and numbered cause. Please see that it is assigned to another judge per the usual procedure.

Sincerely,

Ada Brown

ADA BROWN
UNITED STATES DISTRICT JUDGE

AEB:cat